**COPY**

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SCOTT D. WIENER, State Bar #189266
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4283
6  Facsimile:    (415) 554-3837

7  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO

8

9                UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11  CHERYL COTTERILL,                    Case No.

12              Plaintiff,               **NOTICE OF REMOVAL OF ACTION
                                         UNDER 28 U.S.C. § 1441(b) (FEDERAL
13       vs.                             QUESTION JURISDICTION) BY
                                         DEFENDANT CITY AND COUNTY OF
14  CITY AND COUNTY OF SAN               SAN FRANCISCO [28 U.S.C. §§ 1441,
    FRANCISCO, MATHEW MASON,             1446]**
15  HUGH HALL, GREGORY HICKS,
    LEON LOEW, HEATHER FONG,             **DEMAND FOR JURY TRIAL**
16  MITCHELL KATZ, REGENTS OF THE
    UNIVERSITY OF CALIFORNIA, PAUL
17  DAVIES, GAVIN NEWSOM, JOHN
    CRUDO, ANNE BRAUN, ESTER
18  CHOO, TRUDY SINGZON, JESSICA
    FOGLER, REGINA GRAHAM, TAMAR
19  SEIVER, FREDERICK HUANG,
    HURBERT OCHITILL, RICK PATEL,
20  ALICIA F. LIEBERMAN, MARK
    LEARY, ROBERT OKIN, ROBERT
21  DYNES AND DOES 1 TO 30,

22              Defendants.

23

24

25

26

27

28

1    TO THE CLERK OF THE ABOVE COURT AND TO PLAINTIFF AND HER COUNSEL

2   OF RECORD:  NOTICE IS HEREBY GIVEN that the City and County of San Francisco, named as

3   defendant in the above-captioned action, No. 470-461 in the files and records of the Superior Court of

4   California for the County of San Francisco, hereby removes said action to the United States District

5   Court for the Northern District of California, pursuant to 28 U.S.C. sections 1441 and 1446, and is

6   filing in said Superior Court a Notice of Removal.

7        Defendant City and County of San Francisco pursuant to 28 U.S.C. §§1441 and 1446,

8   presents the following facts to the Judges of the United States District Court for the Northern District

9   of California:

10        A civil action bearing the above-caption was commenced in the Superior Court of California

11   for the City and County of San Francisco, Case No. 470-461 and is pending therein.  The complaint

12   was provided to the City and County of San Francisco on April 11, 2008.  The complaint includes a

13   claim for alleged violation of Plaintiff's federal constitutional rights under 42 U.S.C. section 1983.

14        This action is one that may properly be removed to this Court pursuant to 28 U.S.C. sections

15   1441(a) and (b), because the complaint alleges a violation of Plaintiff's federal constitutional rights."

16        To the extent that plaintiff's complaint alleges a claim or cause of action other than violation

17   of rights under the laws of the United States, said causes of action may be removed and adjudicated

18   by this Court pursuant to 28 U.S.C. §1441(c).

19        Pursuant to 28 U.S.C. §1446(b), copies of the process, pleadings and other orders served upon

20   defendant in this action are attached as Exhibit A.  Defendant's answer and related documents are

21   attached as Exhibit B.

22        WHEREFORE, defendant prays that the above action now pending in the Superior Court of

23   California for the County of San Francisco be removed in its entirety to this Court for all further

24   proceedings.

25

26

27

28

## DEMAND FOR JURY TRIAL

Defendant City and County of San Francisco demands a trial by jury in this action.

Dated: May 2, 2008

                     DENNIS J. HERRERA
                     City Attorney
                     JOANNE HOEPER
                     Chief Trial Deputy
                     SCOTT D. WIENER
                     Deputy City Attorney

By:  _____
                     SCOTT D. WIENER
                     Attorneys for Defendants
                     CITY AND COUNTY OF SAN FRANCISCO

**EXHIBIT  A**

1  Gregory M. Haynes, Esq.
2  SBN: 111574
3  2443 Fillmore, #194
   San Francisco, CA 94115
4   (415) 546-0777

5  Attorney for Plaintiff
6  Cheryl Cotterill

7

8       SUPERIOR COURT OF THE STATE OF CALIFORNIA
9          CITY AND COUNTY OF SAN FRANCISCO

10                            Second Amended Complaint
11 Cheryl Cotterill,          ACTION NO.: 470461
        Plaintiff,
12                            Violation of 42 Section
13                            1983 Unreasonable
                              Seizure; Excessive
14 v.                        Force; Supervisory
                              Liability; Monell;
15 City and County of        Battery; False Arrest/
16 San Francisco,            Imprisonment; Intentional
   Mathew Mason, Hugh Hall,   and Negligent Infliction
17 Gregory Hicks, Leon Loew,  of Emotional Distress;
18 Heather Fong, Mitchell Katz, Violation of Section
   Regents of the University of  5259.1 of the Welfare
19 California, Paul Davies,    and Institution Code;
20 Gavin Newsom, John Crudo,  Violation of
   Anne Braun, Ester Choo,    Sections 51-52.1 of the
21 Trudy Singzon, Jessica Fogler, Civil Code; Injunctive
22 Regina Graham, Tamar Seiver,  and Declaratory Relief
23 Frederick Huang, Hurbert
   Ochitill, Rick Patel, Alicia F.
24 Lieberman, Mark Leary, Robert Okin,
25 Robert Dynes and Does 1 to 30,
                Defendants        /
26 ─────────────────────────────────
27

28

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

APR 0 3 2008

GORDON PARK-LI, Clerk
BY: CAROLYN BALISTRERI
                    Deputy Clerk

I

    Plaintiff in this matter is Cheryl Cotterill, who complains of defendants and each of them as follows:

II

    Defendants Mathew Mason, Hugh Hall, Paul Davies, John Crudo, Leon Loew and Gregory Hicks were all employees of the City and County of San Francisco and were police officers at all times herein mentioned and were acting under color of law.  Defendant Heather Fong was the Chief of Police of the City and County of San Francisco, an employee of the City and County of San Francisco and was acting  under color of law at all times herein mentioned. Defendant Gavin Newsom was the Mayor of the City and County of San Francisco, an employee of the City and County of San Francisco and was acting under color of law at all times herein mentioned.

