1 DENNIS J. HERRERA, State Bar #139669
City Attorney
2 JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
3 SCOTT D. WIENER, State Bar #189266
Deputy City Attorney
4 1390 Market Street, 7th Floor
San Francisco, California 94102-5408
5 Telephone: (415) 554-4283
Facsimile: (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
MAYOR GAVIN NEWSOM IN HIS OFFICIAL CAPACITY,
MITCHELL KATZ IN HIS OFFICIAL CAPACITY, CHIEF
HEATHER FONG IN HER OFFICIAL CAPACITY, AND
MATTHEW MASON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL COTTERILL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, MATHEW MASON, HUGH HALL, GREGORY HICKS, LEON LOEW, HEATHER FONG, MITCHELL KATZ, REGENTS OF THE UNIVERSITY OF CALIFORNIA, PAUL DAVIES, GAVIN NEWSOM, JOHN CRUDO, ANNE BRAUN, ESTER CHOO, TRUDY SINGZON, JESSICA FOGLER, REGINA GRAHAM, TAMAR SEIVER, FREDERICK HUANG, HURBERT OCHITILL, RICK PATEL, ALICIA F. LIEBERMAN, MARK LEARY, ROBERT OKIN, ROBERT DYNES AND DOES 1 TO 30,<br><br>Defendants. | Case No. CV-08-02295 JSW<br><br>**ANSWER OF DEFENDANTS MAYOR GAVIN NEWSOM (IN HIS OFFICIAL CAPACITY ONLY), MITCHELL KATZ (IN HIS OFFICIAL CAPACITY ONLY), CHIEF HEATHER FONG (IN HER OFFICIAL CAPACITY ONLY), AND MATTHEW MASON**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Mayor Gavin Newsom (in his official capacity only), Director of Public Health Mitchell Katz (in his official capacity only), Chief of Police Heather Fong (in her official capacity only), and Officer Matthew Mason (collectively, "Defendants") hereby answer Plaintiff's SECOND AMENDED COMPLAINT as follows.[1] Defendants deny all allegations of wrongdoing and all allegations giving rise to liability.

1.  Answering section "I" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants admit that Cheryl Cotterill is the plaintiff who filed this lawsuit. Defendants deny that they engaged in any wrongdoing or are liable to Plaintiff.

2.  Answering section "II" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Regarding the first paragraph, Defendants admit that each of the mentioned persons were City employees; Defendants deny the remainder of the first paragraph. Defendants lack sufficient information to admit or deny the allegations in the second and third paragraphs and therefore deny those allegations. Regarding the final paragraph, Defendants admit that the City and the Regents are public entities and denies the remaining allegations.

3.  Answering section "III" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants admit that San Francisco police officers — specifically Officers Mason and Hall and Sgt. Loew — went to Plaintiff's apartment based on a 911 call that she had been engaging in destructive behavior. Plaintiff was not there. The officers observed a broken window and items strewn about the apartment. Officers Mason and Hall returned in response to a second call and found Plaintiff. Plaintiff was acting in a bizarre manner and then went into a non-responsive state. Based on these facts, the facts obtained from the 911 call, and other facts, the officers exercised their authority under Welfare & Institutions Code section 5150 and brought Plaintiff to San Francisco General Hospital for a psychiatric hold. Except as expressly admitted, Defendants deny the allegations in this section.

---

[1] Plaintiff has not personally served Mayor Newsom, Director Katz, or Chief Fong, and accordingly, they are appearing exclusively in their official capacity. It appears that Plaintiff is only suing these defendants in their official capacity, given the lack of any allegation that they personally participated in the alleged conduct at issue.

1  4. Answering section "IV" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants admit that Plaintiff was held at San Francisco General Hospital, that the 5150 hold was converted to a 5250 hold, and that Plaintiff was ultimately released. Defendants lack sufficient information to admit or deny the specifics of this section and therefore deny those allegations.

5. Answering section "V" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in this section to the extent that the allegations relate to Defendants. Regarding the allegations that relate to the Regents and its employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

6. Answering section "VI" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in this section to the extent that the allegations relate to Defendants. Regarding the allegations that relate to the Regents and its employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

7. Answering section "VII" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in this section to the extent that the allegations relate to Defendants. Regarding the allegations that relate to the Regents and its employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

8. Answering section "VIII" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in this section to the extent that the allegations relate to Defendants. Regarding the allegations that relate to the Regents and its employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

9. Answering section "IX" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in this section to the extent that the allegations relate to Defendants. Regarding the allegations that relate to the Regents and its employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

10. Answering section "X" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in this section to the extent that the allegations relate to

Defendants. Regarding the allegations that relate to the Regents and its employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

11. Answering section "XI" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in this section to the extent that the allegations relate to Defendants. Regarding the allegations that relate to the Regents and its employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

12. Answering section "XII" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in this section to the extent that the allegations relate to Defendants. Regarding the allegations that relate to the Regents and its employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

13. Answering section "XIII" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in this section to the extent that the allegations relate to Defendants. Regarding the allegations that relate to the Regents and its employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

14. Answering section "XIV" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in this section to the extent that the allegations relate to Defendants. Regarding the allegations that relate to the Regents and its employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

15. Answering section "XV" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in this section to the extent that the allegations relate to Defendants. Regarding the allegations that relate to the Regents and its employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

16. Answering section "XVI" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in this section to the extent that the allegations relate to Defendants. Regarding the allegations that relate to the Regents and its employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

17. Answering the first section "XVII" of Plaintiff's complaint, Defendants admit, deny, and/or allege as follows: Defendants deny the allegations in this section to the extent that the

1  allegations relate to Defendants.  Regarding the allegations that relate to the Regents and its
2  employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny
3  them.

