1    HASSARD BONNINGTON LLP
      MARC N. ZIMMERMAN, ESQ., State Bar No. 100521
2    R. WESLEY PRATT, ESQ., State Bar No. 191159
      Two Embarcadero Center, Suite 1800
3    San Francisco, California  94111-3941
      Telephone:  (415) 288-9800
4    Fax:  (415) 288-9801
      Email: rwp@hassard.com
5

6    Attorneys for Defendants
      THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,
      ESTER CHOO, M.D., TRUDY SINGZON, M.D.,
7    JESSICA FOGLER, M.D., REGINA GRAHAM, M.D., TAMAR
      SEIVER, M.D., FREDERICK HUANG, M.D., HURBERT
8    OCHITILL, M.D., RICHARD PATEL, M.D. (sued herein as
      "RICK PATEL"), ALICIA F. LIEBERMAN, Ph.D., MARK
9    LEARY, M.D., ROBERT OKIN, M.D., and ROBERT DYNES

10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14    CHERYL COTTERILL, | No. C 08-02295 JSW |
| 15          Plaintiff, | **NOTICE OF MOTIONS; DEFENDANTS' MOTION TO** |
| 16      vs. | **DISMISS THE 3RD, 4TH, 5TH, 6TH, 9TH, 12TH AND 17TH CAUSES OF** |
| 17    CITY AND COUNTY OF SAN FRANCISCO, MATHEW MASON, HUGH | **ACTION; DEFENDANT REGENTS' MOTION TO STRIKE THE PRAYER** |
| 18    HALL, GREGORY HICKS, LEON LOEW, HEATHER FONG, MITCHELL KATZ, | **FOR PUNITIVE DAMAGES; MEMORANDUM OF POINTS AND** |
| 19    REGENTS OF THE UNIVERSITY OF CALIFORNIA, PAUL DAVIES, GAVIN | **AUTHORITIES** |
| 20    NEWSOM, JOHN CRUDO, ANNE BRAUN, ESTER CHOO, TRUDY | **[F.R.C.P. 12(b)(6); 12(f)]** |
| 21    SINGZON, JESSICA FOGLER, REGINA GRAHAM, TAMAR SEIVER, FREDERICK | Date:  August 15, 2008 |
| 22    HUANG, HURBERT OCHITILL, RICK PATEL, ALICIA F. LIEBERMAN, MARK | Time:  9:00 a.m.<br>Dept.: 17 |
| 23    LEARY, ROBERT OKIN, ROBERT DYNES, and DOES 1 to 30, | Judge: Jeffrey S. White |
| 24    | Complaint Filed: Dec. 26, 2007<br>1st Amended Complaint: Dec. 28, |
| 25          Defendants. | 2007<br>2nd Amended Complaint:  April 3, 2008 |
| 26    | |
| 27    | **JURY TRIAL DEMANDED** |

28    / / / /

-i-

# TABLE OF CONTENTS

**NOTICE OF MOTIONS** ........................................................... 2

**MEMORANDUM OF POINTS AND AUTHORITIES** .................................. 3

I.   STATEMENT OF ISSUES TO BE DECIDED ..................................... 3

II.  SUMMARY OF ARGUMENT ..................................................... 3

III. STATEMENT OF FACTS ........................................................ 4

IV.  THE RELEVANT CAUSES OF ACTION........................................... 4

V.   LEGAL ARGUMENT............................................................. 5

    A.   Basis For Motion To Dismiss.............................................. 6

    B.   The Regents and the Moving Defendants are Entitled to Eleventh
        Amendment Immunity. .................................................. 6

        1.   The Eleventh Amendment Bars Section 1983 Claims Against
            All Moving Defendants...................................... 7

        2.   The Moving Defendants Do Not Qualify As "Persons" Under
            Section 1983................................................ 8

    C.   The Causes of Action Based on Alleged Negligence Are Controlled
        by the California Statute of Limitations. .................................. 10

