Points and Authorities in Opposition to Motion to Dismiss

I. Introduction

This an opposition to a motion to dismiss under FRCP 12(b)(6) brought by The defendant Regents of the University of California and the individual defendants **Ester Choo, Trudy Singzon, Jessica Fogler, Regina Graham, Tamar Seiver, Frederick Huang, Hurbert Ochitill, Rick Patel, Alicia F. Lieberman, Mark Leary, Robert Okin and Robert Dynes.**

Defendants' motion seek to dismiss based on 1) the Eleventh amendment immunity; 2) the individual defendants being sued in their official capacity; 3) the professional negligence and negligent infliction of emotional distress claims being barred by the statute of limitation; and 4) the negligence claim as to the Regents being barred as defendants contend the law does not permit a claim outside of professional negligence.

II Summary of Argument

The motion should be denied because the 1) Regents have waived the Eleventh Amendment immunity [Embury v. King (9th Cir 2004) 361 F3d 562; Hooper v. Albany Intern.??Corp. (M.D. Ala 2001) 149 F.Supp.2d 1315]; 2) the individual defendants are not sued in the official capacity, but instead in their personal capacity [Bair v. Krug (9th Cir 1988) 853 F2d 672,

Plaintiff's opposition to motion to dismiss   1

675]; 3) the professional negligence and negligent infliction of emotional distress claims are subject to the claims statute and are tolled [Government Code 950.2]  4) case law clearly provides that the Regents case be sued for non-professional negligence [<u>Gonzalez v. Paradise Valley</u>   (2003) 111 Cap. App.4th 735, 741-2]

Should the court find that the eleventh amendment is not waived, then the court should remand, rather than dismiss. <u>Watkins v. California Department of Corrections</u> (C.D. Cal. 2000) 100 F. Supp.2d 1227, 1232.

Further, the motion under FRCP 12(f) to strike as to the punitive damage claim as to the Regents should be denied because plaintiff does not seek punitive damages as to the Regents.

### III Claims Addressed by Motion to Dismiss

**The motion relates to the following claims:**

#### Claims Under 42 USC section 1983

**The individual defendants' claims involving the 3rd and 4th cause of action based on the federal civil rights claims under 42 USC section 1983.  These defendants are Ester Choo, Trudy Singzon, Jessica Fogler, Regina Graham, Tamar Seiver, Frederick Huang, Hurbert Ochitill, Rick Patel, and  Alicia F. Lieberman.**

Plaintiff's opposition to motion to dismiss         2

**The supervisory claims of the individual defendants Mark Leary; Robert Dynes and Robert Okin and Rick Patel as set forth in the 6<u>th</u> cause of action, under 42 USC section 1983.**

**Monell claims under 42 USC section 1983 under the 5<u>th</u> Cause of action relating to the Regents of the University of California**

**The motion to dismiss should be denied because** 1) Regents have waived the Eleventh Amendment immunity [<u>Embury v. King</u> (9th Cir 2004) 361 F3d 562; <u>Hooper v. Albany Intern.??Corp</u>. (M.D. Ala 2001) 149 F.Supp.2d 1315]; 2) the individual defendants are not sued in the official capacity, but instead in their personal capacity [<u>Bair v. Krug</u> (9th Cir 1988) 853 F2d 672, 675].

### State Law Claims for Professional Negligence

**The professional negligence claims against the individual defendants Ester Choo, Trudy Singzon, Jessica Fogler, Regina Graham, Tamar Seiver, Frederick Huang, Hurbert Ochitill, Rick Patel, Alicia F. Lieberman under the (page 19) 7<u>th</u> Cause of Action.**

**The motion to dismiss should be denied because 3)** the professional negligence and negligent infliction of emotional distress claims are subject to the claims statute and are tolled [Government Code 950.2

Plaintiff's opposition to motion to dismiss                3

## State Law Claim for Negligent Infliction of Emotional Distress

The negligent infliction of emotional distress claim against Ester Choo, Trudy Singzon, Jessica Fogler, Regina Graham, Tamar Seiver, Frederick Huang, Hurbert Ochitill, Rick Patel, Alicia F. Lieberman under the Tenth cause of action ( page 22)

**The motion to dismiss should be denied because 3)** the professional negligence and negligent infliction of emotional distress claims are subject to the claims statute and are tolled [Government Code 950.2 ]

## State Law Claim for Negligence

**The state law claim for negligence is against the Regents of the University of California under the Seventh Cause of action ( page 19)**

The motion should be denied because 4) case law clearly provides that the Regents can be sued for non-professional negligence. Gonzalez v. Paradise Valley  (2003) 111 Cap. App.4th 735, 741-2

The Regents failure to train and supervises its employees relating to detaining, evaluating and treating person under 5150 and 5250, causes such employees to act in excess of, or not in accordance with, the law under 5150 and 5250.   The exercise of acts not in accordance with the law leads to nonprofessional  tort liability. Gonzalez v. Paradise Valley   (2003) 111 Cap. App.4th 735, 741-2

Plaintiff's opposition to motion to dismiss            4

Acts which are within and in accordance with the law, may lead to professional liability claims relating to the manner in which the detention, treatment and release are conduct.  Id.

