HASSARD BONNINGTON LLP
MARC N. ZIMMERMAN, ESQ., State Bar No. 100521
R. WESLEY PRATT, ESQ., State Bar No. 191159
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: rwp@hassard.com

Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,
ESTER CHOO, M.D., TRUDY SINGZON, M.D.,
JESSICA FOGLER, M.D., REGINA GRAHAM, M.D., TAMAR
SEIVER, M.D., FREDERICK HUANG, M.D., HURBERT
OCHITILL, M.D., RICHARD PATEL, M.D. (sued herein as
"RICK PATEL"), ALICIA F. LIEBERMAN, Ph.D., MARK
LEARY, M.D., ROBERT OKIN, M.D., and ROBERT DYNES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL COTTERILL,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et. al.,<br><br>    Defendants. | No. C 08-02295 JSW<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE 3RD, 4TH, 5TH, 6TH, 9TH, 12TH AND 17TH CAUSES OF ACTION AND DEFENDANT REGENTS' MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES**<br><br>[F.R.C.P. 12(b)(6); 12(f)]<br><br>Date: August 15, 2008<br>Time: 9:00 a.m.<br>Dept.: 17<br>Judge: Jeffrey S. White<br><br>Complaint Filed: Dec. 26, 2007<br>1st Amended Complaint: Dec. 28, 2007<br>2nd Amended Complaint: April 3, 2008<br><br>**JURY TRIAL DEMANDED** |

/ / /

/ / /

/ / /

-1-

REPLY BRIEF
P:\Wdocs\HBMAIN\00045\00203\00308908.DOC-62608

## I. MOVING DEFENDANTS DID NOT WAIVE ELEVENTH AMENDMENT IMMUNITY.

The Moving Defendants have not waived their right to Eleventh Amended immunity. Plaintiff's opposition is founded on a misapplication of Embury v. King (9th Cir. 2004) 361 F.3d 562. In Embury, all of the defendants formally joined in the removal to federal court. Defendants then moved to dismiss based on failure to state a claim, but did not assert Eleventh Amendment immunity at that time. Thereafter, the plaintiff amended his complaint and the defendants moved to dismiss based on the Eleventh Amendment. The motion to dismiss was denied for two reasons: (1) the moving party officially joined in the removal to federal court and (2) the district court had exercised jurisdiction for eight months. Id., at 563.

Here, the Moving Defendants did not remove the case to federal court. Plaintiff has offered no evidence that the Moving Defendants had any active involvement in the removal. In fact, by plaintiff's own admission, the Moving Defendants propounded discovery in the original state court action on May 5, 2008, the day before notice of removal was filed by defendant City and County of San Francisco. It does not make sense that the Moving Defendants would propound such discovery if they intended to remove the case.

Plaintiff's reliance on Hill v. Blind Industries (9th Cir. 1999) 179 F.3d 754, also is misplaced.[1] She cites this case in support of her argument that actions designed to gain a tactical advantage support waiver. The actions taken in Hill were far different that the limited actions the Moving Defendants have taken in this case. In Hill, the defendant moved to dismiss the plaintiff's complaint based on lack of personal jurisdiction. When the motion was denied, the defendant filed an answer that did not assert an Eleventh Amendment defense. The defendant then moved to dismiss, again, this time based on the amount in controversy. The defendant

---

[1] Plaintiff also cites to a concurring opinion in Wisconsin Dept. of Corrections v. Schacht (1998) 524 U.S. 381 to support her arguments. A concurring opinion is not reliable precedent.

-2-

participated in federal discovery, brought federal discovery motions, and participated in federal pre-trial preparation including briefing and a conference. It was not until the opening day of the federal trial that the defendant finally asserted Eleventh Amendment immunity. The motion to dismiss was denied because the defendant was not considered an arm of the state that would be entitled to the immunity. Id., at 756. The Ninth Circuit was especially critical of the defendant in Hill because the immunity defense was asserted so late in the process, after the parties and Court had already invested substantial time and resources at the federal level. Id., at 757-758. The Court's holding is key to its determination:

> We hold that [defendant] unequivocally consented to the jurisdiction of the federal court by its conduct in appearing and actively litigating this case on the merits, **while waiting until the opening day of trial to first assert immunity under the Eleventh Amendment**.

Id., at 763 (emphasis added).

The present case was removed to federal court by a non-moving defendant less than a month before the Moving Defendants filed the instant motion to dismiss. The Moving Defendants have not taken any active participation in federal court, but, rather, they propounded discovery in the state court action. They have not waived their rights to assert immunity under the Eleventh Amendment.[2]

Next, Plaintiff cites to a string of cases in support of her argument that a defendant "must" accept removal or remand the case. (Opposition papers, at p. 9). The actual issue in cases cited, however, is the question of whether later served defendants *may* remove if the first served defendant does not (known as the "first served rule"). None of the cases hold that a defendant "must" accept removal or remand the case; instead, they all mention that a later served defendant "may" accept removal or exercise its right to remand. See Marano Enterprises v. Z-Teca

---

[2] For example, in Ruffin v. Deperio (W.D.N.Y. 2000) 97 F.Supp.2d 346, 358, the district court declined to follow Hill and granted summary judgment in favor of a defendant who waited to assert Eleventh Amendment immunity until it filed a cross-motion for summary judgment.

