1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CHERYL COTTERILL,                    No. C 08-02295 JSW

12                 Plaintiff,             **DEFENDANTS' JOINT CASE
                                          MANAGEMENT CONFERENCE
13        vs.                             STATEMENT (PLAINTIFF'S
                                          STATEMENT TO BE SEPARATELY
14   CITY AND COUNTY OF SAN               FILED)**
     FRANCISCO, et. al.,
15                                        Date of Case Management
                 Defendants.             Conference:  August 22, 2008
16

17                                        Time:  1:30 p.m.
                                          Department:  Courtroom 2
18
                                          Judge: Hon. Jeffrey S. White
19
                                          **JURY TRIAL DEMANDED**
20

21

22              For one entire week (on some occasions for multiple hours per day)

23   counsel for The Regents of the University of California (who also represents the

24   individually named physician defendants) has tried to finalize a joint statement for

25   filing before August 15, 2008.  As this Court knows, a hearing on a motion to dismiss

26   is set for hearing on August 15, 2008.  Thereafter, counsel for The Regents has an

27   all-day appointment away from the office and cannot further coordinate with Mr.

28   Gregory Haynes, counsel for the Plaintiff, to finalize the joint statement.

JOINT CASE MANAGEMENT STATEMENT
P:\Wdocs\HBMAIN\00045\00203\00319943.DOC-81408

1    Mr. Haynes has made it impossible to finalize the joint statement.  He

2  has refused to timely return telephone calls.  When Mr. Haynes has offered written

3  edits and comments, they have been in an e-mail format that has been confusing and

4  inconsistent.  During the process of trying to finalize the joint statement, Mr. Haynes

5  has angrily used profanity and hung up the telephone on two occasions.  Despite all

6  reasonable efforts to file a joint statement, this has simply been impossible and has

7  expended a colossal amount of time.

8    Pursuant to the standing order for the judges of the Northern District of

9  California as well as the Honorable Jeffrey S. White's Court Order of May 14, 2008,

10  defendants hereby submit a joint case management conference statement as follows:

11

12  **I.    JURISDICTION AND SERVICE**

13    **A.    Plaintiff's Statement:**

14    To be furnished in plaintiff's statement.

15

16    **B.    Defendants' Statement:**

17    On December 26, 2007, plaintiff filed her Original Complaint in the San

18  Francisco Superior Court (Case Number CGC 07 470461), alleging various causes of

19  action including a violation of her constitutional rights in connection with Welfare and

20  Institutions Code section 5150 and 5250 detentions and hospitalizations which took

21  place July 30 through August 8, 2006, at San Francisco General Hospital.  Plaintiff

22  has sued a host of defendants, including The President of the Regents of the

23  University of California (Robert Dynes), San Francisco Mayor Gavin Newsom, and

24  San Francisco Police Chief Heather Fong.  Plaintiff has also sued individual members

25  of the San Francisco Police Department, and every physician who had any

26  involvement in her care while she was a patient at San Francisco General Hospital.

27    On December 28, 2007, plaintiff filed her First Amended Complaint in

28  the San Francisco Superior Court action.  On April 3, 2008, plaintiff filed her Second

-2-

1    Mr. Haynes has made it impossible to finalize the joint statement. He

2    has refused to timely return telephone calls. When Mr. Haynes has offered written

3    edits and comments, they have been in an e-mail format that has been confusing and

4    inconsistent. During the process of trying to finalize the joint statement, Mr. Haynes

5    has angrily used profanity and hung op the telephone on two occasions. Despite all

6    reasonable efforts to file a joint statement, this has simply been impossible and has

7    expended a colossal amount of time.

8    Pursuant to the standing order for the judges of the Northern District of

9    California as well as the Honorable Jeffrey S. White's Court Order of May 14, 2008,

10    defendants hereby submit a joint case management conference statement as follows:

12    **I.**    **JURISDICTION AND SERVICE**

13    **A.**    **Plaintiff's Statement:**

14    To be furnished in plaintiff's statement.

16    **B.**    **Defendants' Statement:**

17    On December 26, 2007, plaintiff filed her Original Complaint in the San

18    Francisco Superior Court (Case Number CGC 07 470461), alleging various causes of

19    action including a violation of her constitutional rights in connection with Welfare and

20    Institutions Code section 5150 and 5250 detentions and hospitalizations which took

21    place July 30 through August 8, 2006, at San Francisco General Hospital. Plaintiff

22    has sued a host of defendants, including The President of the Regents of the

23    University of California (Robert Dynes), San Francisco Mayor Gavin Newsom, and

24    San Francisco Police Chief Heather Fong. Plaintiff has also sued individual members

25    of the San Francisco Police Department, and every physician who had any

26    involvement in her care while she was a patient at San Francisco General Hospital.

