Gregory M. Haynes, Esq.
SBN: 111574
2443 Fillmore, #194
San Francisco, CA 94115
 (415) 546-0777

Attorney for Plaintiff
Cheryl Cotterill

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Cheryl Cotterill,
    Plaintiff

                        Action No.  CV 08 2295 JSW
                        Declaration of
                        Gregory M. Haynes

City and County of
San Francisco, et al.
    Defendants

_____/

 I, Gregory M. Haynes, declare as follows:

    I am the attorney for the plaintiff herein and have personal knowledge of the facts herein set forth.

   Defense Counsel Pratt's statement to the court in the preamble to the defendants' separate case management conference statement is not only unfortunate but also untrue.

1

1   First, it should be noted that I called defense counsel Pratt on August 14,
2   2008 and advised that I received the proposed joint draft and that it
3   appeared to be fine.  I advised that I would review it and email my approval
4   if I had no other changes.
5    On August 14, 2008 at 1:07 p.m., I emailed my approval of the joint
6   statement and gave my authorization to file the same.
7    The difficulty in the matter was that Mr. Pratt did not incorporate the
8   changes I made various drafts.
9     While Mr. Pratt indicated he was going to prepare the  draft of the
10  statement,   he failed to do so in a timely manner.   Therefore, I circuited a
11  joint draft, whereupon he then incorporated my draft and circulated the
12  draft.
13   While I submitted changes to the drafts to his office, my changes were
14  not incorroporated into the draft.   On August 13, 2008 we had at least two
15  telephone discussions.  At the first call, I inquired whether he had received
16  my emails containing the changes.  He said he had.  He even read one.
17  But the changes were not reflected in the proposed draft.
18   Since the draft was a pdf file, I could not change the draft directly.
19   He indicated that he had some difficulty with word processing.  He
20  indicated he had received by emails.
21    Because of the confusion, I re-emailed by emails from 11-8-08 and the
22  current changes in response to his email of 11-13-08.
23   When I called on back on 11-13-08 for the second telephone
24  conversation, he indicated that he had all the emails.  But, just as he had
25  not reviewed the emails   as earlier as 11-8-08 when we spoke earlier on
26  the 13th, his statements all indicated that he had not read any of the
27  emails.  I then instructed him to read his emails.
28

1  Subsequently, Mr. Pratt called me back and left a message, indicating that he thought he had reviewed my emails but that somehow the emails were delayed for three hours and he therefore did not receive the emails until well after we talked.  Thus, he was indicating that while he was stating to me that he had read my emails, in fact, he had not.

  With the emails properly reviewed, he then incorporated the changes. He called me in the morning of August 14, 2008.  I called him back.  I advised him that the changes were fine and if I did not had any changes I would email him my approval.  He agreed.

  I emailed my approval at 1:07p.m.

  At approximately 4:00 p.m. I noted he had filed a separate statement.  I called his office but he was not available.

  Attached is a copy of the joint statement that I authorized to be filed at 1:07 p.m. and was agreed by all.

  I assume Mr. Pratt will file the same and if not the attached would be plaintiff version of the joint statement.

I declare that the foregoing is true and correct.  Executed on August 14, 2008

　　　　　　　　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　　　　　　　　 Gregory M. Haynes

3