IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL COTTERILL,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et. al.,<br><br>          Defendants. | No. C 08-02295 JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date of Case Management Conference: August 22, 2008<br><br>Time: 1:30 p.m.<br>Department: Courtroom 2<br><br>Judge: Hon. Jeffrey S. White<br><br>**JURY TRIAL DEMANDED** |

        Pursuant to the standing order for the judges of the Northern District of California as well as the Honorable Jeffrey S. White's Court Order of May 14, 2008, the parties hereby submit a joint case management conference statement as follows:

    **I.**    **JURISDICTION AND SERVICE**

        **A.**    **Plaintiff's Statement:**

Parties:

        Deputy San Francisco City Attorney Scott Wiener represents and City and County of San Frnacsico and other defendants employed by the City and County

-1-

of San Francisco who are as follows: Mathew Mason, Hugh Hall, Gregory Hicks, Leon Loew, Heather Fong, Mitchell Katz, Paul Davies, Gavin Newsom, John Crudo, and Paul Davies. Thereinafter, these defendants are referred to as the City defendants.

The law firm of Hassard Bonnington LLP represents the Regents of the University of California and several defendants connected with the Regents who are as follows: Ester Choo, Trudy Singzon, Jessica Fogler, Regina Graham, Tamar Seiver, Frederick Huang, Hurbert Ochitill, Rick Patel, Mark Leary, Robert Okin and Robert Dynes. Hereinafter, these defendants are referred to as the Regents defendants.

Plaintiff recently served Andrew Braun, sued herein as Anne Braun, on July 30, 2008. Plaintiff assumes for this statement that Dr. Braun is being represented by defense counsel Pratt. Mr. Pratt, however, refuses to confirm or deny that his officer is representing Andrew Braun.

Plaintiff has served the Rule 5.1 notice to the State Attorney General Office regarding the challenge to the Constitutionality of 5150 of the Welfare and Institution Code.

Service and Jurisdiciton

Jurisdiction in this action is based on a federal question. The city defendants and plaintiff do not dispute jurisdiction.

Further, all the city defendants have answered and service as to them is therefore moot.

The Regents defendants dispute jurisdiction and a motion to dismiss is set for August 15, 2008.

The Regents defendants have made a general appearance in this matter and no opinion regarding service.

Plaintiff has served the Regents defendants by serving their attorney and/or serving them individually.

### B. Defendants' Statement:

On December 26, 2007, plaintiff filed her Original Complaint in the San Francisco Superior Court (Case Number CGC 07 470461), alleging various causes of action including a violation of her constitutional rights in connection with Welfare and Institutions Code section 5150 and 5250 detentions and hospitalizations which took place July 30 through August 8, 2006, at San Francisco General Hospital. Plaintiff has sued a host of defendants, including The President of the Regents of the University of California (Robert Dynes), San Francisco Mayor Gavin Newsom, and San Francisco Police Chief Heather Fong. Plaintiff has also sued individual members of the San Francisco Police Department, and every physician who had any involvement in her care while she was a patient at San Francisco General Hospital.

On December 28, 2007, plaintiff filed her First Amended Complaint in the San Francisco Superior Court action. On April 3, 2008, plaintiff filed her Second Amended Complaint.

On May 1, 2008, defendant the City and County of San Francisco filed an Answer to the plaintiff's Second Amended Complaint. On May 2, 2008, the City and County of San Francisco filed a notice of removal of action to United States

District Court pursuant to 28 U.S.C. §§1441(b) and 1446. The action was removed to United States District Court based upon "Federal Question" and plaintiff's allegation of a violation of her federal constitutional rights.

On June 2, 2008, defendants The Regents of the University of California, Ester Choo, M.D., Trudy Singzon, M.D., Jessica Fogler, M.D., Regina Graham, M.D., Tamar Seiver, M.D., Frederick Huang, M.D., Herbert Ochitill, M.D., Richard Patel, Alicia F. Lieberman, Ph.D., Mark Leary, M.D., Robert Okin, M.D., and Robert Dynes moved to dismiss various causes of action alleged against them pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 12(f). Defendants believe that they are immune from most of the plaintiff's allegations based upon the Eleventh Amendment to the United States Constitution. The hearing date on the motion to dismiss is set for August 15, 2008. The determination on the motion to dismiss will have significant bearing on the nature and scope of discovery contemplated by The Regents of the University of California (and its employee health care providers).

