IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHERYL COTTERILL,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

No. C 08-02295 JSW

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CERTAIN CAUSES OF ACTION AND GRANTING DEFENDANT REGENTS' MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES**

Now before the Court are the motions of Defendants the Regents of California, Dr. Ester Choo, Dr. Jessica Fogler, Dr. Regina Graham, Dr. Frederick Huang, Dr. Alicia F. Lieberman, Dr. Hurbert Ochitill, Dr. Tamar Seiver, Dr. Trudy Singzon, Dr. Robert Okin, and Robert Dynes (collectively, "Defendants") to dismiss the second amended complaint of Plaintiff Cheryl Cotterill ("Plaintiff").

Having considered the parties' papers, relevant legal authority, and the record in this case, and for the reasons set forth in the remainder of this Order, the Court hereby GRANTS Defendants' motion to dismiss certain causes of action and GRANTS Defendant Regents' Motion to Strike.

**BACKGROUND**

**A.    Procedural History.**

On December 26, 2007, Plaintiff filed her original complaint in state court. She amended her complaint on December 28, 2007, and then again on April 3, 2008. In the Second Amended

Complaint ("SAC"), Plaintiff asserts seventeen causes of action, but has misnumbered them. The court will address the causes of action as referred to in Defendants' chart, which renumbers the claims in order of their appearance. (Br. at 5.)

On May 2, 2008, Defendant City and County of San Francisco ("the City") removed the action to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446.[1] On June 3, 2008, Defendants filed a motion to dismiss the third, fourth, fifth, sixth, ninth, twelfth, and seventeenth causes of action. Defendants also move to strike the prayer for punitive damages.

**B.      Factual Background.**

On July 30, 2006, co-defendant police officers, who are not parties to this motion, brought Plaintiff to the San Francisco General Hospital, Psychiatric Emergency Services ("PES"). (SAC 5:1-3.) Earlier that evening, the police had gone to the Plaintiff's apartment in response to a noise complaint resulting from a broken window. (*Id.* 3:13-16.) The police detained Plaintiff in accordance with section 5150 of the California Health and Welfare Code, which allows for a 72-hour involuntary hold on a person who is a danger to herself or others. On the application for the section 5150 hold, the police stated that Plaintiff was a danger to herself because she had broken out of the windows of her apartment, she refused to talk to the police, and she went into a "catatonic state." (*Id.* 4:20-22, 5:6-21.)

After telling PES that she did not intend to harm herself, Plaintiff was brought to the emergency department, where she was given medication. (*Id.* 6:18.) Plaintiff alleges that she did not consent to the treatment she received. (*Id.* 6:14-20.) Plaintiff was later admitted to the department of family and community medicine, which she alleges, was done without her consent and against her will. (*Id.* 6:23-26.) On July 31, 2006, a defendant doctor placed Plaintiff under a section 5250 hold, authorizing up to fourteen more days for further evaluation and treatment. (*Id.* 7:5-11.)

On August 4, 2006, Plaintiff was admitted to the psychiatric unit. One defendant doctor indicated that Plaintiff was gravely disabled and another noted that Plaintiff was unorganized

---

[1] The City filed an Amended/Corrected/Supplemental Notice of Removal on May 16, 2008, explaining that the other defendants had not joined in the petition because those defendants had not been served. Plaintiff then served the Regents on May 19, 2008.

2

and unable to care for herself. (*Id.* 8:15-19; 9:1-3.) Upon yet another defendant doctor's direction, the hospital released Plaintiff on August 8, 2006. (*Id.* 9:20-28.)

Plaintiff alleges that Defendants violated her civil rights under 42 U.S.C. Section 1983 ("Section 1983"). She also brings numerous state law claims against Defendants, including claims for negligence and negligent infliction of emotional distress.

## ANALYSIS

**A.  Legal Standards.**

**1.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken as true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**2.  Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f).**

Under Rule 12(f), a court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. Rule Civ. P. 12(f). A motion to strike should be resorted to only when the matter to be stricken could have no possible bearing on the issues in litigation. *LeDuc v. Kentucky Central Life Ins. Co.,* 814 F. Supp. 820, 830 (N.D. Cal. 1992).

**B.      Motion to Dismiss Claims Against the Regents and Individual Defendants.**

   **1.      The Regents Are Entitled to Eleventh Amendment Immunity.**

Defendants contend that the Regents of California ("the Regents") and the individual Defendants ("Individual Defendants") are subject to Eleventh Amendment immunity from Plaintiff's Section 1983 claims. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Beentjes v. Placer County Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005) (quoting *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)). The Regents is entitled to Eleventh Amendment immunity because a California college district is considered a state agency. *See Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988).