    Defendants Regina Graham, Tamar Seiver, Frederick Huang, Hurbert Ochitill, Anne Braun, Trudy Singzon, Alicia F. Lieberman, Jessica Fogler, Rick Patel, Mark Leary, Robert Okin, Robert Dynes and Mitchell Katz were all employees or agents of   Defendant City and County of San Francisco and/or defendant Regents of the University of California and were acting under color of law at all times herein mentioned.

    Plaintiff is unaware of the true names of does 1 to 30 and therefore sues such person by such fictitious

2

names.   Upon learning the true names of such persons, plaintiff will so name such defendants.

Defendant City and County of San Francisco is a public entity.   Regents of the University of California is an entity that is authorized to operate in California.   Each party was acting as the agent for the other.   Plaintiff has complied with the claims statute.

III

On or about July 30, 2006, defendant police officers Mason, Hall, Davies, Crudo, Loew and Hicks went to the apartment of plaintiff.   Defendants had been to the apartment of plaintiff earlier on July 30, 2006 in response to a complaint concerning noise from a window being broken at the apartment of plaintiff.

At the earlier visit to the apartment, the officers found the door unlocked and broken glass on the floor.   Plaintiff was not in the apartment.   They inquired about her condition from  her mother who was a tenant in another apartment in the building.   She advised them that plaintiff had taken her dog for a walk and that she did not appear to be a danger to herself.

Later that evening the defendant police officers returned.   The officers indicated that they were upset that they had returned to the apartment and that they had better things to do.   They demanded that

1  plaintiff's mother open the door to the apartment
2  building.  Once in the apartment building, they rushed
3  to the apartment door of the plaintiff.

4       After the officers knocked on the door of
5  plaintiff's apartment, plaintiff opened the door.  The
6  officers immediately rushed in pushing plaintiff back
7  from the door.  Plaintiff objected to the officers
8  entering the apartment, but the officers entered over
9  her objection and restrained her.

10      The plaintiff, overwhelmed, surprised and shocked
11 at the aggressive conduct of the officers, did not
12 resist the officers once they forced themselves in her
13 apartment.

14      Plaintiff's mother who came to the apartment due
15 to the unreasonable conduct of the officers was also in
16 shock at the unreasonable conduct of the officers.  The
17 officers were angry and agitated.

18      Without inquiring about her state of mind or
19 condition, or allowing her to obtain personal items or
20 explaining to her why they were detaining her, the
21 officers detained her and took her into custody under
22 section 5150 of the California Health and Welfare.

23      The officers also unreasonably searched her
24 apartment.

25      The police report regarding this incident is dated
26 **July 30, 2006 at 8:09 p.m.**

27      She was transported to the San Francisco General
28 Hospital, Psychiatric Emergency Services (hereinafter

referred to as PES).  Defendant Mason was at least one
of the officers who so transported her. At PES, she was
asked if she wanted to harm herself and she advised
that she did not want, intend or desire to harm
herself.

The officers then escorted her to another area of
the hospital where Officer Mason and at least one other
officer restrained her to a gurney and left the
hospital, which appears to be the emergency department
of the hospital.  Her wrist and ankles were bound to
the gurney.

Officer Mason states in his application for a 5150
hold, among other things:    that plaintiff was a danger
to herself and/or was unable to take care of herself,
because she broke out the widows of her apartment prior
to his first arrival at the apartment; that when he
arrived at the door to the apartment she screamed at
him to stay out of her apartment and subsequently
refused to talk to him, and went into a "catatonic
state"  The time indicated on the application is
**8:55p.m. on July 30, 2006.**

IV

Sometime after she advised    PES that she was not
a threat to herself and was thereafter taken to a
different part of San Francisco General Hospital and
restrained on the gurney, she was interviewed by the
medical staff of San Francisco General Hospital in the
Emergency Department.

A medical screening record dated 7/30/06 at **approximately 9:09 states that she arrived in the Emergency Department by stretcher and she had been refused at PES and was a 5150 hold.**

The Emergency Department notes indicate that she advised the medical staff  that she had broken the window because she was upset because  she had lost information on a computer.  The medical staff's notes indicate that she is not suicidal and she is not hallucinating.  The medical note also states that plaintiff reports "having anxiety attack."  The medical records indicate that plaintiff has  attention deficit/hyperactivity disorder.

The plaintiff did not consent to treatment at the emergency department and did not sign a consent from for treatment or consent.

The record also indicates she had a rapid heart beat.  She was given medication and  treated without consent.  The process of treatment was also embarrassing.

She was treated and detained in the emergency by Dr. Anne Braun and Dr. Esther Choo as well as others.

On or about July 31, 2006 the plaintiff was admitted to and detained in the department of Family and Community medicine, without her consent and against her will.  The doctors treating and detaining her included Doctors Trudy Singzon and Jessica Fogler.

On or about, July 31, 2006 at approximately **5:45**

6

**p.m.** defendant Dr. Regina Graham, a resident, stated in the medical records that defendant Graham was not able to evaluate plaintiff's mental status and suicide risk due to the muteness of the plaintiff.

Defendant Graham   states   that the 5150 hold would expire on July 31, 2006, and therefore **Graham decided on July 31, 2006 to hold plaintiff  under California Welfare and Institution Code  section 5250 (hereinafter referred to as 5250) for up to 14 days, to allow for greater time to evaluate and treat any mental disorder that plaintiff may have.**

**She signed a notice of certification stating that plaintiff was a danger to herself as a result of mental disorder. She states that facts which support this finding are that 1) she broke windows in her apartment; 2) was screaming to self; 3) refused to speak with PES staff or psychiatric consulting service to further evaluate her mental status.**

**Defendant Alicia F. Lieberman also signed the notice of certification.**

On or about August 1, 2006, Dr. Fogler states that plaintiff vitals are normal and that psychiatry will perform a full consult on August 1, 2006.   She notes that plaintiff is on a 5250 hold.

On or about August 2, 2006, defendant Dr. Fogler states that the department of psychiatry will accept plaintiff once they have a room for her and that psychiatry is unable to do a full consult.

7

Also on August 2, 2006 there is a note that plaintiff attempted to leave the ward and was escorted back by security.