4      18.    Answering the second section "XVII" of Plaintiff's complaint, Defendants admit, deny,
5  and/or allege as follows:  Defendants deny the allegations in this section to the extent that the
6  allegations relate to Defendants.  Regarding the allegations that relate to the Regents and its
7  employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny
8  them.

9      19.    Answering section "XVIII" of Plaintiff's complaint, Defendants admit, deny, and/or
10 allege as follows:  Defendants deny the allegations in this section to the extent that the allegations
11 relate to Defendants.  Regarding the allegations that relate to the Regents and its employees,
12 Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

13     20.    Answering section "XIX" of Plaintiff's complaint, Defendants admit, deny, and/or
14 allege as follows:  Defendants deny the allegations in this section to the extent that the allegations
15 relate to Defendants.  Regarding the allegations that relate to the Regents and its employees,
16 Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

17     21.    Answering section "XX" of Plaintiff's complaint, Defendants admit, deny, and/or
18 allege as follows:  Defendants deny the allegations in this section to the extent that the allegations
19 relate to Defendants.  Regarding the allegations that relate to the Regents and its employees,
20 Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

21     22.    Answering the first section "XXI" of Plaintiff's complaint, Defendants admit, deny,
22 and/or allege as follows:  Defendants deny the allegations in this section to the extent that the
23 allegations relate to Defendants.  Regarding the allegations that relate to the Regents and its
24 employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny
25 them.

26     23.    Answering the second section "XXI" of Plaintiff's complaint, Defendants admit, deny,
27 and/or allege as follows:  Defendants deny the allegations in this section to the extent that the
28 allegations relate to Defendants.  Regarding the allegations that relate to the Regents and its

employees, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The complaint fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

(No *Monell* Liability)

The complaint fails to state a federal civil rights claim under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

### THIRD AFFIRMATIVE DEFENSE

(No *Respondeat Superior* Liability)

Defendants are not liable for any acts or omissions of its employees that occurred outside of those employees' scope of employment with the City.

### FOURTH AFFIRMATIVE DEFENSE

(Privileged and Justified Conduct)

Defendants' conduct at all times material herein was privileged and/or justified under applicable law.

### FIFTH AFFIRMATIVE DEFENSE

(Reasonable Force)

No more force was used on Plaintiff's persons than was necessary to effect detention, overcome any resistance thereto, prevent escape therefrom, prevent injury to the officers and/or to facilitate and safeguard a valid police investigation.

### SIXTH AFFIRMATIVE DEFENSE

(Probable Cause)

At all times material hereto the officers of the San Francisco Police Department named herein had reasonable and/or probable cause to detain and restrain plaintiff.  The officers further had cause to initiate a hold on Plaintiff for psychiatric evaluation.

**SEVENTH AFFIRMATIVE DEFENSE**

(Valid Law Enforcement/Prosecutorial Purpose)

All activities taken by the City's agents/employees regarding the allegations in the Complaint were undertaken for valid law enforcement and/or prosecutorial purposes.

**EIGHTH AFFIRMATIVE DEFENSE**

(Consent or Exigent Circumstances Existed)

Any and all searches or seizures of Plaintiff's property or person were legally justified as plaintiff consented and/or exigent circumstances existed. Moreover, the officers were justified in entering Plaintiff's apartment as part of their community caretaking function and in order to perform a welfare check.

**NINTH AFFIRMATIVE DEFENSE**

Defendants allege as follows:

A. That at all times mentioned in Plaintiff's complaint herein, City and County of San Francisco was and is a municipal corporation duly organized and existing by virtue of the laws of the State of California;

B. That at all times mentioned in Plaintiff's complaint herein, the City and County of San Francisco employees concerned were and are peace officers and police officers of the City and County of San Francisco; and at all times so mentioned were acting in the course and scope of their public office, service and employment;

C. That at all times mentioned in Plaintiff's complaint herein, said police officers acted in accordance with and pursuant to Sections 834, 835, 835a, 836, 836.5, 847, 849 and 849.5 of the California Penal Code;

D. That at all times mentioned in Plaintiff's complaint herein, defendants were justified in the detention, arrest and/or search of plaintiff;

E. That at all times mentioned in Plaintiff's complaint herein, Defendants were acting in good faith and/or without malice pursuant to the provisions of Section 43.55 of the California Civil Code and Sections 815, 815.2(b), 818, 810.2, 821.6, 844, 844.6 and 845.4 of the California Government Code;

F. That as a consequence of the foregoing, Defendants are immune from liability herein, and that the Plaintiff's cause or causes of action, if any, are barred by law.