        1.   The Ninth Cause of Action for Negligence is Barred by the
            Applicable Statue of Limitations.............................. 10

        2.   The Twelfth Cause of Action for Negligent Infliction of
            Emotional Distress is Barred by the Applicable Statue of
            Limitations................................................. 11

        3.   The Seventeenth Cause of Action for "Negligence" Is
            Duplicative of Her Ninth Cause of Action and Is Barred by the
            Applicable Statute of Limitations............................. 11

    D.   The Remaining Causes of Action Need Clarification............................... 12

    E.   A Plaintiff May Not Claim Punitive Damages Against the Regents (A
        Public Entity). .................................................. 13

VI.  CONCLUSION ................................................................. 13

NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
P:\Wdocs\HBMAIN\00045\00203\00303083.DOC-6208

1

TABLE OF AUTHORITIES

2

Page(s)

3

Cases

4

Austin v. Regents
(1979) 89 Cal.App.3d 354 ................................................................. 13

Balistreri v. Pacifica Police Department
(9th Cir. 1990) 901 F.2d 696 ............................................................... 6

Cahill v. Liberty Mutual Insurance Co.
(9th Cir. 1996) 80 F.3d 336 ................................................................ 6

Crowe v. Wiltel Communications Systems
(9th Cir. 1996) 103 F3d 897 ............................................................. 10

Erie Railroad Co. v. Tompkins
(1938) 304 US 64 ............................................................................. 10

Flowers v. Torrance Mem'l Hosp. Medical Ctr.
(1994) 8 Cal.4th 992 ........................................................................ 12

Guaranty Trust Co. of New York v. York
(1945) 326 US 99 ............................................................................. 10

Hayes v. Woodford
(S.D.Cal. 2006) 444 F.Supp.2d 1127 ................................................. 6

Jablon v. Dean Witter & Co.
(9th Cir. 1980) 614 F.2d 677 ............................................................... 6

Jackson v. Hayakawa
(9th Cir. 1982) 682 F.2d 1344 ........................................................ 3, 7

Mitchell v. Los Angeles Community College District
(9th Cir. 1988) 861 F.2d 198 ........................................................ 3, 7, 8

Murillo v. Good Samaritan Hospital
(1979) 99 Cal.App.3d 50 ............................................................ 11, 12

Regents of the University of California v. Doe
(1997) 137 L.Ed.2d 55 ................................................................... 3, 8

Regents of University of California v. Shalala
(9th Cir. 1996) 82 F.3d 291 ............................................................... 8

Sanchez v. City of Riverside
(D.C.Cal. 1984) 596 F.Supp. 193 ..................................................... 13

Thompson v. City of Los Angeles
(9th Cir. 1989) 885 F.2d 1439 ............................................................ 9

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Vaughn v. Regents
  (N.D. Cal. 1981) 504 F.Supp. 1349.................................................. 9

Will v. Michigan Department of State Police
  (1989) 491 U.S. 58 [105 L.Ed.2d 45, 109 S.Ct. 2304]....................... 9, 10

Statutes

28 United States Code section 1652 ...................................................... 10

42 United States Code section 1983 ................................................... 9, 10

California Civil Code section 3294............................................................ 13

California Code of Civil Procedure section 340.5 ............................... 3, 4, 11

California Government Code section 811.2................................................ 13

California Government Code section 818......................................... 3, 4, 13

Federal Rule of Civil Procedure 12(b)(6)................................................. 6, 7

Federal Rule of Civil Procedure Rule 12(f)............................................... 13

NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
P:\Wdocs\HBMAIN\00045\00203\00303083.DOC-6208

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **August 15, 2008**, at **9:00 a.m.**, or as soon thereafter as the matter may be heard in Department 17 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, defendants THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ESTER CHOO, M.D., TRUDY SINGZON, M.D., JESSICA FOGLER, M.D., REGINA GRAHAM, M.D., TAMAR SEIVER, M.D., FREDERICK HUANG, M.D., HURBERT OCHITILL, M.D., RICHARD PATEL, M.D. (sued herein as "RICK PATEL"), ALICIA F. LIEBERMAN, Ph.D., MARK LEARY, M.D., ROBERT OKIN, M.D., and ROBERT DYNES will and do hereby move this court for an order dismissing the 3rd, 4th, 5th, 6th, 9th, 12th, and 17th causes of action from the second amended complaint brought against them by plaintiff CHERYL COTTERILL.