### IV. BACKGROUND

Plaintiff in this matter filed a second amended complaint and a summons was issued in state court.

Plaintiff counsel sent a copy of the summons and complaint to the attorneys for the Regents as well as the attorney for the City and County of San Francisco on or about April 7, 2008.

The attorney for the city and the attorney for the Regents appeared to have agreed that the city would file a motion to remove the matter and the Regents would cooperate with the removal.

On May 5, 2008, the Regents made an appearance in the state court action by submitting discovery to the plaintiff.  (Roy v. Superior Court (2005) 127 Cal. App. 4th 337, 341.  It also sent a copy to the city attorney.

A notice of removal from state court was filed on May 6, 2008

Regents defense attorney Marc Zimmerman, or on about May 10, 2008, advised plaintiff counsel that the Regents accepted the summons and complaint, but would not indicated the date it waived service of the summons and complaint . On or about May 21, 2008, Regents defense

Plaintiff's opposition to motion to dismiss                    5

counsel Wesley, also indicated that the Regents appeared in the action, but would not indicate what its position was as to whether it had consented to removal. He noted however, that the city had been advised of the Regents' position.

Also, on or about May 21, 2008, defense could Wesley indicated that he would make a 12(b) motion, but would not indicated or disclose what the basis of such a motion would be.

He also refused to indicate whether service on the attorney would be sufficient service as defendant Regents had appeared.

Plaintiff counsel served on the individual defendants and Regents notice of the case management conference set for August 22, 2008 by service upon their attorney on May 19, 2008, as well as the federal summons and complaint.

Defense counsel Wesley advised on or about May 21, 2008 that his client had provided him with plaintiff's medical and psychiatric records and was providing them to his experts for review. The records were sent to defense counsel without plaintiff's consent.

The Regents and the City and County of San Francisco have not provided a copy of the records to the attorney for plaintiff from San Francisco General Hospital.

Plaintiff's opposition to motion to dismiss                6

On June 2, 2008, the Regents and individual defendants connected with the Regents filed this motion with the hearing date 80 days in the future and well beyond the 35 days required.

On June 11, 2008, plaintiff counsel called the attorney for Regents to discuss the issues connected with the motion and other issues, and to follow up the letter of June 10, 2008. Defense counsel Wesley noted that he had no comment on any of the issues and declined the to discuss the matter.

V. LEGAL ARGUMENT

### A.
### REGENTS HAVE WAIVED ELEVENTH AMENDMENT IMMUNITY BY ACCEPINT REMOVAL, NOT SEEKING REMAND TO STATE COURT AND BY COOPERATING WITH THE CO-DEFENDANT CITY'S REMOVAL IN ORDER TO GAIN A TACTICAL ADVANTAGE

The eleventh amendment immunity may be waived by an agency of the state. Embury v. King (9th Cir 2004) 361 F3d 562

In consideration whether a state has waived the immunity, the court consider the conduct of the defendant. Actions with benign motives tend to support non-waiver. Actions which are design to gain a tactical advantage support wavier. Hill v. Blind Industries and Services of Maryland (9th Cir 1999) 179 F3d 754

Plaintiff's opposition to motion to dismiss        7

Also, "timely disclosure" or nondisclosure of the intent to assert an immunity defense is a factor to consider. <u>Hill v. Blind Industries and Services of Maryland</u> (9th Cir 1999) 179 F3d 754, 758. Untimely disclosure favors waiver. Id.

Removing a case to federal court is considered a waiver of immunity. <u>Embury v. King</u> (9th Cir 2004) 361 F3d 562

Similarly, accepting or consenting to a co-defendant's removal suggests a waiver of immunity. <u>Wisconsin Department of Corrections v. Schacht</u> (1998) 524 U.S. 381, 393

In reviewing the issue, the courts are concerned about a party manipulating the process to get into federal court and then, once in federal court, claiming that the court lacks jurisdiction to hear the matter. <u>Embury v. King</u>, supra, 653

Regents had clearly waived its 11th amendment immunity by accepting the removal of the action from State Court to federal court and aiding the City attorney's removal of the action from State Court to federal court with the intention to gain a tactical advantage: securing federal court jurisdiction and then claim the court lacks jurisdiction to hear the matter

1.
DEFENANT REGENTS ACCEPTED REMOVAL OF THE
CASE TO FEDERAL COURT UNDER 28 USC SECTION 1448
AND HAS WAIVED 11TH AMENDMENT IMMUNITY

After the removal of this case to federal court on May 2, 2008, the defendant Regents accepted and consented to the removal, thereby waiving 11th amendment immunity. Embury v. King (9th Cir 2004) 361 F3d 562 , 653; In Re Pharmaceutical Industry Average Wholesale Price Litigation (D. Mass. 2006) 431 F.Supp.2d 109,121. ( after removal, a defendant may either accept removal or remand); Wisconsin Department of Corrections v. Schacht (1998) 524 U.S. 381, 393

Voluntary appearing in federal court waives the 11th amendment immunity. Embury v. King, supra. Further, voluntary removal from state court to federal court waives the 11th amendment immunity. Id.