Resturants LP (8th Cir. 2001) 254 F.3d 753, 755[3]; In re Pharmaceutical Industry (D. Mass. 2006) 431 F.Supp.2d 109, 121; Hooper v. Albany Intl. Corp. (M.D. Ala. 2001) 149 F. Supp.2d 1315, 1319 n.2.

   The Moving Defendants did not joint in the removal and did not waive their rights to assert Eleventh Amendment immunity. Plaintiff's section 1983 claims are barred by the Eleventh Amendment as against Moving Defendants, and the 3rd, 4th, 5th and 6th causes of action in the Second Amended Complaint should be dismissed without leave to amend.

## II. MOVING DEFENDANTS TIMELY FILED THE MOTION TO DISMISS.

   When an action is filed in state court, then removed to federal court by the first served defendant, later served defendants have three possible deadlines to file an initial responsive pleading. The later served defendants have the <u>longest</u> of the following three deadlines to file their pleading:

   A. 20 days after receiving the complaint;

   B. 20 days after served with the summons for the complaint; or

   C. 5 days after notice of removal is filed.

F.R.C.P. 81(c)(2). Here, plaintiff concedes she did not serve the federal summons on the Regents until May 19, 2008. (Opposition papers, at p. 11, lines 17-18). She offers no evidence of when the individual defendants were served (because they never were formally served). Therefore, the Regents had until June 6, 2008 to file a responsive pleading (May 19th plus 20 days). The motion to dismiss was timely filed on June 3rd. The individual defendants were never formally served, but joined in the present motion to dismiss out of an abundance of caution.

---

[3] Marano cites to a Fifth Circuit case that held a defendant may waive removal by proceeding in state court. Marano, supra, 254 F.3d, at 755 (citing Brown v. Demco, Inc. (5th Cir. 1986) 792 F.2d 478, 482). Here, the Moving Defendants propounded discovery in the state court action, thus implying that they did not want the case removed to federal court.

-4-

REPLY BRIEF
P:\Wdocs\HBMAIN\00045\00203\00308908.DOC-62608

There is no evidence that the Moving Defendants assisted or cooperated in the removal process initiated by defendant City and County of San Francisco. The motion to dismiss was timely filed.

### III. THE INDIVIDUAL DEFENDANTS WERE SUED IN (AND ACTED IN) THEIR OFFICIAL CAPACITY.

Plaintiff's lawsuit against the Moving Defendants is based on the professional actions of the individual defendants. According to her complaint, she was not released from the statutory hold because of the opinions offered by the individual defendants. Those individual defendants were, obviously, acting within the scope of their employment with the Regents at the time of plaintiff's involuntary hold. The facts of this case are strikingly similar to the facts of the single case cited by plaintiff in support of her opposition: Bair v. King (9th Cir. 1988) 853 F.2d 672.[4]

In Blair, a bank received a license from the State of Nevada to operate a thrift company. Thereafter, investors in the company filed a federal court action alleging Securities and RICO violations against the company. The plaintiffs also named three state officials as defendants, claiming they failed to provide regulatory oversight. The State of Nevada was not named as a defendant. The state officials' motion to dismiss based on Eleventh Amendment immunity was granted. On appeal, the Ninth Circuit addressed the qualification to immunity where the plaintiff seeks to impose personal liability on a state official. The Court found that the state officials were clearly sued in their official capacities and affirmed the motion to dismiss.

In the instant action, the individual defendants are employed by the Regents, which is a state entity. They were acting in that official capacity when they held plaintiff in custody, pursuant to statutory law. They are, therefore, entitled to Eleventh Amendment immunity.

---

[4] Blair does not hold (or mention) that it is "assumed" a person is sued in his personal capacity, as argued by plaintiff. (Opposition, at page 13, lines 1-4).

## IV. THE THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION SHOULD BE DISMISSED; NOT REMANDED.

Plaintiff cites to Watkins v. California Dept. of Corrections (C.D. Cal. 2000) 100 F. Supp.2d 1227 to argue the case should be remanded if Eleventh Amendment immunity applies. (Opposition, at page 14, lines 1-5).

Several Ninth Circuit cases, however, have dismissed such claims rather than remand them. See, e.g., Bair v. King (9th Cir. 1988) 853 F.2d 672; Jackson v. Hayakawa (9th Cir. 1982) 682 F.2d 1344, 1350. Moreover, plaintiff has not brought a motion for remand.

The relevant causes of action should be dismissed in this case.

## V. THE GOVERNMENT CLAIMS STATUTE DOES NOT APPLY; THE ONE-YEAR STATUTE OF LIMITATIONS BARS THE NINTH, TWELFTH AND SEVENTEENTH CAUSES OF ACTION.