27    On December 28, 2007, plaintiff filed her First Amended Complaint in

28    the San Francisco Superior Court action. On April 3, 2008, plaintiff filed her Second

-2-

1  Amended Complaint.

2        On May 1, 2008, defendant the City and County of San Francisco filed

3  an Answer to the plaintiff's Second Amended Complaint.  On May 2, 2008, the City

4  and County of San Francisco filed a notice of removal of action to United States

5  District Court pursuant to 28 U.S.C. §§1441(b) and 1446.  The action was removed to

6  United States District Court based upon "Federal Question" and plaintiff's allegation of

7  a violation of her federal constitutional rights.

8        On June 2, 2008, defendants The Regents of the University of

9  California, Ester Choo, M.D., Trudy Singzon, M.D., Jessica Fogler, M.D., Regina

10  Graham, M.D., Tamar Seiver, M.D., Frederick Huang, M.D., Herbert Ochitill, M.D.,

11  Richard Patel, Alicia F. Lieberman, Ph.D., Mark Leary, M.D., Robert Okin, M.D., and

12  Robert Dynes moved to dismiss various causes of action alleged against them

13  pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 12(f).  Defendants

14  believe that they are immune from most of the plaintiff's allegations based upon the

15  Eleventh Amendment to the United States Constitution.  The hearing date on the

16  motion to dismiss is set for August 15, 2008.  The determination on the motion to

17  dismiss will have significant bearing on the nature and scope of discovery

18  contemplated by The Regents of the University of California (and its employee health

19  care providers).

20        Anne Braun, M.D. is a named defendant in this action.  She has not

21  been served.  Plaintiff has served Andrew Braun, M.D. with a copy of this Complaint.

22  Service upon Dr. Braun is defective, as he is not a named party (either in the original

23  caption or by way of amendment) in this action.

24

25  **II.    FACTS**

26        **A.    Plaintiff's Version of the Facts:**

27        To be furnished in plaintiff's statement.

28

1

## B.    Defendants' Version of the Facts

2    On July 30, 2006, plaintiff Cheryl Cotterill (DOB July 25, 1972) had a

3  mental breakdown in her apartment, caused a significant disturbance, broke out the

4  windows of her apartment, and was so disruptive and over the top that neighbors

5  called 911.  The San Francisco Police went out to the apartment twice and

6  encountered Plaintiff the second time.  She was described by one officer as being in a

7  "catatonic state."  Based upon the reports of Plaintiff's conduct and the officers'

8  observation of her state, the officers determined that Plaintiff should be detained and

9  taken to the hospital pursuant to California Welfare and Institutions Code section

10  5150.

11    Plaintiff was seen in the emergency department of San Francisco

12  General Hospital.  Various tests and lab results were obtained.  Plaintiff was

13  experiencing a heart attack.  Plaintiff was admitted to the hospital.  Throughout her

14  hospitalization at San Francisco General Hospital, Plaintiff was seen by health care

15  providers, including mental health care providers.  While a patient at San Francisco

16  General Hospital, the Plaintiff refused vital sign checks, blood draws, and

17  medications.  She hid under a bed sheet.  Plaintiff also refused to interact with her

18  medical team and psychiatric consult team.  Plaintiff indicated that she did not like to

19  watch TV or read because there were "special messages for her."  Upon admission to

20  the hospital, Plaintiff's urine toxicology screen was positive for amphetamines,

21  methamphetamines, and benzodiazepines.

22    Plaintiff was lawfully admitted and held at the hospital pursuant to

23  Welfare and Institutions Code sections 5150 and 5250.

24    On August 8, 2006, a hearing was held regarding Plaintiff's release from

25  the hospital.  A hearing officer ruled that Plaintiff could be released from the hospital

26  against the medical advice of Tamer Seiver, M.D.

27    Plaintiff now sues for her arrest and detention, arguing that it was in

28  violation of her state and federal rights.

-4-

III.    **LEGAL ISSUES**

  A.    **Plaintiff's Points:**

  To be furnished in plaintiff's statement.

  B.    **Defendants' Points:**

    Defendants allege that the patient was properly detained pursuant to Welfare & Institutions Code sections 5150 and 5250. All the care and treatment rendered by the health care providers at San Francisco General Hospital complied with the applicable standard of care. The plaintiff's rights, either under the Federal Constitution or pursuant to state law, were never violated.

IV.    **MOTIONS**

  A.    **Plaintiff's Motions:**

  To be furnished in plaintiff's statement.

  B.    **Defendants' Motions:**

    The City Defendants will be moving for summary judgment. Defendant The Regents of the University of California (as well as the individually named practitioners employed by them) believe that they are immune from the majority of plaintiff's allegations pursuant to the Eleventh Amendment to the United States Constitution. For any cause of action that survives a motion to dismiss, the health care defendants plan to file a motion for summary judgment due to the fact that all of the care and treatment rendered to the plaintiff was appropriate, within the applicable standard of care, and did not cause the patient injury and/or harm.