Anne Braun, M.D. is a named defendant in this action. She has not been served. Plaintiff has served Andrew Braun, M.D. with a copy of this Complaint. Service upon Dr. Braun is defective, as he is not a named party (either in the original caption or by way of amendment) in this action.

II. **FACTS**

A. **Plaintiff's Version of the Facts:**

Defendant police officers unreasonably and forcibly entered plaintiff's apartment, allegedly, to determine if plaintiff was in danger. The officers had earlier come by plaintiff's apartment and she was not home. The officers then contacted the plaintiff's mother, who lived in the same apartment building, who informed them that plaintiff had just left to walk her dog.

Notwithstanding the mother's statement, the officers came back later and forced their way into plaintiff's apartment and over her objection.

After unreasonably and forcibly entering, the defendant officers without a factual basis unreasonably detained her under 5150 of the Welfare and Institution Code.

She was taken to the Pyschiatric Emergency Services and was not admitted, as she was not in danger due to a mental disorder, as required under the code.

The officers then took her to the Emergency Medical Services of the San Francisco General Hospital, where they restrained her in a gurney and left her in the hallway of the hospital.

Soon thereafter, the San Francisco General Hospital emergence staff took a medical history and treated her against her will and over her objection for what they later indicated was a mild heart attack. The history noted medication for a medical condition and the subsequent blood test show no drugs in her system other than the prescribed medication.

While in the medical unit of the hospital for less than 24 hours, personnel from the Emergency Psychiatric Services, without examination and without a proper basis, certified her for involuntary psychiatric treatment under 5250 of the Welfare and Institution Code, all in violation of said code.

Whereupon plaintiff remained in the medical unit of the hospital, as there was no beds available in the psychiatric unit from approximately July 30 to August 4, and hence no facility to treat her for the involuntary psychiatry treatment for which she was being detained.

After several days of detention at the medical unit without psychiatry evaluation, she was transfer to the psychiatric unit. She was admitted

with the conflicting admitting diagnoses: one indicating she was unable to care for herself, and the other that she was a danger to herself as a result of a mental disorder, both of which were false and without a factual basis.

Once she was assigned a psychiatrist, her unreasonable detention and diagnosis continued. While there was no evidence she was a danger to herself, her detention was continued on this basis.

Upon a mandated hearing under 5250 of the Welfare and Institution Code, a judicial officer terminated the hold and plaintiff was released.

At the time of this incident plaintiff was a self-employed paraleglal and is currently a law student.

In addition to the line officers and medical staff who actually detained her and treated her over her objections, plaintiff has also sued supervisory defendants who knew or should have known of the unlawful and unconstitutional detention practices under 5150 in San Francisco and acquiesced in such unlawful conduct.

Defendant City and County of San Francisco operates the San Francisco General Hospital and the medical and psychiatric staff, have an employee and or agent relationship with the City and may also be employees of the Regents of the University of California.

As a result of such conduct plaintiff rights under the United States Constitution and state law were violation.

### B. Defendants' Version of the Facts

On July 30, 2006, plaintiff Cheryl Cotterill (DOB July 25, 1972) had a mental breakdown in her apartment, caused a significant disturbance, broke out the windows of her apartment, and was so disruptive and over the top that neighbors called 911. The San Francisco Police went out to the apartment twice and encountered Plaintiff the second time. She was described by one officer as being in a

-6-

"catatonic state." Based upon the reports of Plaintiff's conduct and the officers' observation of her state, the officers determined that Plaintiff should be detained and taken to the hospital pursuant to California Welfare and Institutions Code section 5150.

Plaintiff was seen in the emergency department of San Francisco General Hospital. Various tests and lab results were obtained. Plaintiff was experiencing a heart attack. Plaintiff was admitted to the hospital. Throughout her hospitalization at San Francisco General Hospital, Plaintiff was seen by health care providers, including mental health care providers. While a patient at San Francisco General Hospital, the Plaintiff refused vital sign checks, blood draws, and medications. She hid under a bed sheet. Plaintiff also refused to interact with her medical team and psychiatric consult team. Plaintiff indicated that she did not like to watch TV or read because there were "special messages for her." Upon admission to the hospital, Plaintiff's urine toxicology screen was positive for amphetamines, methamphetamines, and benzodiazepines.

Plaintiff was lawfully admitted and held at the hospital pursuant to Welfare and Institutions Code sections 5150 and 5250.

On August 8, 2006, a hearing was held regarding Plaintiff's release from the hospital. A hearing officer ruled that Plaintiff could be released from the hospital against the medical advice of Tamer Seiver, M.D.