Plaintiff contends that the Regents has waived its Eleventh Amendment immunity by cooperating in the removal of this case.[2] (Opp. Br. at 7.) The Supreme Court has held that a state waives its immunity when it joins in removing a case to federal court. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 620 (2002). With the exception of class action suits, the well-established "rule of unanimity" requires all defendants to join in or consent to a removal petition. *Gableman v. Peoria*, 179 U.S. 335, 337 (1900); *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006). Although the Ninth Circuit has not addressed whether written consent is required, some circuits have implied that consent may be oral, so long as it is a "clear and unambiguous" submission to the court. *See Getty Oil v. Ins. Co. of No. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (holding that there must be a timely filed written consent from each defendant); *Sansone v. Morton Machine Works, Inc.*, 188 F. Supp. 2d 182,

---

[2] Plaintiff also contends that the Regents did not timely file this motion. A defendant who did not answer before removal must file a responsive pleading within twenty days of being served. Fed. R. Civ. Proc. 81(c)(2). Plaintiff concedes that she served the Regents on May 19, 2008. (Opp. Br. at 11). Therefore, the Regents timely filed the motion on June 3, 2008, three days before the June 6, 2008 deadline.

4

185 (D.R.I. 2002) (consent to removal must be manifested clearly and unequivocally to the court); *Dubon v. HBSC Bank Nevada, N.A.*, No. 05-2799, 2005 U.S. Dist. Unpub. LEXIS 37290, at *8 (N.D. Cal. Sept. 25, 2005) (defective removal where defendants failed to express their consent via oral or written communication to the court).

Here, removal was brought by co-defendant, the City, which is not a party to this motion. Plaintiff argues that the Regents voluntarily invoked federal court jurisdiction because they "accepted" the City's removal. (Opp. Br. at 11.) However, moving Defendants did not formally join in the petition, nor is there evidence that they submitted clear consent to remove. Because Defendants have not expressed an unequivocal submission of consent to the Court, the Court finds that the Regents has not waived its Eleventh Amendment immunity. Therefore, Plaintiff's fifth and sixth claims against the Regents are barred.

**2.      Individual Defendants Are Entitled to Eleventh Amendment Immunity.**

Defendants argue that the Individual Defendants are sued in their official capacities and are thus protected by Eleventh Amendment immunity.

The Eleventh Amendment bars suits against state officials where the state is the real party in interest. *Bair v. Krug*, 853 F. 2d 672, 675 (9th Cir. 1988). In *Bair*, the court held that the Eleventh Amendment barred claims against three state officials because the plaintiffs sought only retroactive relief and did not name the officials in their individual capacities. *Id.* The court reiterated the general rule that a state is the real party in interest where "the judgment sought would expend itself on public treasury or domain, or interfere with the public administration ...." *Id.* (citing *Demery v. Kupperman*, 735 F.2d 1139, 1146 (9th Cir. 1984)).

Here, Plaintiff's SAC fails to specify whether she sues the Individual Defendants in their official capacities, individual capacities, or both. In her opposition, Plaintiff contends that the Individual Defendants are sued in their individual capacities. However, Plaintiff has not set forth any facts indicating that the Individual Defendants acted outside the course and scope of their employment. Plaintiff's allegations of unreasonable seizure, excessive force, and failure to supervise, involve acts that occurred while the Individual Defendants were providing treatment in their official capacities. (*See* SAC at 12-27.) Therefore, the Eleventh Amendment bars

5

Plaintiff's claims for monetary relief against the Individual Defendants in their official capacities. *See Southern Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990).[3] To the extent Plaintiff can allege facts demonstrating that she is capable of suing the Individual Defendants in their individual capacities, Plaintiff may file an amended complaint, with the correct numbering of claims, by no later than September 2, 2008.

### 3. Certain Claims are Time-Barred Under California Law.

Defendants assert that Plaintiff's ninth, twelfth, and seventeenth claims for professional negligence, negligent infliction of emotional distress, and negligence are time-barred under California law.

In California, the statute of limitations for professional negligence is "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." Cal. Code Civ. P. § 340.5. Plaintiff became aware of her alleged injury when she was released from the hospital on August 8, 2006. Because she filed her complaint more than one year later, on December 26, 2007, her claims for negligence and negligent infliction of emotional distress are time-barred.