On or about August 3, 2006, Dr. Fogler notes that psychiatry will take her on when they have a bed.

On or about August 4, 2006 Dr. Fogler notes that they are still waiting for a bed in psychiatry.  She also notes that the plaintiff is very "unsatisfied with the care" she is receiving.  Dr. Fogler states she will talk to risk management.

Later on August 4, 2006, Dr. Fogler state that a bed became available and she discharged plaintiff to psychiatry.  Plaintiff was admitted into the department of psychiatric unit of San Francisco General Hospital on August 4, 2006. An order so admitting plaintiff dated August 4, 2006, indicates that plaintiff is on a 5250 hold, due to being **gravely disabled,** singed by Dr.  Hurbert Ochitill, a psychiatrist at 5:50p.m.

A patient admission database by the department of behavioral health nursing notes on 8-4-06 at approximately 8:00p.m.   that plaintiff is cooperative; was living at home; is independent with regard to ambulation, feeding, dressing and bladder management; her thought process is logical; her speech, appearance and behavior is within normal limits.

On August 5, 2006, Dr. Frederick Huang, a psychiatrist, states on an Initial Psychiatric

Assessment form that plaintiff requires inpatient care because **she is unorganized and unable to care for herself.**

Defendant Dr. Tamar Sevier, a psychiatrist, on August 7, 2006 states the plaintiff can be discharged from the hospital when she cooperates with the staff and no longer is a danger to self. She also notes that a hearing is set on or about August 8, 2006.

She states that plaintiff has limited judgment and is unwilling to face her problems head on.

On or about August 8, 2006, a medical record indicates that a physical examination of plaintiff is completed at approximately 11:00 a.m.

On August 8, 2006, Dr. Sevier indicates that plaintiff can be discharged from the hospital when she cooperates with the staff and is no longer a danger to her self. She also notes that if plaintiff's landlord confirms that plaintiff can return to plaintiff's apartment, she will discharge plaintiff.

An untimely hearing is had concerning plaintiff's 5250 hold on August 8, 2006.

After said hearing, plaintiff was released form the hospital against the advice of Dr. Seiver.

After a review of the medical records, defendant Dr. Mark Leary, the director of the Acute and Emergency services at San Francisco General Hospital, appears to give his approval of the care given the plaintiff while at San Francisco General Hospital. The medical records

9

also incorrectly state that plaintiff uses unlawful
street drugs when her prescription medication related
to attention deficit/hyperactivity disorder shows on
test results.

Plaintiff was at no time herein mentioned a
threat to herself, either due to wishing to do harm to
herself or being unable to care for herself, nor where
there  any facts upon which a reasonable person could
so  believe at all relevant times herein.

V.

First Cause of Action

Unreasonable Seizure in

Violation of 42 Sections 1983

Plaintiff incorporates that allegations of
paragraphs I to IV.

As a result of the unlawful conduct of defendant
arresting officers Mason, Hall, Davies, Loew, Crudo and
Hicks, and does 1 to 5, including but not limited to
the facts set forth above, plaintiff was arrested,
detained and held against her will without probable
cause, and searched her and her apartment, in violation
of her rights, including but not limited to, the fourth
and fourteenth amendments to the United States
Constitution and Section 1983 of Title 42 of the United
States Code.

As a result of the above, plaintiff
suffered damages all according to proof at trial,

including but not limited to the unlawful arrest,
unlawful search  and false imprisonment and detention,
and other wrongful acts,  from  July 30, 2006  to
August 8, 2006.


VI

Second Cause of Action

Excessive Force in

Violation of 42 Sections 1983


Plaintiff incorporates the allegations of
paragraphs I to IV.

Defendant officers Mason, Hall, Davies, Loew,
Crudo and Hicks, used excessive and unreasonably force
upon the plaintiff and unreasonably search the premises
of the plaintiff and caused  and/or are responsible for
such conduct.   Such excessive force includes but is
not limited to forcibly entering the premises of the
plaintiff, restringing  and handcuffing plaintiff at
her home and  restraining her to the gunnery at the San
Francisco Hospital and  as well as other acts of
others.

Such conduct violated plaintiff's rights,
including but not limited to, the Fourth and Fourth
teen Amendments to the United States Constitution and
Section 1983 of Title 42 of the United States Code.


As a result of the above, plaintiff suffered

1  damages all according to proof at trial.

2

3

4

5               VII

6        Third Cause of Action

7        Unreasonable Seizure in

8      Violation of 42 Section 1983

9

10       Plaintiff incorporates the allegations of

11  paragraphs I to IV.

12       Defendants Regina Graham, Tamar Seiver,

13  Hurbert Ochitill, Frederick Huang and Anne Braun, Ester

14  Choo, Trudy Singzon, Alicia F. Lieberman, Jessica

15  Fogler and does 1 to 10, unlawfully detained plaintiff

16  at San Francisco General Hospital on July 30, 2006 and

17  thereafter. Such conduct includes but is not limited to

18  the facts set forth above, detaining  her in the

19  emergency department, the order admitting her to the

20  family and community unit of the hospital,  the  5250

21  hold of July 31, 2006, the order admitting plaintiff to

22  the psychiatric department of August 4, 2006,  and the

23  order or discharge plan of  not allowing her to leave

24  and justifying her level of care of August 7, 2006

25  and on August 8, 2006, as well as on August 5, 2006 and

26  the unconsented administration of medication.

27       Defendants' conduct of detaining plaintiff was

28  without probable cause and without due process of law,

12

and was all below the standard of care for persons being detained under 5150 and 5250 and was not in accordance with law.

As a result of such conduct, plaintiff rights were violated, including but not limited to, the Fourth and Fourteenth Amendments to the United States Constitution and Section 1983 of Title 42 of the United States Code.

As a result of the above, plaintiff suffered damages all according to proof at trial.

VIII

Fourth Cause of Action

Excessive Force in

Violation of 42 Section 1983

Plaintiff incorporates the allegations of paragraphs   I to IV.   Excessive force was used upon plaintiff, includes but is not limited to, was administering medication against her wishes while being unlawfully detained at the hospital and treatment without consent.

Defendant officers knew or should have known that such conduct would occur. Defendants Anne Braun, Ester Choo, Trudy Singzon, Jessica Fogler and Regina Graham, and Alicia F. Lieberman knew or should have known such conduct would occur and approved and/or acquiesced in

1  such conduct, authorized or otherwise caused such

2  conduct.

3       Such conduct was done under color of  law,

4  including but not limited to, section 5150 of the

5  Welfare and Instruction Code and 5250 of the Welfare

6  and Institution Code.

7       As a result of such conduct and other violations

8  her rights while in the hospital, plaintiff rights were

9  violated, including but not limited to the Fourth and

10 Fourteenth Amendments to the United States Constitution

11 and Section 1983 of Title 42 of the United States Code.

12      As a result of the above, plaintiff suffered

13 damages all according to proof at trial.

14                        IX

15                Fifth Cause of Action

16                  42 SECTION 1983

17               VIOLATION UNDER MONELL

18

19      Plaintiff incorporates the allegations of

20 paragraphs I to IV.

21      Defendant City and County of San Francisco and the

22 Regents of the University of California have a policy,

23 custom or practice of unlawfully arresting  without

24 probable cause,  and/or confining  persons  in

25 violation of  and below the standard of care under

26 Welfare and Institution Code 5150 and 5250, doing  so

27 with excessive force, discriminatorily and not in

28 accordance with law.

As a result of such policy, custom or practice and the failure to train and supervise its subordinates, plaintiff has suffered violations of her rights, including but not limited to, the Fourth and Fourteenth Amendments to the United States Constitution and Section 1983 of Title 42 of the United States Code.

X

## Sixth Cause of Action
SUPERVISORY LIABILITY
42 SECTION 1983

Plaintiff incorporates the allegations of paragraphs I to IV.

Defendants Heather Fong is the Chief of Police in the City and County of San Francisco.  Robert Okin is the Chief of the Department of Psychiatry at the San Francisco General Hospital,  and Mark Leary is the Director of the Acute and Emergency Services of San Francisco General Hospital.  Mitchell Katz is the Director of the San Francisco Department of Public Health.  Defendant Gavin Newsom is the Mayor of the City and County of San Francisco.

Defendant Robert Dynes is president of the University of California whose duties including approving and supervising contracts and their implementation  between the City and County of San

15

Francisco and the Regents of the University of California and its agents regarding  the detention and treatment of  persons under 5150 and related statutes. Defendant Regents of the University of California have other such contracts with other local governments and public enmities outside of the City and County of San Francisco in connection with its medical schools at other California counties and cities, including but not limited to, San Diego, Davis, and Los Angelges.

Defendants and each of them  failed to train and supervisor their subordinates regarding the detaining, confining, and treating of such  persons under Welfare and Institution Code 5150 and 5250 and otherwise were a substantial factor in causing the constitutional violations complained of herein, including but not limited to allowing the unconstitutional and unlawful conditions regarding the detention and treatment of such persons to continue.

Further, said defendants were aware of the policy of detaining and treating persons detained under 5150 at facilities not authorized for such detention and treatment.

Each of the defendants has policy making authority and/or supervisory authority.

As a result of such failure, on July 30, 2006 plaintiff was unreasonably detained without probable cause under 5150 and was thereafter, further improperly detained and confined both  under 5150 and

5250 and treated unreasonably and unlawfully up to and including August 8, 2007.

As a result of such conduct, including but not limited to the above, plaintiff rights were violated, including but not limited to those under the Fourth and Fourteenth Amendments to the United States Constitution and Section 1983 of Title 42 of the United States Code.

As a result of such unlawful conduct, plaintiff suffered damages all according to proof at trial.

XI

Sixth Cause of Action:

Battery

Plaintiff incorporates the allegations of paragraphs I to IV.

Defendants Mathew Mason, Hall, Davies, Loew, Crudo and Hicks, as well as Defendant City and County of San Francisco as their employer, used unreasonable and excessive force upon the plaintiff.  Such conduct includes but is not limited to forcibly entering her apartment and pushing the door  such that plaintiff was hit by the door, restraining the plaintiff, placing handcuffs upon her and, upon arriving at the hospital, restraining her on a gurney.  Such conduct also includes unconsented to acts and force used by the hospital staff.

As a result of such conduct, plaintiff suffered damages all according to proof at trial.

XII

Seventh Cause of Action:

False Imprisonment/False Arrest

Plaintiff incorporates the allegations of paragraphs I to IV.

Defendants officers Mathew Mason , Hall, Davies, Crudo, Loew and Hicks, as well as  defendant City and County of San Francisco as their employer,  unlawfully and without probable cause detained the plaintiff at her home and subsequently at the San Francisco General Hospital.

Defendants Anne Braun, Ester Choo,  Trudy Singzon, Jessica Fogler  Regina Graham, Alicia F. Lieberman, Tamar Seiver, Hurbert Ochitill and Frederick Huang and does  1 to 10 and  the Regents of University of California  and the City and County of San Francisco also unlawfully detained the plaintiff in violation of law and without due process of law.  Defendants unlawfully detained plaintiff at the hospital and

admitted her to the hospital and then unlawfully
extended her detention at the hospital, all in
violation of the law and against her will.

Such detention was unreasonable and reckless
disregard for the rights of the plaintiff.

As a result of such unlawful conduct,
plaintiff suffered damages all according to proof at
trial.


XIII

Seventh Cause of Action:

Negligence:


Plaintiff incorporates the allegations of
paragraphs I to IV.

Defendant Regent of the University of California
and the City and County of San Francisco and  health
care defendants, including but not limited to Anne
Braun, Ester Choo,  Trudy Singzon, Jessica Fogler,
Regina Graham, Alicia F. Lieberman and Tamar Seiver,
Hubert Ochitill,  Frederick Huang,   provided plaintiff
medical care below the accepted medical standard of
care.  This failure included, but is not limited to,
detaining her against her will without having probable
cause to believe she was a danger to herself and/or
unable to care for herself, providing medication to her
without her consent, disclosing medical information
regarding the plaintiff against her wishes, treating

her without her consent.

As a result of such conduct, plaintiff suffered damages all according to proof.

XIV

Eighth Cause of Action:

Battery

Plaintiff incorporates the allegations of paragraphs I to IV.

Defendants Regent of the University of California and the City and County of San Francisco and health care defendants does 1 to 10 were treating plaintiff against her will and without consent at San Francisco General Hospital.  Defendants Anne Braun, Ester Choo, Trudy Singzon, Jessica Fogler, Alicia F. Lieberman, Regina Graham, wrongful conduct includes but is not limited to  providing her medication against her will and treatment without consent.

Plaintiff did not consent to such medication and treatment and specifically objected to being medicated. Such conduct was also not in accordance with law.

As a result of such unlawful conduct, the defendants committed   battery upon the plaintiff.

As a result of such conduct, plaintiff suffered damages all according to proof at trial.

XV

Ninth Cause of Action: Intentional
Infliction of Emotional Distress

Plaintiff incorporates the allegations of paragraphs I to IV.

Defendants officers Mathew Mason , Hall, Davies, Crudo, Loew and Hicks,  Regents of the University of California, the City and County of San Francisco, Anne Braun, Ester Choo,  Trudy Singzon, Jessica Fogler Regina Graham, Alicia F. Lieberman, Regina Graham, Tamar Sevier, Hurbert Ochitill and Frederick Huang and does 1 to 10  all  conduct was unreasonable. Such conduct includes but is not limited to the arresting her at her apartment, detaining her at the hospital, improperly and/or not evaluating and assessing her, falsely indicated that she used speed, administering medication to her without consent, disclosing information against her wishes, all causing her to, among other things, to be falsely imprisoned, humiliated, embarrassed and mistreated from July 30, 2006 to Aug 8, 2006.

Defendants conduct was outrageous and intentional or in reckless disregard of the probability of causing harm.

As a result of such conduct, plaintiff suffered severe emotional distress all according to proof at trial.


XVI


Tenth State Cause of Action: Negligent
Infliction of Emotional Distress


Plaintiff incorporates the allegations of paragraphs I to IV and XVI.

The conduct of the defendants and each of them was unreasonable and negligent. Said defendants are officers Mathew Mason , Hall, Davies,  Crudo, Loew and Hicks, City and County of San Francisco,   Regents of the University of California, Anne Braun, Ester Choo, Trudy Singzon, Jessica Fogler  Regina Graham, Alicia F. Lieberman,  Tamar Sevier, Hurbert Ochitill and Frederick Huang and does 1 to 10.

Such conduct includes but is not limited to the arresting her at her apartment, detaining her at the hospital, improperly and/or not evaluating and assessing her, falsely indicated that she used speed, administering medication to her without consent,

disclosing information against her wishes, all causing her to, among other things, to be falsely imprisoned, humiliated, embarrassed and mistreated from July 30, 2006 to Aug 8, 2006.

As a result of such conduct, plaintiff suffered severe emotional distress all according to proof at trial.

XVII

Eleventh Cause of Action:

Violation of Section 5259.1

Of the Welfare and Institution Code

Plaintiff incorporates the allegations of paragraphs I to IV.

Defendants Regents of the University of California, City and County of San Francisco, Regina Graham, Alicia F. Lieberman, Tamar Sevier, Hurbert Ochitill and Frederick Huang and does 1 to 10 were all involved in the detaining plaintiff in violation of section 5259.1 and related sections of the Welfare and Institution Code.

Plaintiff was detained in violation of section 5250 and related sections.  The conduct  and acts in violation of the sections include but is not limited to failing to properly evaluate plaintiff, failing to evaluate her,  finding her a danger to herself  without a proper basis and without probably cause and without a finding of a mentor disorder, not providing an

1  evaluation of plaintiff  under 5150, failing to advise
2  and explain her legal rights, not providing a hearing
3  as required by law; unlawfully detaining her under
4  5150; detaining her without first having the designated
5  facility agree to admit such person; failing to advise
6  plaintiff of need for treatment; failing to release her
7  prior to when she was released.

8  As a result of such conduct, plaintiff
9  suffered severe emotional distress all according to
10 proof at trial.

XVII

Twelfth Cause of Action:

Violation of Section 51, 52(a)

Of the Civil Code

16  Plaintiff incorporates the allegations of
17 paragraphs I to IV.

18  Defendants Mathew Mason, Hall, Davies, Crudo,
19 Loew and Hicks, Regents of the University of
20 California, the City and County of San Francisco, Anne
21 Braun, Ester Choo, Trudy Singzon, Jessica Fogler,
22 Regina Graham, Alicia F. Lieberman, Tamar Sevier,
23 Hurbert Ochitill and Frederick and does 1 to 10
24 violated the state and federal rights of the plaintiff,
25 including but not limited to those secured by both the
26 state and United States Constitutions.

27  Such rights include but are not limited to
28 unlawful detention without due process of law, equal

treatment under the law, to be free from excessive
force and reasonable seizures, discrimination based on
or actions taken on account of sex and/or disability.

As a result of such conduct, plaintiff suffered
damages all according to proof at trial, including
those damages according to Section 52(a) of the Civil
Code.

XVIII

**Thirteenth Cause of Action:**

**Violation of Section 51.7 and 52(b)**

**Of the Civil Code**

Plaintiff incorporates the allegations of
paragraphs I to IV.

Defendants Mathew Mason, Hall, Davies, Crudo,
Loew and Hicks, Regents of the University of
California, the City and County of San Francisco, Anne
Braun, Ester Choo, Trudy Singzon, Jessica Fogler,
Regina Graham, Alicia F. Lieberman, Tamar Sevier,
Hurbert Ochitill and Frederick and does 1 to 10
violated the state and federal rights of the plaintiff,
including but not limited to those secured by both the
state and United States Constitutions.  Such rights
were violated, or interfered with, through the use of,
or attempted use of, threats, intimidation or coercion.

Such rights include but are not limited to
unlawful detention without due process of law, equal
treatment under the law, to be free from excessive

25

1    force and reasonable seizures, discrimination based on

2    or actions taken on account of sex and disability

3    As a result of such conduct, plaintiff suffered damages

4    all according to proof at trial, including but not

5    limited to those damages  and civil penalty according

6    to Section 52(a)  and 52(b) of the Civil Code.

7

8                            XIX

9                  Twelfth Cause of Action:

10                 Violation of Section 52.1

11                     Of the Civil Code

12

13         Plaintiff incorporates the allegations of

14    paragraphs I to IV.

15         Defendants Mathew Mason, Hall, Davies, Crudo,

16    Loew and Hicks, Regents of the University of

17    California, the City and County of San Francisco, Anne

18    Braun, Ester Choo, Trudy Singzon, Jessica Fogler,

19    Regina Graham, Alicia F. Lieberman, Tamar Sevier,

20    Hurbert Ochitill and Frederick and does 1 to 10

21    violated the state and federal rights of the plaintiff,

22    including but not limited to those secured by both the

23    state and United States Constitutions.  Such rights

24    were violated, or interfered with, through the use of ,

25    or attempted use of , threats, intimidation or

26    coercion.

27         Such rights include but are not limited to,

28    unlawful detention without due process of law, equal

                            26

treatment under the law, to be free from excessive force and reasonable seizures, discrimination based on or actions taken on account of sex and disability.

As a result of such conduct, plaintiff suffered damages all according to proof at trial, including but not limited to those damages and civil penalty according to Section 52(a) and 52(b) of the Civil Code.

XX

Thirteenth Cause of Action:

Negligence

Plaintiff incorporates the allegations of paragraphs I to IV.

Defendant Regent of the University of California and the City and County of San Francisco, including their employees, and defendant arresting officers and defendant treating doctors were negligent.

As a result of such conduct and negligence, plaintiff suffered damages all according to proof.

XXI

Fourteenth Cause of Action:

Injunctive Relief

Plaintiff incorporates the allegations of paragraphs I to IV.

Defendant City and County of San Francisco is

municipal corporation duly organized under the law of the state of California and is empowered to enforce the state laws within its jurisdiction.

Defendants Mayor Gavin Newsom, Police Chief Fong and Director of Health, Mitchell Katz, are responsible for the enforcement of the laws within the jurisdiction of the City and County of San Francisco, including those related to the detention and treatment of person under 5150 and 5250. Defendants Rick Patel, Mark Leary, Robert Okin are also responsible for the detention and treatment such persons.

Said defendants enforce California Welfare and Institution Code 5150 by authorizing persons to detain persons under said section and to treat such persons. The treatment of such person includes treating such person at medical facilities which are not authorized under section 5150 to treat them. Specifically, when facilities which are authorized under 5150--those designated by the county and approved by the State Department of Mental Health as a facility for 72-hour treatment and evaluation-- cannot accommodate persons detained under 5150, such persons in the City and County of San Francisco are detained and treated at facilities which are not authorized under 5150.

Further, section 5150 allows for persons to be detained who are not in imminent danger of harming himself or herself or others, as the statute permits the detention of persons who are a danger, as opposed

1   to an imminent danger, to himself or herself as a

2   result of mental illness.  Section 5250 also allows

3   such treatment without regard to imminent danger.

4   Plaintiff was detained under said sections 5150 and

5   5250 without imminent danger of harming herself or

6   others and detained and treated at a facility not

7   authorized under 5150 by the arresting officers and

8   doctors at the San Francisco General Hospital as well

9   as others.  Such detention and treatment violates state

10  and federal rights, including but not limited to her

11  constitutional rights under the Fourth and Fourteenth

12  Amendments to the United States Constitution and

13  Section 1983 of Title 42 of the United States Code.

14  Unless defendants are restrained by injunction to

15  not detain under 5150 and 5250  and/or   detained and

16  treated such persons at unauthorized facilities,

17  plaintiff will continue to suffer severe, irreparable

18  harm in that plaintiff may again be unlawfully detained

19  under such sections as well as be detain and treated at

20  unauthorized facilities.  Plaintiff further request

21  that the court expunge the incident from the medical

22  records of the plaintiff at the hospital where

23  plaintiff was detained and such other records as are

24  appropriate.

25  Plaintiff has no adequate injury at law because

26  monetary damages will not afford adequate relief for

27  the unlawful and unconstitutional detention of the

28  plaintiff and deprivation of constitutional rights.

XXI

## Fifthteenth Cause of Action:
## Declaratory Relief

Plaintiff incorporates the allegations of paragraphs I
to IV and the allegations in the Fourteenth Cause of
Action.

An actual controversy has arisen and now exists
between plaintiff and defendants regarding the rights
and duties of the defendants as plaintiff contends that
practices of the defendants are unconstitutional.  The
statutes upon which the plaintiff was detained are
unconstitutional as it allows for the defendants to
detain persons, including plaintiff, without imminent
danger of harm to herself or others in violation of
state and federal law, including but not limited to the
Fourth and Fourteenth Amendments to the United States
Constitution and Section 1983 of Title 42 of the United
States Code.

Further, as applied, the defendants' practice of
detaining and treating plaintiff at facilities not
authorized by the statute also violates her rights
under state and federal law, including but not limited
to the Fourth and Fourteenth Amendments to the United
States Constitution.

Plaintiff desires a declaration as to the validity
of the California Welfare and Institution Code 5150 and

1  5250 both on its face as well as to how the defendants

2  apply such statutes in detaining and treating such

3  persons at unauthorized facilities, as well as a

4  declaration that plaintiff is not liable for the

5  medical bills and charges in connection with her

6  detention as set forth above.    Unless the court issues

7  an appropriate declaration of rights the parties will

8  not know whether the statute and policies of the

9  defendants comply with the state and federal law and

10  such unlawful practices will continue and plaintiff

11  will continue to be harmed and/or the threat of such

12  harm.

13

14  WHEREFORE, plaintiff request that this court award

15  a. Compensatory damages according to proof at trial.

16  b. Civil Penalty according to proof at trial.

17  c. Punitive damages according to proof at trial

18  d. Injunction and Declaratory Relief according to proof

19  at trial, including preliminary injunctive relief.

20  e. Attorney fees.

21  f. Such other and further relief as this Court may deem

22  proper.

23

24  DATE: March 31, 2008

25  Gregory M. Haynes
   Attorney for Plaintiff

26

27

28

31

G. HAYNES
2493 AVENUE
P.9.4
SACRAMENTO





OFFICE of the City Attorney
Dennis J. Herrera
San Francisco City Attorney
6th FLOOR
1390 MARKET STREET
SAN FRANCISCO, CA 94102

**EXHIBIT  B**

**COPY**

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SCOTT D. WIENER, State Bar #189266
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4283
6  Facsimile:    (415) 554-3837

7  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO

8

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

**MAY  1 2008**

GORDON PARK-LI, CLERK

BY: _____
          Deputy Clerk

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       COUNTY OF SAN FRANCISCO

11  CHERYL COTTERILL,                    | Case No. 470-461

12              Plaintiff,               | **ANSWER OF DEFENDANT CITY
                                         | AND COUNTY OF SAN FRANCISCO
13         vs.                           | TO PLAINTIFF'S SECOND
                                         | AMENDED COMPLAINT**
14  CITY AND COUNTY OF SAN
    FRANCISCO, MATHEW MASON,
15  HUGH HALL, GREGORY HICKS,
    LEON LOEW, HEATHER FONG,
16  MITCHELL KATZ, REGENTS OF THE
    UNIVERSITY OF CALIFORNIA, PAUL
17  DAVIES, GAVIN NEWSOM, JOHN
    CRUDO, ANNE BRAUN, ESTER
18  CHOO, TRUDY SINGZON, JESSICA
    FOGLER, REGINA GRAHAM, TAMAR
19  SEIVER, FREDERICK HUANG,
    HURBERT OCHITILL, RICK PATEL,
20  ALICIA F. LIEBERMAN, MARK
    LEARY, ROBERT OKIN, ROBERT
21  DYNES AND DOES 1 TO 30,

22              Defendants.

23

24

25

26

27

28

Answer to Complaint;
Cotterill v. CCSF, et al. – SFSC No. 470-461

n:\lit\li2008\081193\00481187.doc

1     Defendant City and County of San Francisco hereby answers plaintiff's unverified complaint

2   as follows:

3     Pursuant to California Code of Civil Procedure Section 431.30, defendant denies each and

4   every allegation contained in plaintiff's complaint.

5     Defendant denies that plaintiff has been damaged in any sum or sums, or otherwise, or at all,

6   by reason of any act or omission of defendant.

7                               **AFFIRMATIVE DEFENSES**

8                               **First Affirmative Defense**

9     The complaint fails to state facts sufficient to constitute a cause of action against this

10  answering defendant.

11                              **Second Affirmative Defense**

12    The City and County of San Francisco, a public entity, is immune from liability for exemplary

13  damages herein pursuant to the provisions of Section 818 of the California Government Code.

14                              **Third Affirmative Defense**

15    Plaintiff was comparatively negligent in and about the matters and activities alleged in the

16  complaint; said comparative negligence contributed to and was a proximate cause of plaintiff's

17  alleged injuries and damages, if any, or was the sole cause thereof; and if plaintiff is entitled to

18  recover damages against defendants by virtue of said complaint, defendants pray that the recovery be

19  diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of

20  fault attributable to the plaintiff.

21                              **Fourth Affirmative Defense**

22    Plaintiff assumed the risk of injury, and her claim is therefore barred.

23                              **Fifth Affirmative Defense**

24    The officer or officers involved at all times acted with probable cause and/or reasonable

25  suspicion and were therefore justified in detaining, arresting, restraining, and/or using force on

26  Plaintiff.

27

28

### Sixth Affirmative Defense

The officer or officers involved acted in accordance with and pursuant to §§834, 834a 835, 835a, 835, and 836.5 of the California Penal Code.

### Seventh Affirmative Defense

The officer or officers' actions were subjectively and objectively reasonable so as to entitle them to absolute or qualified immunity for any acts within the scope of their employment herein.

### Eighth Affirmative Defense

Plaintiff's complaint is barred by the doctrine of res judicata and/or collateral estoppel.

### Ninth Affirmative Defense

Defendant is immune from liability because the involved officer or officers were acting to execute or enforce the law.

### Tenth Affirmative Defense

Defendant is immune from liability because the involved officer or officers were instituting or prosecuting a judicial or administrative proceeding.

### Eleventh Affirmative Defense

Any force that the involved officer or officers used against Plaintiff was reasonable, privileged, and justified in light of the circumstances at issue and in light of plaintiff's own actions and conduct.

### Twelfth Affirmative Defense

Plaintiff knowingly, voluntarily and/or willingly consented to the use of force upon his person.

### Thirteenth Affirmative Defense

The City is immune for an injury to any prisoner, pursuant to Government Code section 844.6.

### Thirteenth Affirmative Defense

No more force was used on plaintiff's person than was necessary to effect detention, overcome any resistance thereto, prevent escape therefrom, prevent injury to the officers, and/or to facilitate and safeguard a valid police investigation and/or arrest.

### Fourteenth Affirmative Defense

At all times mentioned in the complaint, the plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; and as a consequence, plaintiff's claim is barred.

### Fifteenth Affirmative Defense

The employees, officials and agents of defendant were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiff may have is barred by law.

### Sixteenth Affirmative Defense

The complaint is barred by the provisions and immunities of the California Tort Claims Act, without limitation:  Government Code Sections 815; 815.2; 815.3; 815.4; 815.6; 816; 818; 818.2; 818.4; 818.5; 818.6; 818.7; 818.8; 818.9; 820; 820.2; 820.21; 820.25; 820.4; 820.6; 820.8; 820.9; 821; 821.2; 821.4; 821.5; 821.6; 821.8; 822; 822.2; 823; 825; 825.4; 825.6; 827; 830; 830.1; 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.21; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835; 835.2; 835.4; 840; 840.2; 840.4; 840.6; 844; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 850.6; 850.8; 854; 854.2; 854.3; 854.4; 854.5; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; 856.6; 860; 860.2; 860.4; 862; 865; 866; 867; 895; 895.2; 895.4; 895.6; 895.8.  Under California law, these defendants are liable only pursuant to statute.

### Seventeenth Affirmative Defense

Plaintiff failed to comply with the claims requirements with respect to suits against public entities, pursuant to Government Code Sections 900-915.4, 930-951 inclusive and other applicable statutes.

### Eighteenth Affirmative Defense

Plaintiff failed to comply with the statute of limitations pursuant to California Code of Civil Procedure §340 and 342, and other applicable statutes.

### Nineteenth Affirmative Defense

Plaintiff failed to exercise reasonable care and diligence to mitigate plaintiff's alleged damages.

### Twentieth Affirmative Defense

Defendant alleges that the fault of persons other than defendant contributed to and proximately caused any occurrence described in the Complaint, and that under the principles of *American Motorcycle Ass'n v. Superior Court* (1978) 20 Cal.3d 578, the percentage of such contribution should be established by special verdict or other procedure, and that defendant's ultimate liability be reduced to the extent of such contribution.

### Twenty-First Affirmative Defense

In the event that defendant is found to be liable – which liability is specifically denied and stated merely for the purposes of this affirmative defense – such liability, if any, for non-economic damages shall be several, and not joint, pursuant to the California Fair Responsibility Act of 1986 (Proposition 51) as set forth in Section 1432 et seq of the California Civil Code.  Defendant requests that the trier of fact be instructed that the amount of non-economic damages be allocated in direct proportion to the percentage of fault, if any, assessed against each person or entity to which the Act applies and that a separate judgment be rendered against each such person or entity in the amount of such non-economic damages attributable to that person or entity.

### Twenty-Second Affirmative Defense

The provisions of the Tort Claims Act of the California Government Code as a measure of the duty of defendants.

### Twenty-Third Affirmative Defense

Any injury to Plaintiff was caused by his own resistance and not by any actions of the officers.

### Twenty-Fourth Affirmative Defense

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

1    WHEREFORE, defendant prays for judgment as follows:

2        1.    That plaintiff take nothing from Defendant by plaintiff's complaint.

3        2.    That the Court dismiss plaintiff's complaint with prejudice and enter judgment in favor

4    of Defendant;

5        3.    That the Court award Defendant its attorneys fees and costs of suit herein incurred;

6    and

7        4.    That the Court award such additional relief as the Court deems just and proper.

8

9    Dated:  May 1, 2008

10

11                                DENNIS J. HERRERA
                                  City Attorney
12                                JOANNE HOEPER
                                  Chief Trial Deputy
13                                SCOTT D. WIENER
                                  Deputy City Attorney
14

15                       By:_____
16                                SCOTT D. WIENER
                                  Attorneys for Defendants
17                                CITY AND COUNTY OF SAN FRANCISCO

18

19

20

21

22

23

24

25

26

27

28

1  **COTTERILL V. CCSF, ET AL. – SF SUPERIOR COURT NO. 470-461**

2  **PROOF OF SERVICE**

3      I, HELEN LAU, declare as follows:

4      I am a citizen of the United States, over the age of eighteen years and not a party to the within
entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building,

5  1390 Market Street, Sixth Floor, San Francisco, CA 94102.

6      On May 1, 2008, I served the attached:

7      **ANSWER OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

8  on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed
as follows:

9
Gregory M. Haynes, Esq.

10 2443 Fillmore, #194
San Francisco, CA 94115

11 Telephone:    (415) 546-0777
*Attorney for Plaintiff*

12 and served the named document in the manner indicated below:

13 ☒    **BY UNITED STATES MAIL:** Following ordinary business practices, I sealed true and correct copies of the above

14     documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States
Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and

15     processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited,
postage prepaid, with the United States Postal Service that same day.

16 ☐    **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and

17     caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A
declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.**

18 ☐    **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and

19     placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices
of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed
envelope(s) that I placed for collection would be collected by a courier the same day.

20 ☐    **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct

21     copies of the above document(s) via a facsimile machine at telephone number (415) 554-3837 to the persons and the fax
numbers listed above. The fax transmission was reported as complete and without error. The transmission report was

22     properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached or ☐ will
be filed separately with the court.**

23 ☐    **BY ELECTRONIC MAIL:** I caused a copy of such document to be transmitted *via* electronic mail in portable document
format ("PDF") Adobe Acrobat from the electronic address: helen.s.lau@sfgov.org.

24

25     I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

26     Executed May 1, 2008, at San Francisco, California.

27                                      _____

28                                      HELEN LAU

1    <u>**COTTERILL V. CCSF, ET AL. – SF SUPERIOR COURT NO. 470-461**</u>

2                           **PROOF OF SERVICE**

3         I, HELEN LAU, declare as follows:

4         I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building,

5    1390 Market Street, Sixth Floor, San Francisco, CA 94102.

6         On May 2, 2008, I served the attached:

7        **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)**
              **(FEDERAL QUESTION JURISDICTION) BY**

8        **DEFENDANT CITY AND COUNTY OF SAN FRANCISCO**
                 **[28 U.S.C. §§ 1441, 1446]**

9                **DEMAND FOR JURY TRIAL**

10   on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

11
12   Gregory M. Haynes, Esq.
    2443 Fillmore, #194

13   San Francisco, CA 94115
    Telephone:    (415) 546-0777
    *Attorney for Plaintiff*

14   and served the named document in the manner indicated below:

15
16 ☒   **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States

17   Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

18 ☐   **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and

19   caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached** or ☐ **will be filed separately with the court.**

20 ☐   **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices

21   of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

22 ☐   **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct

23   copies of the above document(s) via a facsimile machine at telephone number (415) 554-3837 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was

24   properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached** or ☐ **will be filed separately with the court.**

25         I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

26
27         Executed May 2, 2008, at San Francisco, California.

28                                               _____
                                             HELEN LAU

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CHERYL COTTERILL

## DEFENDANTS
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Francisco
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gregory M. Haynes, Esq.
2443 Fillmore, #19
San Francisco, CA 94115
Telephone: (415) 546-0777

Attorneys (If Known)
Scott D. Wiener, Esq.
San Francisco City Attorney's Office
1390 Market Street, 7th Floor
San Francisco, CA 94102

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities- Employment
- [ ] 446 Amer. w/Disabilities- Other
- [X] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motion to Vacate Sentence
**Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Plaintiff alleges causes of action under 42 U.S.C. section 1983.

Brief description of cause: Plaintiff alleges that her federal constitutional rights were violated.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
May 2, 2008

SIGNATURE OF ATTORNEY OF RECORD

Scott D. Wiener, Deputy City Attorney

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____