## TENTH AFFIRMATIVE DEFENSE

(Privileged Communications pursuant to California Civil Code §47)

Defendants allege that any communication made by it or any of its agents or employees was privileged pursuant to Section 47 of the California Civil Code.

## ELEVENTH AFFIRMATIVE DEFENSE

(Statutory Immunity)

Defendants allege the provisions of the California Tort Claims Act of the California Government Code and the California Penal Code as a measure of the duty of Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

(Immunity From Exemplary Damages)

The City is a public entity and therefore immune from liability for exemplary damages pursuant to provisions of section 818 of the California Government Code and pursuant to federal law. Chief Fong, in her official capacity, shares this immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Law Enforcement Immunity)

Law Enforcement personnel are immune from any liability therein under the common law doctrine of immunity of law enforcement personnel executing statutes in good faith, which statutes are presumed valid at the time of such execution.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Due Care in Enforcement of the Law)

Any liability of defendants is barred by the provisions of California Government Code sections 815, 815.2 and 820.4, and other applicable provisions of law and each of them, since any liability of Defendants would have resulted from the acts or omissions, if any, by public employees in the exercise of due care in the execution and enforcement of the law.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Discretion)

Defendants are not liable under the provisions of California Government Code sections 815, 815.2 and/or 820.2, and other applicable provisions of law and each of them, in that any damages to plaintiff as alleged in the Complaint would have resulted from acts or omission committed in the exercise of discretion vested in public employees.

## SIXTEENTH AFFIRMATIVE DEFENSE

(No Intent to Deprive of Constitutional Rights)

Defendants at all times acted in good faith, reasonably, truthfully, and/or without any intent to deprive Plaintiff of any rights under the federal or state constitutions, federal or state statutes, thereby entitling them to immunity from suit.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendants were at all times material hereto acting with subjective and/or objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Malice or Bad Faith)

Defendants did not act with malice or bad faith, in reckless disregard, or in an oppressive or willful manner, nor did they intend to harm or deprive Plaintiff of any rights.

## NINETEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The complaint and each and every cause of action therein is barred by the relevant statute of limitations.

## TWENTIETH AFFIRMATIVE DEFENSE

(Failure To Comply With Tort Claims Act)

Plaintiff failed to comply with the requirements of the California Tort Claims Act of the California Government Code and therefore all state claims of the Plaintiff are barred.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Variance Between Tort Claim and Complaint)

Plaintiff's purported state causes of action are limited to those factual allegations and theories of recovery set forth in Plaintiff's written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 910.2, 910.4, 910.6, 911.2, 945.3, 945.5, 945.6, 946.4, 950.2 and related provisions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

The complaint and each and every cause of action therein are barred because Plaintiff failed to mitigate damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Claim and Issue Preclusion)

The complaint and each cause of action therein are barred by the doctrines of *res judicata* and collateral estoppel.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

Plaintiff was negligent in and about the matters and activities alleged in said complaint; that said negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against this defendant by virtue of said complaint, Defendants prays that the recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Plaintiff's Conduct was a Proximate Cause)

At all times mentioned in Plaintiff's complaint herein, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; and that as a consequence, Plaintiff's claims are barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

Plaintiff violated Sections of the California Penal, and plaintiff voluntarily assumed all risks, responsibility and/or liability for the injuries which were the natural and probable cause of violating section(s) of the California Penal Code.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Remedies)

Plaintiff has failed to exhaust his administrative or contractual remedies.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(No Damage)

Defendants deny that plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act(s) or omissions(s) of any defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

Defendants are immune from suit under the doctrine of qualified immunity.

## THIRTIETH AFFIRMATIVE DEFENSE

(Absolute Immunity)

Defendants are immune from suit under the doctrine of absolute immunity.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Heck v. Humphrey)

Plaintiff's lawsuit would affect the validity of his underlying conviction or probation revocation. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

### Jury Trial Demanded

Defendants demand a trial by jury on all causes of action and all defenses.

### Prayer

WHEREFORE, Defendants pray as follows:

1.    That Plaintiff take nothing by way of her complaint.

2.    That the Court dismiss Plaintiff's complaint with prejudice.

3.    That the Court enter judgment in Defendants' favor and adversely to Plaintiff on the complaint and each cause of action therein.

4.    That the Court award Defendants their attorneys fees and costs of suit.

5.    That the Court provide such additional relief is it deems appropriate.

Dated:  June 2, 2008

                      DENNIS J. HERRERA
                      City Attorney
                      JOANNE HOEPER
                      Chief Trial Deputy
                      SCOTT D. WIENER
                      Deputy City Attorney

                        -/s/-    Scott D. Wiener
By:_____
                      SCOTT D. WIENER
                      Attorneys for Defendants
                      CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM IN HIS OFFICIAL CAPACITY, MITCHELL KATZ IN HIS OFFICIAL CAPACITY, CHIEF HEATHER FONG IN HER OFFICIAL CAPACITY, AND MATTHEW MASON