This motion is made pursuant to Rules of Civil Procedure Rule 12(b)(6) because the stated causes of action, on their face and without extrinsic evidence, fail to state a claim upon which relief can be granted. First, as to the 3rd, 4th, 5th, and 6th causes of action, the moving defendants are agents and employees of the Regents of the University of California who have been sued in their official capacities; thus, they and the Regents are immune from suit pursuant to the Eleventh Amendment to the United States Constitution. See <u>Regents of the University of California v. Doe</u> (1997) 137 L.Ed. 2d, 55, 60; <u>Mitchell v. Los Angeles Community College District</u> (9th Cir. 1988) 861 F.2d 198, 201; <u>Jackson v. Hayakawa</u> (9th Cir. 1982) 682 F.2d 1344, 1350. Second, the 9th, 12th and 17th causes of action are barred by the applicable statute of limitations. See Cal. Code Civ. Proc. §340.5.

Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA further moves to strike the prayer for punitive damages, at page 31, line 17, as it is immaterial to plaintiff's claim against the Regents. See Cal. Gov. Code §818. This motion is made pursuant to Rules of Civil Procedure Rule 12(f).

NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
P:\Wdocs\HBMAIN\00045\00203\00303083.DOC-6208

1    These motions are and will be based upon this notice of motion and

2    motions, the memorandum of points and authorities filed herewith, the pleadings and

3    records on file with the Court, and upon any such further and documentary evidence

4    as may be presented at the time of the hearing on the motion.

5

6    **MEMORANDUM OF POINTS AND AUTHORITIES**

7    **I.     STATEMENT OF ISSUES TO BE DECIDED**

8    1.    Whether the 3rd, 4th, 5th and 6th causes of action in the second

9    amended complaint should be dismissed pursuant to the Eleventh Amendment of the

10   United States Constitution.

11   2.    Whether the 9th, 12th, and 17th causes of action in the second

12   amended complaint should be dismissed because they are barred by the applicable

13   statute of limitations (Cal. Code Civ. Proc. §340.5).

14   3.    Whether the prayer for punitive damages in the second amended

15   complaint should be stricken pursuant to California Government Code section 818.

16

17   **II.    SUMMARY OF ARGUMENT**

18   The 3rd, 4th, 5th, and 6th causes of action fail to state a claim upon

19   which relief can be granted because the moving defendants[1] are immune from federal

20   court lawsuits that are based upon 42 United States Code section 1983, pursuant to

21   the Eleventh Amendment to the United States Constitution.  See Regents of the

22   University of California v. Doe (1997) 137 L.Ed.2d 55, 60; Mitchell v. Los Angeles

23   Community College District (9th Cir. 1988) 861 F.2d 198, 201; Jackson v. Hayakawa

24   (9th Cir. 1982) 682 F.2d 1344, 1350.

25   / / /

26

27   _____

28   [1] Plaintiff has not properly served any of the moving defendants with personal service.

NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
P:\Wdocs\HBMAIN\00045\00203\00303083.DOC-6208

1    The 9th, 12th and 17th causes of action fail to state a claim upon which

2  relief can be granted because they are barred by the applicable statute of limitations.

3  See Cal. Code Civ. Proc. §340.5.

4    The remaining causes of action need to be amended to clarify the

5  charging defendant(s) and the cause of action numbering.

6    Finally, the prayer for punitive damages, at page 31, line 17, is

7  immaterial to plaintiff's claim against the Regents because a plaintiff may not claim

8  punitive damages against a public entity.  See Cal. Gov. Code §818.

9

10    **III.    STATEMENT OF FACTS**

11    Plaintiff Cheryl Cotterill was behaving inappropriately on July 30, 2006.

12  As a result, the police were called and made contact with plaintiff on July 30, 2006.

13  According to plaintiff's Second Amended Complaint, the police had more than one

14  contact with Ms. Cotterill on July 30, 2006.

15    As a result of the police contact with Ms. Cotterill, she was transported

16  to San Francisco General Hospital.  In particular, she was seen by Psychiatric

17  Emergency Services.  As a result of her interactions with health care providers at San

18  Francisco General Hospital, Ms. Cotterill was assessed, pursuant to Welfare &

19  Institutions Code section 5150.  Thereafter, she was placed upon an extended hold.

20  Ms. Cotterill was later released from the hospital on August 8, 2006.

21

22    **IV.    THE RELEVANT CAUSES OF ACTION**

23    On December 26, 2007, Ms. Cotterill filed the present lawsuit in state

24  court, alleging various violations of the law.  She amended on December 28, 2007,

25  then again on April 3, 2008.  On May 2, 2008, non-moving defendant the City and

26  County of San Francisco removed the case to federal court.

27  / / /

28

-4 -

1      Many of the causes of action set forth in the operative Second Amended

2  Complaint are mislabeled and mis-numbered.  Other than pagination issues, plaintiff

3  alleges causes of action that are clearly barred by the Eleventh Amendment to the

4  federal constitution, causes of action that are clearly barred by the statute of

5  limitations and causes of action that are duplicative and unnecessary.

6      For purposes of clarity, the causes of action relevant to this motion are

7  set forth in a table, below[2]:

| True # | Pft # | Page(s) | Title | Against Which Defendant(s) |
|--------|-------|---------|-------|----------------------------|
| **3rd** | 3rd | 12-13 | Unreasonable Seizure in Violation of 42 §1983 | Graham, Seiver, Ochitill, Huang, Choo, Singzon, Lieberman, Fogler |
| **4th** | 4th | 13-14 | Excessive Force in Violation of 42 §1983 | Choo, Singzon, Fogler, Graham, Lieberman |
| **5th** | 5th | 14-15 | 42 §1983 Violation Under Monell | Regents |
| **6th** | 6th | 15-17 | Supervisory Liability 42 §1983 | Okin, Leary, Dynes, Regents |
| **9th** | 7th | 19-20 | Negligence (Professional) | Regents, Choo, Singzon, Fogler, Graham, Lieberman, Seiver, Ochtill, Huang |
| **12th** | 10th | 22-23 | Negligent Infliction of Emotional Distress | Regents, Choo, Singzon, Fogler, Graham, Lieberman, Seiver, Ochtill, Huang |
| **17th** | 13th | 27 | Negligence | Regents |

/ / /

---

[2] The numbering in this table and for purposes of this motion is based on the "true" number of the causes of action, in order of appearance in the second amended complaint.

NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
P:\Wdocs\HBMAIN\00045\00203\00303083.DOC-6208

V.    **LEGAL ARGUMENT**

A.    **Basis For Motion To Dismiss.**

A Rule 12(b)(6) dismissal is proper where there is either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department (9th Cir. 1990) 901 F.2d 696, 699. A motion to dismiss based on Eleventh Amendment immunity is appropriately raised through a Rule 12(b)(6) motion. Hayes v. Woodford (S.D.Cal. 2006) 444 F.Supp.2d 1127, 1136.

Moreover, where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies. The second amended complaint fails to state a claim because the action is time-barred. Jablon v. Dean Witter & Co. (9th Cir. 1980) 614 F.2d 677, 682.

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Cahill v. Liberty Mutual Insurance Co. (9th Cir. 1996) 80 F.3d 336, 337-338.

B.    **The Regents and the Moving Defendants are Entitled to Eleventh Amendment Immunity.**

The 3rd, 4th, 5th and 6th causes of action are, on the face of the second amended complaint, based upon 42 United States Code section 1983. More specifically, the third cause of action alleges Dr. Graham, Dr. Seiver, Dr. Ochitill, Dr. Huang, Dr. Choo, Dr. Sinzon, Dr. Lieberman and Dr. Fogler unreasonably seized plaintiff "in violation of 42 Section 1983;" the fourth cause of action alleges Dr. Choo, Dr. Singzon, Dr. Fogler, Dr. Graham and Dr. Lieberman used excessive force against plaintiff "in violation of 42 Section 1983;" the fifth cause of action alleges the Regents violated "42 Section 1983" under Monell; and the sixth cause of action alleges Dr. Okin, Dr. Leary, President Dynes and (presumably) the Regents have supervisory liability pursuant to "42 Section 1983." As to all causes of action, plaintiff alleges the

-6-

1   individual moving defendants were "employees or agents" of the Regents, "acting
2   under color of law." (Second Amended Complaint "SAC", page 2, lines 19-26). In
3   other words, they were acting in their official capacity as agents of the state.

4          These causes of action are barred as against all moving defendants on
5   two distinct grounds: (1) since all moving defendants are instrumentalities or agents
6   of a state, the Eleventh Amendment to the United States Constitution prohibits a
7   section 1983 claim; and (2) the definition of "person" for purposes of section 1983
8   excludes these moving defendants as "persons" against whom relief may be sought.
9   In short, the 3rd, 4th, 5th and 5th causes of action in Second Amended Complaint fail
10  to state any claim for which relief may be granted, amendment could not cure the
11  immunity-based defects in the pleading, and the causes of action should therefore be
12  dismissed, without leave to amend, pursuant to rule 12(b)(6) Federal Rules of Civil
13  Procedure.

14

15                      1.      **The Eleventh Amendment Bars Section 1983 Claims**
                                **Against All Moving Defendants.**
16

17         The Eleventh Amendment to the United States Constitution bestows
18  immunity on states and their agents for damage suits under section 1983. Mitchell v.
19  Los Angeles Community College District (9th Cir. 1988) 861 F.2d 198, 201, cert.
20  denied ("Under the eleventh amendment, agencies of the state are immune from
21  private damage actions or suits for injunctive relief brought in federal court.") Mitchell
22  specifically held that, since a California college district was in fact an "arm of the
23  state" or "state agency," a section 1983 claim could not lie against it. Id.

24         Defendant The Regents of the University of California ("The Regents")
25  and the entities it administers qualify as state agencies which are entitled to Eleventh
26  Amendment immunity. Jackson v. Hayakawa (9th Cir. 1982) 682 F.2d 1344, 1350
27  ("the University of California and the Board of Regents are considered to be
28  instrumentalities of the state for purposes of the Eleventh Amendment"); see Regents

-7 -

1  of University of California v. Shalala (9th Cir. 1996) 82 F.3d 291, 293 (UCLA Medical

2  Center is not a separate legal entity from The Regents); Mitchell, supra, 861 F.2d at

3  201 ("California cases demonstrate that California state colleges and universities are

4  dependent instrumentalities of the state" and therefore protected by the Eleventh

5  Amendment) (internal quotations and citations omitted); Regents of the University of

6  California v. Doe (1997) 137 L.Ed.2d 55, 60.

7          In Mitchell, several individual defendants were sued in both official and

8  individual capacities, but the trial court found that "all the facts alleged in plaintiff's

9  complaint related to actions by the individual defendants in their official capacities,

10  acting within the course and scope of their employment."  The Ninth Circuit Court of

11  Appeals affirmed, applying Eleventh Amendment immunity to bar the section 1983

12  claim across the board.  Mitchell, supra, 861 F.2d at 201.

13          Plaintiff has alleged that each individual moving defendant was acting in

14  the course and scope of his or her employment with the Regents at all relevant times.

15  (SAC, page 2, lines 19-26).  Plaintiff purports to sue these defendants in their official

16  capacities.  Examination of the allegations contained in the Second Amended

17  Complaint confirms that no act it alleged is anything other than an official act.

18          Plaintiff's section 1983 claims is therefore barred against all moving

19  defendants by the Eleventh Amendment, and the 3rd, 4th, 5th and 6th causes of

20  action in the Second Amended Complaint should therefore be dismissed without

21  leave to amend.

22

23                    **2.      The Moving Defendants Do Not Qualify As "Persons"**
                              **Under Section 1983.**

24

25          Plaintiff's claims under section 1983 is further barred because that

26  statute is interpreted to exclude from the definition of "persons" against whom suit

27  may be brought, all persons who are entitled to Eleventh Amendment immunity.

28

NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
P:\Wdocs\HBMAIN\00045\00203\00303083.DOC-6208

1    Section 1983 provides, in pertinent part, that:

2    "[e]very person who, under color of any statute, ordinance,
     regulation, custom, or usage, or any State ... subjects, or
3    causes to be subjected, any citizen of the United States ...
     to the deprivation of any rights, privileges or immunities
4    secured by the Constitution and laws, shall be liable to the
     party injured in an action at law, suit in equity, or other
5    proper proceeding for redress." (42 U.S.C. §1983
     [emphasis added].)

6

     The Supreme Court of California, in Will v. Michigan Department of State Police
7
     (1989) 491 U.S. 58, 65, [105 L.Ed.2d 45, 109 S.Ct. 2304, 2309], confirmed that "a
8
     State is not a 'person' within the meaning of section 1983 ...," and that suit could not
9
     be brought against the state in federal or state court for a section 1983 violation.
10
     Accord, Vaughn v. Regents (N.D. Cal. 1981) 504 F.Supp. 1349.
11
           The court in Will based its conclusion, in part, on an analysis of the
12
     Eleventh Amendment immunity afforded state actors. The court determined that the
13
     definition of "person" to exclude states from an action founded on section 1983 was
14
     consistent with general Eleventh Amendment immunities:
15
16    Given that a principal purpose behind the enactment of
      §1983 was to provide a federal forum for civil rights
17    claims, and that Congress did not provide such a federal
      forum for civil rights claims against States, we cannot
18    accept [the] argument that Congress intended
      nevertheless to create a cause of action against States to
19    be brought in state courts, which are precisely the courts
      Congress sought to allow civil rights claimants to avoid
      through 1983." (Will, 491 U.S. at 66, 109 S.Ct. at 2310.)
20
           The Supreme Court specifically held that its decision in Will applies to
21
     "States or governmental entities that are considered 'arms of the State' for Eleventh
22
     Amendment purposes." Will 491 U.S. at 70, 109 S.Ct. at 2312 [citations omitted]
23
     [emphasis added]. As is discussed above, of course, The Regents and the entities it
24
     administers are considered instrumentalities of the state for Eleventh Amendment
25
     purposes, and following the principles announced in Will the Ninth Circuit Court of
26
     Appeals has held specifically that The Regents are not "persons" within the meaning
27
     of section 1983. Thompson v. City of Los Angeles (9th Cir. 1989) 885 F.2d 1439,
28

                                        -9 -

1   1443.  As is also discussed above, since Plaintiff sues the individual moving

2   defendants because of things they allegedly did in the course and scope of their

3   capacity as employees of The Regents, they too are entitled to Eleventh Amendment

4   immunity, and under Will are not "persons" within the meaning of section 1983.  Will

5   491 U.S. at 71, 109 S.Ct. at 2313 ["[w]e hold that neither a State nor its officials acting

6   in their official capacities are 'persons' under §1983"] (emphasis added).

7           Since no moving defendant can count as a "person" who can be sued

8   under section 1983, the 3rd, 4th, 5th and 6th causes of action in the Second

9   Amended Complaint should be dismissed without leave to amend.

10          **C.      The Causes of Action Based on Alleged Negligence Are
                    Controlled by the California Statute of Limitations.**

11

12          The Erie doctrine requires federal courts in diversity actions to apply

13  state law as the "rule of decision."  28 U.S.C. §1652; Erie Railroad Co. v. Tompkins

14  (1938) 304 US 64, 78.  When exercising federal question jurisdiction, federal courts

15  apply federal law to both substantive and procedural matters.  However, if a court

16  chooses to exercise supplemental jurisdiction over related state law claims, the Erie

17  doctrine applies to the state law claims and substantive issues are determined by

18  state law.  Crowe v. Wiltel Communications Systems (9th Cir. 1996) 103 F3d 897,

19  899.  State statutes of limitation are deemed substantive for Erie purposes.  Guaranty

20  Trust Co. of New York v. York (1945) 326 US 99, 110.

21

22          **1.      The Ninth Cause of Action for Negligence is Barred by
                    the Applicable Statue of Limitations.**

23

24          Plaintiff alleges negligence in her ninth cause of action.  Specifically,

25  she alleges the Regents, Dr. Choo, Dr. Singzon, Dr. Fogler, Dr. Graham,

26  Dr. Lieberman, Dr. Seiver, Dr. Ochitill and Dr. Huang "provided plaintiff medical care

27  below the accepted medical standard of care."  (SAC, at page 19, lines 16-23;

28  emphasis added).  Throughout the Second Amended Complaint, plaintiff makes clear

-10-

1  that she complains about medical care and treatment rendered to her from July 30,

2  2006 through August 8, 2006.

3          It is well established that the statute of limitations for a medical

4  malpractice action in the State of California is one year.  See Cal. Code of Civil

5  Procedure §340.5.  While there are some exceptions to the one-year rule, none of

6  those exceptions apply in this case.  Here, plaintiff was release from care on or about

7  August 8, 2006.  (SAC, at page 9, lines 20-24).  Plaintiff filed her original Complaint

8  over <u>sixteen</u> months later, on December 26, 2007.  The action is time-barred.  The

9  ninth cause of action for "negligence" should be dismissed without leave to amend.

10

11          **2.    The Twelfth Cause of Action for Negligent Infliction of
                Emotional Distress is Barred by the Applicable Statue
12              of Limitations.**

13          While the twelfth cause of action for negligent infliction of emotional

14  distress is a separate and independent claim from plaintiff's ninth cause of action for

15  professional negligence, it stems from an alleged injury by a health care provider

16  based upon their alleged professional negligence, bringing those claims within Code

17  of Civil Procedure section 340.5.

18

19          **3.    The Seventeenth Cause of Action for "Negligence" Is
                Duplicative of Her Ninth Cause of Action and Is Barred
20              by the Applicable Statute of Limitations.**

21          As stated above, plaintiff cannot timely assert a cause of action for

22  medical malpractice against any of the health care providers, including their

23  employer, The Regents.  It is well established in California that the statute of

24  limitations for medical malpractice is one year.  It is also well established that a cause

25  of action against a health care provider lies in medical malpractice, and not general

26  negligence.  See <u>Murillo v. Good Samaritan Hospital</u> (1979) 99 Cal.App.3d 50.

27  / / /

28

NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
P:\Wdocs\HBMAIN\00045\00203\00303083.DOC-6208

1  In Murillo, plaintiff, a patient in the hospital, fell out of her hospital bed

2  which did not have its side rails raised.  Plaintiff sued Good Samaritan Hospital for

3  general negligence.  The Court of Appeal ruled that the question of whether the

4  hospital was negligent for leaving the bed's side rails down involved the "hospital's

5  duties to recognize the condition of patients under its care and to take appropriate

6  measures for their safety.  Thus, the question is squarely one of professional

7  negligence."  Murillo, supra, 99 Cal.App.3d at p. 55; see also Flowers v. Torrance

8  Mem'l Hosp. Medical Ctr. (1994) 8 Cal.4th 992, 995.

9  Thus, a claim for general negligence cannot lie against the Regents

10  because at all times relevant to the claims set forth in the complaint, the Regents'

11  employees and agents were acting in their capacity as health care providers

12  rendering professional services.  Therefore, any claim for negligence against it would

13  have to be framed in the context of professional negligence or malpractice.  As such,

14  because plaintiff did not file a cause of action for medical malpractice within the one-

15  year statute of limitations, this cause of action for "negligence" alleged against The

16  Regents should be dismissed without leave to amend.

17  **D.    The Remaining Causes of Action Need Clarification.**

18  The remaining causes of action are mis-numbered and fail to provide

19  defendants with adequate notice as to which cause of action is directed against which

20  defendant(s).

21  For example, the first cause of action for unreasonable seizure

22  specifically names the law enforcement defendants, but mentions dates relating to the

23  plaintiff's admission to San Francisco General Hospital.  Defendants are left to

24  speculate as to whether the first cause of action is also directed against the health

25  care professionals.

26  As another example, plaintiff's "seventh" cause of action is actually her

27  eighth cause of action; her "eighth" cause of action is actually her tenth cause of

28  action, etc.  Further motions, briefs and discovery will be complicated by this

-12 -

1    confusion.

2              A final example of confusion is found in plaintiffs "twelfth" cause of

3    action (actually her fourteenth) wherein she names defendant "Frederick" with no last

4    name.  (SAC, page 24, line 23).

5              **E.      A Plaintiff May Not Claim Punitive Damages Against the**
              **Regents (A Public Entity).**

6

7              Rules of Civil Procedure Rule 12(f) provides the Court may strike any

8    "immaterial matter" from a pleading.  California Government Code Section 818 states,

9    "[n]otwithstanding any other provisions of law, a public entity is not liable for

10   damages awarded under §3294 of the Civil Code or other damages imposed primarily

11   for the sake of example and by way of punishing the defendant."  Since the Regents

12   is a public entity (Cal. Gov. Code §811.2), it is not liable for punitive damages.  See

13   Sanchez v. City of Riverside (D.C.Cal. 1984) 596 F.Supp. 193, 195; Austin v.

14   Regents (1979) 89 Cal.App.3d 354, 358.  Thus, the prayer for punitive damages must

15   be stricken.

16

17           **VI.    CONCLUSION**

18             For the reasons provided above, plaintiff must be ordered to file a Third

19   Amended Complaint.  Some of the causes of action need to be clarified.  Other

20   causes of action simply cannot be reasserted, because of immunity and or because

21   the statute of limitations has run.

22   / / /

23

24

25

26

27

28

-13 -
NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
P:\Wdocs\HBMAIN\00045\00203\00303083.DOC-6208

Defendants respectfully requests that the Court grant their motion to dismiss as to the 3rd, 4th, 5th, 6th, 9th, 12th, and 17th causes of action of the second amended complaint. Defendants further request an order requiring plaintiff to file an amended complaint as to the other causes action to remedy the confusion issues. Finally, the Regents request an order striking the prayer for punitive damages, at page 31, line 17.

Dated: June 2nd, 2008

HASSARD BONNINGTON LLP

By: _____
R. Wesley Pratt

Attorneys for Defendants
THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA,
ESTER CHOO, M.D., TRUDY
SINGZON, M.D., JESSICA
FOGLER, M.D., REGINA
GRAHAM, M.D., TAMAR
SEIVER, M.D., FREDERICK
HUANG, M.D., HURBERT
OCHITILL, M.D., RICHARD
PATEL, M.D. (sued herein as
"RICK PATEL"), ALICIA F.
LIEBERMAN, Ph.D., MARK
LEARY, M.D., ROBERT
OKIN, M.D., and ROBERT
DYNES

-14 -

NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES
P:\Wdocs\HBMAIN\00045\00203\00303083.DOC-6208