Under 28 USC 1448, a party who is not served before removal may be served or otherwise waive service after removal under 28 USC 1448.

Such a party must either accept the removal or move to remand the case. Hooper v. Albany Intern.??Corp. (M.D. Ala 2001) 149 F.Supp.2d 1315, 1319.; Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P. (8th Cir 2001) 254 F.3d 753, 755; In Re Pharmaceutical Industry Average Wholesale Price Litigation (D. Mass. 2006) 431 F.Supp.2d 109,121.

Here, rather than attempting to remand the matter, defendant Regents accepts the removal. Moreover, just as in Embury v. King, supra,

Plaintiff's opposition to motion to dismiss    9

defendant's motive in accepting the removal, is to gain a tactical advantage: gain federal jurisdiction and then argue the court has no jurisdiction to hear the matter.

Just as in Embury v. King, the court should rule that 11th amendment immunity has been waived.

## 2
## REGENTS ASSISTED AND COPPERATED IN CO-DEFENDANT'S CITY REMOVAL OF THE CASE FROM STATE COURT TO FEDERAL COURT FOR TACTICAL GAIN

Defendant Regents assisted in the co-defendant's (City and County of San Francisco) removal for tactical gain, specifically, to remove to federal jurisdiction and then argue that the court lacks jurisdiction to hear the matter.

Defendant Regents disclosed to the co-defendant that it plan to assert the 11th amendment but did not so disclose to the plaintiff counsel, which would have resulted in the filing of a motion to remand. Hill v. Blind Industries and Services of Maryland (9th Cir 1999) 179 F3d 754, 758.

Accordingly, it cooperated with co-defendant's removal by not answering the complaint and refusing to disclose to plaintiff counsel when the Regents waived service of process; and its intent to assert the immunity.

Plaintiff's opposition to motion to dismiss                 10

Plaintiff counsel spoke with Regents defense counsel on May 10, 2008 and on May 21, 2008. On each occasion, defense counsel did not disclose that it intended to assert the 11th amendment immunity defense. Indeed, on May 21, 2008, defense counsel noted that it would file a motion to dismiss but refused to state what the grounds would be.

Further, the Regents failed to file its motion in a timely matter and, in fact, only filed the motion after the time for plaintiff to file a motion remand had expired.

Under FRCP 81 (c) 2, defendants' motion to dismiss was due 5 days after removal, as it appeared in the action in State Court on May 5, 2008 after receiving the summons and complaint.

(Defendant Regents was subsequently served with the federal summons on May 19, 2008)

Defendant acceptance of the removal of co-defendant City, its failure to disclose its intent to assert the 11th amendment defense, its late filing of a motion to dismiss, its cooperation with co-defendant's attempt to remove—and its failure to seek remand after removal—all indicate that the Regents cooperated with the City's removal, all in an attempt to gain a tactical advantage: having the case removed to federal court jurisdiction and then argue that the court lacks jurisdiction to hear the matter.

Plaintiff's opposition to motion to dismiss          11

Accordingly, this court should find that the Regents have waived its 11th amendment immunity defense.

## B
## 11TH AMENDMENT IMMUNITY DOES NOT APPLY TO THE INDIVIUAL DEFENDANTS BECAUSE THEY ARE SUED IN THERE INDIVISUAL CAPACITY AS OPPOSED TO THEIR OFFICIAL CAPACITY

Defendants claim that the individual defendants should also be dismissed. Defendant's argument is without merit and rest on solely on defendants' creating nonexistent language into the pleading.

Specifically, defendants argue the complaint against the individual defendants is based on their conduct "in the course and scope of there employment with the Regents at all relevant times." See defendants motion to dismiss, page 8, lines 13 to 15.

While there is no language that provides that the individual defendants are being sued in the course and scope of their employment, defendants invent such language in their moving pagers: at page 8, lines 13 to 15.

Defendant then claim this created language means plaintiff is suing in the defendants in their official capacity.

There is no such language and accordingly there is no support for such an argument.

Indeed, if it is unclear whether the party is sued in his personal capacity or official capacity, it is assumed the person is sued in his personal capacity. <u>Bair v. Krug</u> (9th Cir 1988) 853 F2d 672, 675

In the complaint, there is an allegation that the persons are acting under color of law and are employees or agents of the Regents and/or its co-defendant, the City and County of San Francisco. See page 2, lines 19 to 26, of the second amendment complaint.

This allegation goes to the federal civil rights claims under 42 USC section 1983 which requires action under color of law.

Since there is no allegation that the individual defendants are being sued as a result of conduct solely, or even within the course and scope of his or her employment with the Regents, such defendants are not being sued in the official capacity.

As they are not being sued in there official capacity, the 11th amendment does not apply to them.

(Further, even if they were sued in their official capacity, this would not bar the injunctive relief sought as t those defendants)

## C.
## IF 11TH AMENDMENT IMMUNITY IS NOT WAIVED, THEN THE CASE SHOULD BE REMANDED AND NOT DISMISSED

Plaintiff's opposition to motion to dismiss                    13

If the court finds that the 11th amendment is not waived, then the court should remand the case to state court, as opposed to dismissing the matter.  <u>Watkins v. California Department of Corrections</u> (C.D. Cal. 2000) 100 F. Supp.2d 1227, 1232.

Plaintiff has both state and federal causes of action as to defendant Regents.  Defendant claims the 11th amendment bars the claims in federal court.

When considering whether to dismiss or remand, where the matter was originally brought in state court, the courts consider whether the causes of action would survive in state court.  Here, defendants claim is that the 11th amendment bars the action in federal court, accordingly, the court should remand the case to state court if there is no 11th amendment waiver. Id.

## D
## STATUE OF LIMITATION ARGUMENT IS WITHOUR MERIT AS THE INDIVIDUAL DEFENDANTS SUED ARE EMPLOYEES OF THE CITY AND COUNTY OF SAN FRANCISCO AND HENCE THE CLAIMS STATUTE TOLLS THE TIME TO FILE THE ACTION

Defendants argue that the statute of limitation bars the professional negligence and negligent infliction of emotional district claims.  This is without merit.  First, the moving individual defendants are being sued as

employees or agent of the City and County of San Francisco and the Regents.

(Such defendants are probably both employees of the City and County of San Francisco and the Regents of the University of California. See <u>Caso v. Nimrod Productions Inc.</u>, 2008 DJDAR 8207 (persons were employees of both subject entities)

As such, they are subject to the claims presentation statute under Government Code 950.2 and the claims would not be barred by the one year statute.

Accordingly, the statue of limitation does not bar the action at this matter.

## E
## NEGLIGENCE CAUSE OF ACTION IS NOT BARRED AS TO THE REGENTS UNDER THE NEGLIGENCE CAUSE OF ACTION

Defendant Regent claims that the Regents can only be sued for professional negligence, and therefore, there can be no cause of action against them for negligence. However, they present no case authority as to why they cannot be sued for negligence.

Indeed, the negligent failure of the Regents to train and supervise its employees--concerning the detaining, treating and releasing person under 5150 and 5250-- is a substantial factor in causing harm to plaintiff.

Moreover, the failure to follow the statutory provisions related to 5150 and 5250 of the Welfare and Institution Code can cause a person to be liable for damages. For example, under 5259.1 of the Welfare and Institution Code (hereinafter referred to as WIC) imposes liability or the failure to follow statutory provisions. Moreover, the failure to act in accordance with the law, permits civil liability, under WIC 5278.

A person who exercises professional competence, but who fails to follow the statute is subject to liability.

Thus, a person may be liable for not following the law, even though he or she may not be liable for professional negligence. See <u>Gonzalez v. Paradise Valley</u> (2003) 111 Cap. App.4th 735, 741-2; See also <u>Jacobs v. Grossmont Hospital</u> (2003) 108 Cal.App.4th 69, 78 (noting non-professional liability for failure to detain and treat in accordance with the law)

Thus, a person who acts not in accordance with the law, is not protected from liability whether he is a healthcare provider or not.

Plaintiff's opposition to motion to dismiss                16

This is particularly the case when any person performs acts— whether professional or not— which are not <u>exercised</u> in accordance with the law. <u>Gonzalez v. Paradise Valley</u> (2003) 111 Cap. App.4th 735, 741-2

Thus, defendant Regents fails to establish that it would not be liable under a negligence cause of action.

## F
## PLAINTIFF DOES NOT SEEK PUNITIVE DAMAGES AGAINST THE PUBLIC ENTITIES

The plaintiff herein does not seek punitive damages as to the Regents of the University of California. Similarly, the plaintiff does not seek punitive damages as to the City and County of San Francisco

## VI CONCLUSION

Based on the above, the motion to dismiss and to strike under FRCP 12(b)(6) and 12(f) should be denied.

DATED: _____
Gregory M. Haynes
Attorney for Plaintiff