It is well established that the statute of limitations for a medical malpractice action in the State of California is one year. See Cal. Code of Civil Procedure §340.5. Here, plaintiff was released from care on or about August 8, 2006. (SAC, at page 9, lines 20-24). Plaintiff filed her original Complaint over <u>sixteen</u> months later, on December 26, 2007. The action is time-barred. The ninth, twelfth and seventeenth causes of action based on professional negligence should be dismissed without leave to amend.

Plaintiff cites to California Government Code §950.2, arguing that the claims presentation statute controls the statute of limitations rather than Code of Civil Procedure §340.5. Government Code section 950.2 provides, in full:

> Except as provided in Section 950.4, a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division. This section is applicable even though the public entity is immune for liability for the injury.

Plaintiff's citation to this section does not make sense, as it does not relate to a

-6-

statute of limtiations.

Plaintiff offers no authority that the Moving Defendants are subject to the California Torts Claims Act. But, even if they were, her action is still time-barred. Plaintiff alleges she complied with the claims statute. (SAC, at page 3, lines 7-8). A claim for personal injury must be presented to a public entity within six months of its accrual. See Cal. Gov. Code §911.2(a). The public entity then has 45 days to accept or reject the claim. See Cal. Gov. Code §912.4. If the entity rejects the claim, the plaintiff must file her lawsuit within six months of the rejection. See Cal. Gov. Code §945(a)(1).

Ms. Cotterill's claim, if any, accrued when she was released from the hold on August 8, 2006. Assuming the Regents is a public entity for purposes of the claims statue, plaintiff had until February 8, 2007 to file a claim with it. The Regents then had 45 days to reject the claim, which would have been, at the latest, March 26, 2007. Plaintiff then had another six months to file her lawsuit. The deadline to fie a lawsuit under this scenario would have been September 26, 2007, at the latest. Plaintiff's lawsuit, however, was filed on December 26, 2007; three months too late.

Thus, even under plaintiff's theory of the case, her negligence claims are time-barred.

### VI. PLAINTIFF'S CLAIMS ARE FOR PROFESSIONAL NEGLIGENCE, NOT GENERAL NEGLIGENCE.

The Moving Defendants are health care providers employed by the Regents. It is well established that a cause of action against a health care provider lies in medical malpractice, and not general negligence. See Flowers v. Torrance Mem'l Hosp. Medical Ctr. (1994) 8 Cal.4th 992, 995; Murillo v. Good Samaritan Hospital (1979) 99 Cal.App.3d 50. The cases cited by plaintiff do not support her position that she can also sue the Moving Defendants for general negligence.

First, Gonzales v. Paradise Valley (2003) 111 Cal.App.4th 735, involved a professional negligence claim brought by the parents of decedent, who committed

-7-

suicide after the defendant hospital allegedly negligently allowed him to escape custody. The negligence claim involved the failure to property use physical restrains. There was no claim for general negligence. Even if there were, the present case is different because Ms. Cotterill claims she should have been released, but for the defendants alleged negligence in rendering professional medical and psychiatric opinions to hold her pursuant to statutory authority. That is a claim for professional negligence, not general negligence.

Second, in Jacobs v. Grossmont Hosp. (2003) 108 Cal.App.4th 69, the plaintiff sued the hospital for professional negligence and premises liability for alleged injuries she sustained while on a 5150 hold. The premises liability claim was based on the fact that she fell while in custody, and fractured her leg. She alleged she tripped on a substance left on the floor, which is a classic premises liability claim.

Ms. Cotterill, however, does not allege she was physically injured due to a fall or other premises liability type injury. Rather, her alleged injury was her continued detention at San Francisco General Hospital based on the professional opinions of the individual defendants. Her seventeenth cause of action for general negligence is improper.

### VII. PLAINTIFF CONCEDES DEFENDANT REGENT'S MOTION TO STRIKE THE PUNITIVE DAMAGE CLAIM.

Plaintiff concedes she is not seeking punitive damages against the Regents. This fact, however, is not apparent from the face of her second amended complaint. Defendant requests that the Court enter an order striking the prayer as to the Regents.

### VIII. CONCLUSION.

For the reasons provided above and in the moving papers, plaintiff must be ordered to file a Third Amended Complaint. Some of the causes of action need to be clarified. Other causes of action simply cannot be reasserted, because of immunity and or because the statute of limitations has run.

Defendants respectfully requests that the Court grant their motion to dismiss as to the 3rd, 4th, 5th, 6th, 9th, 12th, and 17th causes of action of the second amended complaint. Defendants further request an order requiring plaintiff to file an amended complaint as to the other causes action to remedy the confusion issues. Finally, the Regents request an order striking the prayer for punitive damages, at page 31, line 17.

Dated: June 26th, 2008

HASSARD BONNINGTON LLP

By: /s/ R. Wesley Pratt
R. Wesley Pratt

Attorneys for Defendants

-9-

REPLY BRIEF
P:\Wdocs\HBMAIN\00045\00203\00308908.DOC-62608