    Defendants will be filing various motions in limine prior to the commencement of the jury trial in this case.

V.    **AMENDMENT OF PLEADINGS**

  A.    **Plaintiff's Comment:**

  To be furnished in plaintiff's statement.

-5-

**B.    The Regents' Comment:**

Andrew Braun, M.D. has not been properly brought into this case as a Doe Defendant.  Plaintiff has recently threatened to "take a default" against Dr. Braun if he does not file a first responsive pleading.  The propriety of such an effort is questionable and may be grounds for Rule 11 sanctions.

Dr. Braun, as well as the other individually named health care practitioners, should be dismissed from this lawsuit pursuant to the Eleventh Amendment to the United States Constitution.

**VI.    EVIDENCE PRESERVATION**

**A.    Plaintiff's Concerns:**

To be furnished in plaintiff's statement.

**B.    Defendant's Position:**

The City and County Defendants have preserved evidence.  Defendant The Regents of the University of California has not identified an evidence preservation issue to date.

**VII.    DISCLOSURES**

**A.    Plaintiff's Comment:**

To be furnished in plaintiff's statement.

**B.    Defendants' Comment:**

Defendants shall make initial disclosures prior to the first case management conference.

**VIII.    DISCOVERY**

**A.    Plaintiff's Comment:**

To be furnished in plaintiff's statement.

-6-

1    **B.    Defendants' Comments:**

2    The City Defendants have propounded requests for production and

3  interrogatories, which are attached hereto.  The City anticipates taking the deposition

4  of Plaintiff, Plaintiff's mother, Plaintiff's neighbors (including those who called 911),

5  and possibly physicians who treated Plaintiff at San Francisco General Hospital.  The

6  City intends to seek a psychological evaluation of Plaintiff and possibly a cardiac

7  evaluation.

8    Defendant The Regents of the University of California plan to issue

9  interrogatories, request for production of documents, records, and things, and

10  requests for admissions (in an amount and number governed by Federal Rule).  The

11  Regents also plan to issue subpoenas for all of the plaintiff's medical (including

12  mental health) records, disability records, educational records, employment records,

13  and records maintained by current and former landlords.

14    To date, The Regents have not propounded any written discovery in the

15  federal action and await an outcome on the motion to dismiss.

16    With respect to depositions, defendants anticipate taking the deposition

17  of plaintiff, her mother, the plaintiff's siblings, all of plaintiff's health care providers,

18  and all of plaintiff's current and former employers.

19    The Regents also plan to conduct a pre-trial evaluation of the plaintiff,

20  including a psychological examination.

21

22    **IX.    CLASS ACTION**

23    **A.    Plaintiff's Comment:**

24    To be furnished in plaintiff's statement.

25    **X.    RELATED CASES**

26    Other than the case initially filed in the San Francisco Superior Court

27  (CGC 07 470461), none known.

28

XI.   **RELIEF**

**A.    Plaintiff's Comments:**

To be furnished in plaintiff's statement.

**B.    Defendants' Comments:**

Defendants will seek their attorneys fees and costs against Plaintiff, including fees and costs associated with Plaintiff's reckless addition of individually named Defendants who had no participation in the events giving rise to this lawsuit.

XII.   **SETTLEMENT AND ADR**

**A.    Plaintiff's Comment:**

To be furnished in plaintiff's statement.

**B.    Defendants' Comment:**

The parties have submitted a stipulation and the Court has issued an Order on this issue.

XIII.   **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

**A.    Plaintiff's Statement:**

To be furnished in plaintiff's statement.

**B.    Defendants' Statement:**

Defendants have not stipulated to a magistrate, and the matter has been assigned to District Court Judge Jeffrey S. White.

XIV.   **OTHER REFERENCES**

Too early in litigation for determination.

XV.   **NARROWING OF ISSUES**

**A.    Plaintiff's Comment:**

To be furnished in plaintiff's statement.

-8-

**B.    Defendants' Comment:**

After a lengthy telephone conference of more than one and a half hours, defendants were unable to narrow any issues with the plaintiff.

## XVI.    EXPEDITED SCHEDULE

**A.    Plaintiff's Comment:**

To be furnished in plaintiff's statement.

**B.    Defendants' Comment:**

None requested.

## XVII.    SCHEDULING

**A.    Plaintiff's proposal:**

To be furnished in plaintiff's statement.

**B.    Defendants' proposal:**

Defendants recommend a jury trial date in late September, 2009. Discovery deadlines and law and motion deadlines to be established pursuant to the jury trial date and by way of Court Order.

## XVIII.    TRIAL

Defendants demand a jury trial.  The trial would be 3 to 4 weeks in length.

## XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

None known to date.

## XX.    OTHER MATTERS

**A.    Plaintiff's Comment:**

To be furnished in plaintiff's statement.

-9-

1

2     Dated:  August ___, 2008          CITY AND COUNTY OF SAN
                                        FRANCISCO

3                                          DENNIS J. HERRERA
                                           City Attorney
4                                          JOANNE HOEPER
                                           Chief Trial Attorney
5                                          SCOTT D. WIENER
                                           Deputy City Attorney
6
                                                / S /
7
                                        By: _____
8                                          Scott D. Wiener

9                                          Attorneys for Defendants
                                           CITY AND COUNTY OF SAN
10                                         FRANCISCO, MATTHEW
                                           MASON, HUGH HALL,
11                                         GREGORY HICKS, LEON LOEW,
                                           HEATHER FONG, MITCHELL
12                                         KATZ, M.D., PAUL DAVIES,
                                           GAVIN NEWSOM, and JOHN
13                                         CRUDO

14    Dated:  August ___, 2008          HASSARD BONNINGTON LLP

15                                              / S /

16                                      By: _____
                                           R. Wesley Pratt
17
                                           Attorneys for Defendants
18                                         THE REGENTS OF THE
                                           UNIVERSITY OF CALIFORNIA,
19                                         ESTER CHOO, M.D., TRUDY
                                           SINGZON, M.D., JESSICA
20                                         FOGLER, M.D., REGINA
                                           GRAHAM, M.D., TAMAR
21                                         SEIVER, M.D., FREDERICK
                                           HUANG, M.D., HURBERT
22                                         OCHITILL, M.D., RICHARD
                                           PATEL, M.D. (sued herein as
23                                         "RICK PATEL"), ALICIA F.
                                           LIEBERMAN, Ph.D., MARK
24                                         LEARY, M.D., ROBERT
                                           OKIN, M.D., and ROBERT
25                                         DYNES

26

27

28

-10-

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SCOTT D. WIENER, State Bar #189266
   Deputy City Attorney
4  1390 Market Street, 7th Floor
   San Francisco, California 94102-5408
5  Telephone:     (415) 554-4283
   Facsimile:     (415) 554-3837
6
   Attorneys for Defendants
7  CITY AND COUNTY OF SAN FRANCISCO,
   GAVIN NEWSOM, MITCHELL KATZ,
8  HEATHER FONG, MATTHEW MASON,
   HUGH HALL, GREGORY HICKS, LEON LOEW,
9  JOHN CRUDO, AND PAUL DAVIES

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13  CHERYL COTTERILL,                        Case No. CV-08-02295 JSW

14              Plaintiff,                    **DEFENDANT CITY AND COUNTY OF**
                                             **SAN FRANCISCO'S FIRST SET OF**
15         vs.                               **INTERROGATORIES TO PLAINTIFF**
                                             **CHERYL COTTERILL**
16  CITY AND COUNTY OF SAN
    FRANCISCO, MATHEW MASON,
17  HUGH HALL, GREGORY HICKS,
    LEON LOEW, HEATHER FONG,
18  MITCHELL KATZ, REGENTS OF THE
    UNIVERSITY OF CALIFORNIA, PAUL
19  DAVIES, GAVIN NEWSOM, JOHN
    CRUDO, ANNE BRAUN, ESTER
20  CHOO, TRUDY SINGZON, JESSICA
    FOGLER, REGINA GRAHAM, TAMAR
21  SEIVER, FREDERICK HUANG,
    HURBERT OCHITILL, RICK PATEL,
22  ALICIA F. LIEBERMAN, MARK
    LEARY, ROBERT OKIN, ROBERT
23  DYNES AND DOES 1 TO 30,

24              Defendants.

25

26

27

28

n:\lit\li2008\081193\00500440.doc

1    Pursuant to Federal Rule of Civil Procedure 33, Defendant City and County of San Francisco

2  requests that Plaintiff Cheryl Cotterill answer the following interrogatories within 30 days of service

3  of this document.

4    "YOU" shall mean Plaintiff Cheryl Cotterill and anyone acting on her behalf, including

5  without limitation attorneys, investigators, agents, employees, and legal support staff.

6    "INCIDENT" shall mean the incident(s) giving rise to this case.

7    "IDENTIFY" shall mean:

8        (a)    With respect to persons, to state all known names and nicknames, all known

9  addresses (home and business), and all known telephone numbers (home, business, cellular, pager);

10        (b)    With respect to documents, to describe them with particularity, to state the

11  number of pages of which they consist, to describe their contents, to state their date and manner of

12  creation, and to indicate the current persons or entities in whose possession they reside.

13  Interrogatory No. 1:

14    State every name that YOU have used in YOUR life.

15  Interrogatory No. 2:

16    What is YOUR date of birth?

17  Interrogatory No. 3:

18    Please provide all home addresses where YOU have lived.

19  Interrogatory No. 4:

20    Please describe with particularity each crime of which YOU have been convicted, including

21  without limitation the name of the crime, the court in which YOU were convicted, the date of

22  conviction, and the case number of the matter that resulted in the conviction.

23  Interrogatory No. 5:

24    Describe with particularity all lawsuits that YOU have filed.  Please include the titles of the

25  lawsuits, the names of the parties, the courts in which the lawsuits were filed, the case number, the

26  facts underlying the lawsuits, and the resolutions of the lawsuits.

27  Interrogatory No. 6:

28    Describe with particularity how the INCIDENT occurred.

Interrogatory No. 7:

Please state all facts supporting YOUR claim that any employee of the City and County of San Francisco is liable for violating YOUR federal constitutional rights, including a description with particularity of what each specific employee is alleged to have done.

Interrogatory No. 8:

Please state all facts supporting YOUR claim that any employee of the City and County of San Francisco is liable to YOU under California law, including a description with particularity of what each specific employee is alleged to have done.

Interrogatory No. 9:

Please describe all damages that YOU are claiming in this lawsuit, including an itemization of the types and amounts of damages that YOU are claiming.

Interrogatory No. 10:

IDENTIFY all persons with knowledge of the damages that YOU are claiming in this lawsuit.

Interrogatory No. 11:

Describe all physical injuries that YOU sustained as a result of the INCIDENT.

Interrogatory No. 12:

As of immediately before the INCIDENT, did YOU have any mental, physical, or emotional disability or injury that is similar to, or affecting the same parts of YOUR body as, any disabilities or injuries that YOU are claiming as a result of the INCIDENT.

Interrogatory No. 13:

Are YOU claiming severe emotional distress or psychological injury as a result of the INCIDENT?

Interrogatory No. 14:

If YOU are claiming severe emotional distress or psychological injury as a result of the INCIDENT, please state all facts supporting that claim.

Interrogatory No. 15:

If YOU are claiming severe emotional distress or psychological injury as a result of the INCIDENT, please IDENTIFY all persons with knowledge of that claim.

1 | Interrogatory No. 16:

2 |     Are YOU claiming that YOU lost income (past, present, or future) as a result of the

3 | INCIDENT?

4 | Interrogatory No. 17:

5 |     If YOU are claiming that YOU lost income (past, present, or future) as a result of the

6 | INCIDENT, state all facts supporting such claim, including without limitation the precise amount of

7 | lost income that YOU are claiming and the method of calculating that amount?

8 | Interrogatory No. 18:

9 |     IDENTIFY all health care professionals who treated YOU as a result of the INCIDENT.

10 | Interrogatory No. 19:

11 |     IDENTIFY all mental health professionals, including without limitation psychiatrists,

12 | psychologists, therapists, counselors, and social workers, from whom YOU have obtained treatment

13 | or counseling in the past ten years.

14 | Interrogatory No. 20:

15 |     IDENTIFY all health care professionals who treated YOU from ten years before the

16 | INCIDENT through the present.

17 | Interrogatory No. 21:

18 |     Are you currently experiencing any physical, mental, or emotional symptoms, pain, or

19 | problems as a result of the INCIDENT?

20 | Interrogatory No. 22:

21 |     If YOUR response to interrogatory 21 is anything but an unqualified negative response, please

22 | describe all physical, mental, or emotional symptoms, pain, or problems that you are currently

23 | experiencing as a result of the INCIDENT?

24 | Interrogatory No. 23:

25 |     Please state all facts supporting your claim that the City and County of San Francisco is liable

26 | to YOU under either federal or state law, including without limitation all facts supporting YOUR

27 | claim that a policy, custom, or usage of the City and County of San Francisco caused all or part of the

28 | injuries that YOU are claiming in this case.

INTERROGATORIES;
Cotterill v. CCSF, et al. – USDC No. CV-08-02295 JSW

1

2  Dated:  August 1, 2008

3                                          DENNIS J. HERRERA
                                           City Attorney
4                                          JOANNE HOEPER
                                           Chief Trial Deputy
5                                          SCOTT D. WIENER
                                           Deputy City Attorney
6

7                                          -/s/--  Scott D. Wiener
8                                 By:_____
                                           SCOTT D. WIENER
9                                          Attorneys for Defendants
                                           CITY AND COUNTY OF SAN FRANCISCO,
10                                         GAVIN NEWSOM, MITCHELL KATZ,
                                           HEATHER FONG, MATTHEW MASON,
11                                         HUGH HALL, GREGORY HICKS, LEON LOEW,
                                           JOHN CRUDO, AND PAUL DAVIES
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COTTERILL V. CCSF, ET AL. – USDC NO. CV-08-02295 JSW

### PROOF OF SERVICE

I, HELEN LAU, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On August 1, 2008, I served the attached:

### DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF CHERYL COTTERILL

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Gregory M. Haynes, Esq.  
2443 Fillmore, #194  
San Francisco, CA 94115  
Telephone:    (415) 546-0777  
*Attorney for Plaintiff*

R. Wesley Pratt, Esq.  
Hassard Bonnington LLP  
Two Embarcadero Center, Suite 1800  
San Francisco, CA 94111-3941  
Telephone:    (415) 288-9800  
Facsimile:    (415) 288-9801  
*Attorney for Co-Defendants The Regents of*  
*The University of California, et al.*

and served the named document in the manner indicated below:

☒    **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed August 1, 2008, at San Francisco, California.



_____  
HELEN LAU

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SCOTT D. WIENER, State Bar #189266
   Deputy City Attorney
4  1390 Market Street, 7th Floor
   San Francisco, California 94102-5408
5  Telephone:    (415) 554-4283
   Facsimile:    (415) 554-3837
6
   Attorneys for Defendants
7  CITY AND COUNTY OF SAN FRANCISCO,
   GAVIN NEWSOM, MITCHELL KATZ,
8  HEATHER FONG, MATTHEW MASON,
   HUGH HALL, GREGORY HICKS, LEON LOEW,
9  JOHN CRUDO, AND PAUL DAVIES

10

                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12

13  CHERYL COTTERILL,                        Case No. CV-08-02295 JSW

14              Plaintiff,                   **DEFENDANT CITY AND COUNTY OF**
                                             **SAN FRANCISCO'S FIRST SET OF**
                 vs.                         **REQUESTS FOR PRODUCTION TO**
15                                           **PLAINTIFF CHERYL COTTERILL**
    CITY AND COUNTY OF SAN
16  FRANCISCO, MATHEW MASON,
    HUGH HALL, GREGORY HICKS,
17  LEON LOEW, HEATHER FONG,
    MITCHELL KATZ, REGENTS OF THE
18  UNIVERSITY OF CALIFORNIA, PAUL
    DAVIES, GAVIN NEWSOM, JOHN
19  CRUDO, ANNE BRAUN, ESTER
    CHOO, TRUDY SINGZON, JESSICA
20  FOGLER, REGINA GRAHAM, TAMAR
    SEIVER, FREDERICK HUANG,
21  HURBERT OCHITILL, RICK PATEL,
    ALICIA F. LIEBERMAN, MARK
22  LEARY, ROBERT OKIN, ROBERT
    DYNES AND DOES 1 TO 30,
23
                Defendants.
24

25

26

27

28

1   Pursuant to Federal Rule of Civil Procedure 34, Defendant City and County of San Francisco

2   requests that Plaintiff Cheryl Cotterill answer the following requests for production and produce

3   responsive documents within 30 days of service of this document.

4   "YOU" shall mean Plaintiff Cheryl Cotterill and anyone acting on her behalf, including

5   without limitation attorneys, investigators, agents, employees, and legal support staff.

6   "INCIDENT" shall mean the incident(s) giving rise to this case.

7   "IDENTIFY" shall mean:

8   (a)    With respect to persons, to state all known names and nicknames, all known

9   addresses (home and business), and all known telephone numbers (home, business, cellular, pager);

10   (b)    With respect to documents, to describe them with particularity, to state the

11   number of pages of which they consist, to describe their contents, to state their date and manner of

12   creation, and to indicate the current persons or entities in whose possession they reside.

13   Request for Production No. 1:

14   All DOCUMENTS IDENTIFIED or referred to in YOUR initial disclosures.

15   Request for Production No. 2:

16   All DOCUMENTS IDENTIFIED or referred to in YOUR responses to interrogatories in this

17   case.

18   Request for Production No. 3:

19   All DOCUMENTS relating to, referring to, or describing the INCIDENT.

20   Request for Production No. 4:

21   All DOCUMENTS that YOU contend support YOUR claim that any defendant in this case is

22   liable to YOU.

23   Request for Production No. 5:

24   All DOCUMENTS reflecting or constituting communications relating to the INCIDENT,

25   including without limitation emails, letters, and notes.

26   Request for Production No. 6:

27   All DOCUMENTS containing, reflecting, or relating to any statements about the INCIDENT

28   by any defendant(s) in this lawsuit.

1  Request for Production No. 7:

2      All witness statements relating to or referring to the INCIDENT.

3  Request for Production No. 8:

4      All DOCUMENTS relating to or reflecting YOUR criminal history.

5  Request for Production No. 9:

6      All DOCUMENTS relating to, referring to, describing, evidencing, or supporting any

7  damages that YOU are claiming in this case.

8  Request for Production No. 10:

9      YOUR medical records relating to the INCIDENT.

10 Request for Production No. 11:

11     All DOCUMENTS reflecting any jobs held or income earned by YOU before the INCIDENT.

12

13 Dated:  August 1, 2008

14
                              DENNIS J. HERRERA
15                            City Attorney
                              JOANNE HOEPER
16                            Chief Trial Deputy
                              SCOTT D. WIENER
17                            Deputy City Attorney

18
                              -/s/-   Scott D. Wiener
19                        By:_____
20                            SCOTT D. WIENER
                              Attorneys for Defendants
21                            CITY AND COUNTY OF SAN FRANCISCO,
                              GAVIN NEWSOM, MITCHELL KATZ,
22                            HEATHER FONG, MATTHEW MASON,
                              HUGH HALL, GREGORY HICKS, LEON LOEW,
23                            JOHN CRUDO, AND PAUL DAVIES

24

25

26

27

28

**COTTERILL V. CCSF, ET AL. – USDC NO. CV-08-02295 JSW**

<u>PROOF OF SERVICE</u>

I, HELEN LAU, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On August 1, 2008, I served the attached:

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S**
**FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF CHERYL COTTERILL**

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Gregory M. Haynes, Esq. | R. Wesley Pratt, Esq. |
| 2443 Fillmore, #194 | Hassard Bonnington LLP |
| San Francisco, CA 94115 | Two Embarcadero Center, Suite 1800 |
| Telephone:    (415) 546-0777 | San Francisco, CA 94111-3941 |
| *Attorney for Plaintiff* | Telephone:    (415) 288-9800 |
| | Facsimile:    (415) 288-9801 |
| | *Attorney for Co-Defendants The Regents of* |
| | *The University of California, et al.* |

and served the named document in the manner indicated below:

☒    **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed August 1, 2008, at San Francisco, California.

_____
HELEN LAU

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SCOTT D. WIENER, State Bar #189266
   Deputy City Attorney
4  1390 Market Street, 7th Floor
   San Francisco, California 94102-5408
5  Telephone:    (415) 554-4283
   Facsimile:    (415) 554-3837
6
   Attorneys for Defendants
7  CITY AND COUNTY OF SAN FRANCISCO,
   GAVIN NEWSOM, MITCHELL KATZ,
8  HEATHER FONG, MATTHEW MASON,
   HUGH HALL, GREGORY HICKS, LEON LOEW,
9  JOHN CRUDO, AND PAUL DAVIES

10                  UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12
   CHERYL COTTERILL,                          Case No. CV-08-02295 JSW
13
                Plaintiff,                     **DEFENDANT GERGORY HICKS'**
14                                             **FIRST SET OF INTERROGATORIES**
                                               **TO PLAINTIFF CHERYL**
        vs.                                    **COTTERILL**
15
   CITY AND COUNTY OF SAN
16 FRANCISCO, MATHEW MASON,
   HUGH HALL, GREGORY HICKS,
17 LEON LOEW, HEATHER FONG,
   MITCHELL KATZ, REGENTS OF THE
18 UNIVERSITY OF CALIFORNIA, PAUL
   DAVIES, GAVIN NEWSOM, JOHN
19 CRUDO, ANNE BRAUN, ESTER
   CHOO, TRUDY SINGZON, JESSICA
20 FOGLER, REGINA GRAHAM, TAMAR
   SEIVER, FREDERICK HUANG,
21 HURBERT OCHITILL, RICK PATEL,
   ALICIA F. LIEBERMAN, MARK
22 LEARY, ROBERT OKIN, ROBERT
   DYNES AND DOES 1 TO 30,
23
                Defendants.
24

25

26

27

28

1    Pursuant to Federal Rule of Civil Procedure 33, Defendant Gregory Hicks requests that

2  Plaintiff Cheryl Cotterill answer the following interrogatories within 30 days of service of this

3  document.

4    "YOU" shall mean Plaintiff Cheryl Cotterill and anyone acting on her behalf, including

5  without limitation attorneys, investigators, agents, employees, and legal support staff.

6    "INCIDENT" shall mean the incident(s) giving rise to this case.

7    "IDENTIFY" shall mean:

8    (a)    With respect to persons, to state all known names and nicknames, all known

9  addresses (home and business), and all known telephone numbers (home, business, cellular, pager);

10    (b)    With respect to documents, to describe them with particularity, to state the

11  number of pages of which they consist, to describe their contents, to state their date and manner of

12  creation, and to indicate the current persons or entities in whose possession they reside.

13  Interrogatory No. 1:

14    Please state all facts supporting YOUR claim that Matthew Mason is liable to you in this

15  lawsuit, including a detailed statement of each specific act or omission by Matthew Mason that YOU

16  contend makes him liable to YOU.

17  Interrogatory No. 2:

18    Please state all facts supporting YOUR claim that Hugh Hall is liable to you in this lawsuit,

19  including a detailed statement of each specific act or omission by Hugh Hall that YOU contend

20  makes him liable to YOU.

21  Interrogatory No. 3:

22    Please state all facts supporting YOUR claim that Gregory Hicks is liable to you in this

23  lawsuit, including a detailed statement of each specific act or omission by Gregory Hicks that YOU

24  contend makes him liable to YOU.

25  Interrogatory No. 4:

26    Please state all facts supporting YOUR claim that Leon Loew is liable to you in this lawsuit,

27  including a detailed statement of each specific act or omission by Leon Loew that YOU contend

28  makes him liable to YOU.

1    Interrogatory No. 5:

2        Please state all facts supporting YOUR claim that Paul Davies is liable to you in this lawsuit,

3    including a detailed statement of each specific act or omission by Paul Davies that YOU contend

4    makes him liable to YOU.

5    Interrogatory No. 6:

6        Please state all facts supporting YOUR claim that John Crudo is liable to you in this lawsuit,

7    including a detailed statement of each specific act or omission by John Crudo that YOU contend

8    makes him liable to YOU.

9    Interrogatory No. 7:

10        Please state all facts supporting YOUR claim that Heather Fong is liable to you in this lawsuit,

11   including a detailed statement of each specific act or omission by Heather Fong that YOU contend

12   makes her liable to YOU.

13   Interrogatory No. 8:

14        Please state all facts supporting YOUR claim that Gavin Newsom is liable to you in this

15   lawsuit, including a detailed statement of each specific act or omission by Gavin Newsom that YOU

16   contend makes him liable to YOU.

17   Interrogatory No. 9:

18        Please state all facts supporting YOUR claim that Mitchell Katz is liable to you in this

19   lawsuit, including a detailed statement of each specific act or omission by Mitchell Katz that YOU

20   contend makes him liable to YOU.

21   Interrogatory No. 10:

22        Are YOU suing Heather Fong in her personal capacity in addition to her official capacity?

23   Interrogatory No. 11:

24        If YOU are suing Heather Fong in her personal capacity, please state all facts supporting

25   YOUR claim that Heather Fong is liable to YOU in her personal capacity?

26   Interrogatory No. 12:

27        Are YOU suing Gavin Newsom in his personal capacity in addition to his official capacity?

28   Interrogatory No. 13:

1    If YOU are suing Gavin Newsom in his personal capacity, please state all facts supporting

2  YOUR claim that Gavin Newsom is liable to YOU in his personal capacity?

3  <u>Interrogatory No. 14</u>:

4    Are YOU suing Mitchell Katz in his personal capacity in addition to his official capacity?

5  <u>Interrogatory No. 15</u>:

6    If YOU are suing Mitchell Katz in his personal capacity, please state all facts supporting

7  YOUR claim that Mitchell Katz is liable to YOU in his personal capacity?

8

9  Dated:  August 1, 2008

10                                DENNIS J. HERRERA
                                  City Attorney
11                                JOANNE HOEPER
                                  Chief Trial Deputy
12                                SCOTT D. WIENER
                                  Deputy City Attorney
13

14

15                          /s/  Scott D. Wiener
                        By:_____
16                          SCOTT D. WIENER
                            Attorneys for Defendants
17                          CITY AND COUNTY OF SAN FRANCISCO,
                            GAVIN NEWSOM, MITCHELL KATZ,
18                          HEATHER FONG, MATTHEW MASON,
                            HUGH HALL, GREGORY HICKS, LEON LOEW,
19                          JOHN CRUDO, AND PAUL DAVIES

20

21

22

23

24

25

26

27

28

1  **COTTERILL V. CCSF, ET AL. – USDC NO. CV-08-02295 JSW**

2  **PROOF OF SERVICE**

3      I, HELEN LAU, declare as follows:

4      I am a citizen of the United States, over the age of eighteen years and not a party to the within
entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building,
5  1390 Market Street, Sixth Floor, San Francisco, CA 94102.

6      On August 1, 2008, I served the attached:

**DEFENDANT GERGORY HICKS'**
7  **FIRST SET OF INTERROGATORIES TO PLAINTIFF CHERYL COTTERILL**

8  on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed
as follows:

9
Gregory M. Haynes, Esq.                    R. Wesley Pratt, Esq.
10  2443 Fillmore, #194                        Hassard Bonnington LLP
San Francisco, CA 94115                    Two Embarcadero Center, Suite 1800
11  Telephone:    (415) 546-0777               San Francisco, CA 94111-3941
*Attorney for Plaintiff*                   Telephone:    (415) 288-9800
12                                             Facsimile:    (415) 288-9801
*Attorney for Co-Defendants The Regents of*
13                                             *The University of California, et al.*

14  and served the named document in the manner indicated below:

15  ☒    **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above
documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States
16  Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and
processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited,
17  postage prepaid, with the United States Postal Service that same day.

18      I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.
19
20      Executed August 1, 2008, at San Francisco, California.

21
                                    _____
22                                          HELEN LAU
23
24
25
26
27
28