Plaintiff now sues for her arrest and detention, arguing that it was in violation of her state and federal rights.

III. **LEGAL ISSUES**

A. **Plaintiff's Points:**

1. Whether Civil Code 5150 is unconstitutional on its face.

2. Whether the officers who entered her apartment and detained her did so

-7-

unreasonably under the 4th amendment.

3. Whether the officers unreasonably detained plaintiff under 5150.

4. Whether the officers unreasonably searched plaintiff apartment.

6. Whether the medical staff unreasonably treated and detained the plaintiff under the 4th amendment.

7. Whether the treatment of the plaintiff constitute a battery and false arrest.

8. Whether her rights were violated under state law.

9. Whether the supervisors have acquiesced in the unlawful conduct complained of, in violation of the 4th amendment.

10. Whether the City has an unconstitutional policy of detaining and treating persons under 5150 and 5250

11. Whether the individual Regents defendants who worked at San Francisco General Hospital and the Psychiatric Emergency Services were "employees" of the City.

    B.  **Defendants' Points:**

    Defendants allege that the patient was properly detained pursuant to Welfare & Institutions Code sections 5150 and 5250. All the care and treatment rendered by the health care providers at San Francisco General Hospital complied with the applicable standard of care. The plaintiff's rights, either under the Federal Constitution or pursuant to state law, were never violated.

-8-

JOINT CASE MANAGEMENT STATEMENT
P:\Wdocs\HBMAIN\00045\00203\00318320.DOC-81308

## IV. MOTIONS

### A. Plaintiff's Motions:

Plaintiff plans to bring a motion to declare 5150 unconstitutional, after limited discovery.

Plaintiff also plans to bring a partial summary judgment motion, after limited discovery

### B. Defendants' Motions:

The City Defendants will be moving for summary judgment. Defendant The Regents of the University of California (as well as the individually named practitioners employed by them) believe that they are immune from the majority of plaintiff's allegations pursuant to the Eleventh Amendment to the United States Constitution. For any cause of action that survives a motion to dismiss, the health care defendants plan to file a motion for summary judgment due to the fact that all of the care and treatment rendered to the plaintiff was appropriate, within the applicable standard of care, and did not cause the patient injury and/or harm.

Defendants will be filing various motions in limine prior to the commencement of the jury trial in this case.

## V. AMENDMENT OF PLEADINGS

### A. Plaintiff's Comment:

Plaintiff is considering amending the pleadings, depending on the outcome of the motion to dismiss.

Plaintiff may also amend to allege a class action. If so, one of the persons will be those who have been restrained in the hallway or otherwise have been detained in an unreasonably manner under 5150 and in a non-approved psychiatric facility.

  B. **The Regents' Comment:**

Andrew Braun, M.D. has not been properly brought into this case as a Doe Defendant. Plaintiff has recently threatened to "take a default" against Dr. Braun if he does not file a first responsive pleading. The propriety of such an effort is questionable and may be grounds for Rule 11 sanctions.

Dr. Braun, as well as the other individually named health care practitioners, should be dismissed from this lawsuit pursuant to the Eleventh Amendment to the United States Constitution.

## VI. EVIDENCE PRESERVATION

  A. **Plaintiff's Concerns:**

Plaintiff seeks to have defendants preserve emails, notes and other electronic data.

  B. **Defendant's Position:**

The City and County Defendants have preserved evidence. Defendant The Regents of the University of California has not identified an evidence preservation issue to date.

## VII. DISCLOSURES

  A. **Plaintiff's Comment:**

Plaintiff's disclosure will be made prior to the case management conference.

  B. **Defendants' Comment:**

Defendants shall make initial disclosures prior to the first case management conference.

VIII.  **DISCOVERY**

    A.    **Plaintiff's Comment:**

Plaintiff proposes:

Written Interrogatories

25 written interrogatories per side, plaintiff may send similar interrogatory to multiple parties.

Depositions

10 Deposition per side

Requests for Admission

15 request for admissions per side, plaintiff may send similar request to multiple parites

    B.    **Defendants' Comments:**

The City Defendants have propounded requests for production and interrogatories, which are attached hereto. The City anticipates taking the deposition of Plaintiff, Plaintiff's mother, Plaintiff's neighbors (including those who called 911), and possibly physicians who treated Plaintiff at San Francisco General Hospital. The City intends to seek a psychological evaluation of Plaintiff and possibly a cardiac evaluation.

Defendant The Regents of the University of California plan to issue interrogatories, request for production of documents, records, and things, and requests for admissions (in an amount and number governed by Federal Rule). The Regents also plan to issue subpoenas for all of the plaintiff's medical (including mental health) records, disability records, educational records, employment records, and records maintained by current and former landlords.

To date, The Regents have not propounded any written discovery in the

JOINT CASE MANAGEMENT STATEMENT

federal action and await an outcome on the motion to dismiss.

With respect to depositions, defendants anticipate taking the deposition of plaintiff, her mother, the plaintiff's siblings, all of plaintiff's health care providers, and all of plaintiff's current and former employers.

The Regents also plan to conduct a pre-trial evaluation of the plaintiff, including a psychological examination.

## IX. CLASS ACTION

### A. Plaintiff's Comment:

Plaintiff is considering amending the pleadings, depending on the outcome of the motion to dismiss.

Plaintiff may also amend to allege a class action. If so, one class of persons will be those who have been restrained in the hallway or otherwise have been detained in an unreasonably manner under 5150 and in a non-approved psychiatric facility.

## X. RELATED CASES

Other than the case initially filed in the San Francisco Superior Court (CGC 07 470461), none known.

## XI. RELIEF

### A. Plaintiff's Comments:

Plaintiff seeks monetary, punitive and injunctive and declaratory relief.

### B. Defendants' Comments:

Defendants will seek their attorneys fees and costs against Plaintiff, including fees and costs associated with Plaintiff's reckless addition of individually

-12-

named Defendants who had no participation in the events giving rise to this lawsuit.

### XII. SETTLEMENT AND ADR

**A.   Plaintiff's Comment:**

The parties have agreed to mediation. Plaintiff believes that key deposition may be necessary before the court ordered mediation. While plaintiff has made a settlement demand, the defendants have indicated that settlement discussions are premature.

**B.   Defendants' Comment:**

The parties have submitted a stipulation and the Court has issued an Order on this issue.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

**A.   Plaintiff's Statement:**

Consent to Magistrate Jude for all Purposes

The City has objected to a Magistrate judge for all purposes.

**B.   Defendants' Statement:**

Defendants have not stipulated to a magistrate, and the matter has been assigned to District Court Judge Jeffrey S. White.

### XIV. OTHER REFERENCES

Too early in litigation for determination.

### XV. NARROWING OF ISSUES

**A.   Plaintiff's Comment:**

Plaintiff believes that a partial summary judgment will be helpful in narrowing the issues. Further, a further case management conference might help narrow the issues after the court decides the

-13-

1  motion to dismiss as Regents defense counsel has been reluctant to
2  discuss issues which may be moot, if the court grants the motion.

3      B.    **Defendants' Comment:**
4      After a lengthy telephone conference of more than one and a half hours,
5  defendants were unable to narrow any issues with the plaintiff.

7  XVI.    **EXPEDITED SCHEDULE**
8      A.    **Plaintiff's Comment:**
9  Plaintiff is unsure whether an expedited schedule would be
10 possible.

11     B.    **Defendants' Comment:**
12 None requested.

14 XVII.    **SCHEDULING**
15     A.    **Plaintiff's proposal:**

Plaitniff proposes the following dates:
Fact Discovery Cut-Off:         Feb. 1, 2009
Expert Discovery Cut-Off:       April 1, 2009
Last day to have dispositive motion heard:   July 24, 2009
Pretrial Conference:            August 25, 2009
Trial Date:                     Sep 29, 2009

22     B.    **Defendants' proposal:**
23 Defendants recommend a jury trial date in late September, 2009.
Discovery deadlines and law and motion deadlines to be established pursuant to the
jury trial date and by way of Court Order.

27 XVIII.    **TRIAL**
28 All parties demand a jury trial. The trial would be 3 to 4 weeks in length.

XIX. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

None known to date.

XX. **OTHER MATTERS**

A. **Plaintiff's Comment:**

Plaintiff has attempted to discuss and agree on a discovery plan but defendants have been unwilling to so discuss. Further, the party have not discussed the substantive issues regarding liability.

Given the failure to discuss these issues, plaintiff believes that an order requiring the moving party concerning a summary judgment motion to meet and confer in person with the opposing party prior to filing the motion would be helpful.

Dated: August 14, 2008

GREGORY M. HAYNES

_____
Gregory M. Haynes, Esq
Attorneys for Plaintiff
CHERYL COTTERILL

///
///

-15-