Plaintiff argues that her negligence and negligent infliction of emotional distress claims are not time-barred under the provisions of the California Tort Claims Act ("the Act"). Under the Act, a plaintiff must present a claim for personal injury to the public entity before she can bring suit against it for money or damages. Cal. Gov. Code § 954.4. The primary purposes are to (1) give notice to the public entity so that it can investigate the claim and determine the facts, and (2) avoid unnecessary lawsuits by facilitating settlement. *Wood v. Riverside Gen. Hosp.*, 25 Cal. App. 4th 1113, 1117 (1994). A plaintiff must bring her claim within six months of its accrual and the public entity then has 45 days to accept or reject it, during which time the plaintiff cannot file suit. Cal. Gov. Code §§ 911.2(a), 912.4. If the entity rejects the claim, the plaintiff has six months to bring suit. *Id.* § 945(a)(1). The Act also specifies that the claim must

---

[3] Plaintiff requests that the Court remand the case if it finds that Defendants are entitled to Eleventh Amendment immunity. However, because the City remains as a defendant with pending federal claims, the Court may not remand the case to state court.

be signed by the claimant or by someone on her behalf, and that it must be delivered or mailed to the clerk, secretary, or auditor of the public entity. *Id.* §§ 910.2, 915.

Although Plaintiff states that she has complied with the Act (SAC 3:7-8), she provides no record of the claim. However, even if she were to present a proper administrative claim, Plaintiff did not file her complaint in time. The statute of limitations on the negligence claims began to run when Plaintiff was released from the hospital on August 8, 2006. Under the Act, she had until February 8, 2007 to file a claim with the Regents, and the Regents had until March 26, 2007 to accept or reject the claim. Plaintiff had another six months to file her suit, resulting in a final deadline of September 26, 2007. However, Plaintiff did not file her complaint until December 26, 2007. Therefore, the professional negligence and negligent infliction of emotional distress claims against the Regents and the Individual Defendants are time-barred. Cal. Gov. Code § 950.2 (cause of action against public employee is barred if an action against the employee public entity is barred).

### 4. Plaintiff's Negligence Claim is Duplicative of Her Professional Negligence Claim and is Similarly Barred By the Statute of Limitations.

Plaintiff's seventeenth cause of action alleges negligence against the Regents and its employees. However, negligence asserted against a health care provider cannot be brought as two separate claims of general negligence and professional negligence. *See Flowers v. Torrance Mem'l Hosp. Med. Ctr.*, 8 Cal. 4th 992, 995 (1994). In *Flowers*, the plaintiff brought an action against a hospital and nurse for negligently failing to secure the bedrails on a gurney. The court concluded that with respect to substantive questions of law, general and professional negligence comprise one form of action. *Id.*

Plaintiff argues that her negligence claim is not duplicative, citing *Gonzalez v. Paradise Valley Hosp.*, 111 Cal. App. 4th 735 (2003), and *Jacobs v. Grossmont Hospital*, 108 Cal. App. 4th 69 (2003). In *Gonzalez*, the patient committed suicide after escaping from the hospital's psychiatric unit while on a section 5150 hold. Although Plaintiff claims that *Gonzalez* is an general negligence case, the opinion clearly states that the plaintiffs sued the defendants for *professional* negligence. 111 Cal. App. 4th at 738. There was no separate claim for general

7

negligence. Therefore, *Gonzalez* provides no support for Plaintiff's contention that Defendants can be liable for both types of negligence.

In *Jacobs*, the plaintiff sued the hospital for professional negligence and premises liability after she tripped and fell during a section 5150 hold. 108 Cal. App. 4th at 71. Although the plaintiff was able to bring both claims, the general negligence claim of premises liability was based on her allegation that her fall was caused by a substance left on the floor. *Id.* at 72-73.

Here, Plaintiff has not brought any type of premises liability claim and thus, the *Jacobs* analysis is inapposite. Because the alleged negligent acts occurred while Defendants were rendering professional services as health care providers, the Court finds that Plaintiff's negligence claim is duplicative of her cause of action for professional negligence and is similarly barred by the three-year statute of limitations.

**C.      Motion to Strike Punitive Damages Against the Regents.**

Defendants move to strike Plaintiff's request for punitive damages. In her opposition, Plaintiff concedes that she cannot receive punitive damages from the Regents or the City. However, she does not specify whether she seeks punitive damages from the Individual Defendants.

Under both federal and state law, a public entity, such as the Regents, cannot be sued for punitive damages unless expressly authorized by statute. *Sanchez v. City of Riverside*, 596 F. Supp. 193, 195 (C.D. Cal. 1984) (citing *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 260, n. 21 (1981)); *see also* Cal. Gov. Code § 818 ("[n]otwithstanding any other provisions of law, a public entity is not liable for damages awarded under § 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.").

Here, Plaintiff may not maintain a claim for punitive damages against the Regents because it is a public entity. Therefore, any claim for punitive damages against the Regents is stricken.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Plaintiff's third, fourth, fifth, sixth, seventh, tenth, and thirteenth causes of action. The Court GRANTS Defendants' motion to strike the prayer for punitive damages against the Regents.

The case management conference is HEREBY CONTINUED to October 10, 2008 at 1:30 p.m. The parties shall file a *joint* case management conference statement by no later than October 3, 2008.

**IT IS SO ORDERED.**

Dated: August 19, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE