HASSARD BONNINGTON LLP
MARC N. ZIMMERMAN, ESQ., State Bar No. 100521
R. WESLEY PRATT, ESQ., State Bar No. 191159
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: rwp@hassard.com

Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ESTHER CHOO, M.D. (sued herein as "ESTER CHOO"), TRUDY SINGZON, M.D., JESSICA FOGLER, M.D., REGINA GRAHAM, M.D., TAMAR SEIVER, M.D., FREDERICK HUANG, M.D., HURBERT OCHITILL, M.D., RICHARD PATEL, M.D. (sued herein as "RICK PATEL"), ALICIA F. LIEBERMAN, Ph.D., MARK LEARY, M.D., ROBERT OKIN, M.D., and ROBERT DYNES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHERYL COTTERILL,

Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANCISCO, MATHEW MASON, HUGH HALL, GREGORY HICKS, LEON LOEW, HEATHER FONG, MITCHELL KATZ, REGENTS OF THE UNIVERSITY OF CALIFORNIA, PAUL DAVIES, GAVIN NEWSOM, JOHN CRUDO, ANNE BRAUN, ESTER CHOO, TRUDY SINGZON, JESSICA FOGLER, REGINA GRAHAM, TAMAR SEIVER, FREDERICK HUANG, HURBERT OCHITILL, RICK PATEL, ALICIA F. LIEBERMAN, MARK LEARY, ROBERT OKIN, ROBERT DYNES, and DOES 1 to 30,

Defendants.

No. C 08-02295 JSW

ANSWER OF DEFENDANTS THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ESTHER CHOO, M.D., TRUDY SINGZON, M.D., JESSICA FOGLER, M.D., REGINA GRAHAM, M.D., TAMAR SEIVER, M.D., FREDERICK HUANG, M.D., HURBERT OCHITILL, M.D., RICHARD PATEL, M.D. (sued herein as "RICK PATEL"), ALICIA F. LIEBERMAN, Ph.D., MARK LEARY, M.D., ROBERT OKIN, M.D., and ROBERT DYNES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**JURY TRIAL DEMANDED**

/ / /

/ / /

/ / /

**INTRODUCTION**

Defendants, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ESTHER CHOO, M.D., TRUDY SINGZON, M.D., JESSICA FOGLER, M.D., REGINA GRAHAM, M.D., TAMAR SEIVER, M.D., FREDERICK HUANG, M.D., HURBERT OCHITILL, M.D., RICHARD PATEL, M.D., ALICIA F. LIEBERMAN, Ph.D., MARK LEARY, M.D., ROBERT OKIN, M.D., and ROBERT DYNES (hereinafter "defendants") hereby answer plaintiff's Second Amended Complaint (hereinafter "SAC"). Defendants deny all allegations of wrongdoing and any allegations giving rise to liability.

1. Answering section "I" of plaintiff's SAC, located on page 2, defendants admit, deny and/or allege as follows: Defendants admit that plaintiff Cheryl Cotterill filed this lawsuit. Defendants deny they engaged in any wrongful act, wrongdoing, or that they are liable to plaintiff.

2. Answering section "II" of plaintiff's SAC, located on pages 2-3, defendants admit, deny and/or allege as follows: Regarding the first paragraph, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them. Regarding the second paragraph, defendants admit that Regina Graham, M.D. Tamar Seiver, M.D., Frederick Huang, M.D., Hurbert Ochitill, M.D., Trudy Singzon, M.D., Alicia F. Lieberman, Ph.D., Jessica Fogler, M.D., Rick Patel, M.D., Mark Leary, M.D., Robert Okin, M.D. and Robert Dynes were agents and/or employees of The Regents of the University of California in July and August of 2006. With respect to Mitchell Katz, M.D., this Answer is not filed on behalf of him. Answering defendants lack sufficient information to admit or deny the allegations in this second paragraph as they pertain to Dr. Katz. With respect to the third paragraph, answering defendants lack sufficient information to admit or deny the allegations contained in it, and, accordingly, the third paragraph is denied. With respect to the fourth and final paragraph in this section, defendants admit that The Regents of the University of California is a public entity and California corporation that

is authorized to operate in the State of California.

3. Answering section "III" of plaintiff's SAC, located on pages 3-5, defendants admit, deny and/or allege as follows: With respect to the first paragraph, defendants lack sufficient information to admit or deny the allegations in this paragraph and therefore deny those allegations. With respect to the second paragraph, defendants lack sufficient information to admit or deny the allegations in it and therefore deny those allegations. With respect to the third paragraph, defendants lack sufficient information to admit or deny the allegations in it and therefore deny those allegations. With respect to the fourth paragraph, defendants lack sufficient information to admit or deny the allegations in it and therefore deny those allegations. With respect to the fifth paragraph, defendants lack sufficient information to admit or deny the allegations in it and therefore deny those allegations. With respect to the sixth paragraph, defendants lack sufficient information to admit or deny the allegations in it and therefore deny those allegations. With respect to the seventh paragraph, defendants lack sufficient information to admit or deny the allegations in it and therefore deny those allegations. With respect to the eighth paragraph, constituting one sentence, defendants lack sufficient information to admit or deny the allegations in the one-sentence paragraph and therefore deny the allegations. With respect to the ninth paragraph, which is one sentence in length, defendants lack sufficient information to admit or deny the allegations in the paragraph and therefore deny those allegations. With respect to the tenth paragraph, defendants admit that the patient was brought to the emergency department at San Francisco General Hospital on July 30, 2006. With respect to allegations regarding the conduct of police officers, defendants lack sufficient information to admit or deny the allegations in this paragraph and therefore deny those allegations. With respect to the eleventh paragraph, defendants admit that the patient was brought to the emergency department at San Francisco General Hospital on July 30, 2006. With respect to the conduct of police officers, defendants lack sufficient information to admit or deny the

allegations in this paragraph and therefore deny them. With respect to the twelfth paragraph, defendants admit that the patient was detained lawfully pursuant to California Welfare & Institutions Code section 5150 on July 30, 2006. With respect to observations and conduct of the police officers, defendants lack sufficient information to admit or deny the allegations in this paragraph and therefore deny them.

4. Answering section "IV" of plaintiff's SAC, located on pages 5-10, defendants admit, deny and/or allege as follows: With respect to the first paragraph, defendants admit that the patient was appropriately assessed in the emergency department at San Francisco General Hospital on July 30, 2006. Defendants deny that the plaintiff was not a threat to herself when she was assessed in the emergency department on July 30, 2006. Defendants lack sufficient information to admit or deny specific allegations set forth in this section of plaintiff's SAC. With respect to the second paragraph, defendants deny that the plaintiff was refused any medical services. Defendants admit that the patient was lawfully and appropriately placed on a 5150 hold. Defendants lack sufficient information to admit or deny the specific allegations set forth by the plaintiff in this paragraph and therefore deny them. With respect to the third paragraph, defendants admit that the patient was appropriately placed on a lawful 5150 hold. Defendants lack sufficient information to admit or deny the plaintiff's specific allegations contained within this paragraph and therefore deny them. With respect to the fourth paragraph contained within this section, "consent" calls for a legal conclusion. At this stage in the litigation, the necessity for "consent" is the topic of discovery. At this juncture, defendants lack sufficient information to admit or deny the specific allegations in this paragraph and therefore deny them. With respect to the fifth paragraph, defendants admit that the plaintiff was experiencing a myocardial infarction as of July 30, 2006. With respect to the specific allegations in this paragraph, defendants lack sufficient information to admit or deny them and therefore deny the allegations. With respect to the sixth paragraph, constituting one sentence in length, defendants deny that the plaintiff was treated by Dr. Anne Braun

on July 30, 2006. Defendants admit that the plaintiff was fully and adequately assessed by health care providers at San Francisco General Hospital, including personnel in the emergency department. With respect to the seventh paragraph, defendants admit that the plaintiff was admitted to the hospital and was fully, completely, and adequately assessed by health care providers. Defendants lack sufficient information to admit or deny the specific allegations of this paragraph and therefore deny those allegations. With respect to the eighth paragraph, defendants admit that during this hospitalization, the plaintiff refused to speak with health care providers. Defendants admit that plaintiff's refusal to communicate with health care providers contributed to the differential diagnoses reached by health care providers. Defendants lack sufficient information to admit or deny the specifics of this paragraph and therefore deny them. With respect to the ninth paragraph of this section, defendants admit that plaintiff's detention pursuant to Welfare & Institutions Code section 5150 was timely converted to a Welfare & Institutions Code section 5250 hold. With respect to the specific allegations contained in this paragraph, defendants lack sufficient information to admit or deny the specifics and therefore deny them. With respect to tenth paragraph of this section, defendants admit that the patient was timely and properly designated as a patient to be hospitalized pursuant to California Welfare & Institutions Code section 5250. With respect to the specific allegations contained within this paragraph, defendants lack sufficient information to admit or deny the specifics and therefore deny them. With respect to the eleventh paragraph of this section, which is a one-sentence paragraph, defendants deny that Alicia F. Lieberman, Ph.D. ever had any interaction with the patient or that she rendered any care or treatment to her. With respect to the twelfth paragraph of this section, defendants admit that the patient received a probable cause hearing regarding her continued hospitalization on August 1, 2006. Defendants admit that a certification review hearing occurred on August 1, 2006, and was overseen by Judge Pro Tempore Stella Pantazis. Defendants admit that the patient was represented at the

hearing by a representative from the San Francisco Public Defender's Office. Defendants admit that Judge Pentazis ordered the patient's hospitalization to continue pursuant to Welfare & Institutions Code section 5250. With respect to the remainder of the facts alleged in this paragraph, defendants lack sufficient information to admit or deny plaintiff's specific allegations in this paragraph and they are therefore denied. With respect to the thirteenth paragraph of this section, defendants admit that the patient was fully and completely cared for by health care providers at San Francisco General Hospital, including a full and complete assessment through the department of psychiatry. Defendants admit that the patient was hospitalized on the fifth floor of San Francisco General Hospital as of August 2, 2006. Defendants admit that the patient was later transferred to a different floor within the hospital. Defendants lack sufficient information to admit or deny any of the other specific allegations set forth in this paragraph and they are therefore denied. With respect to the fourteenth paragraph of this section, defendants lack sufficient information to admit or deny this paragraph and therefore deny the allegations. With respect to the fifteenth paragraph of this section, defendants admit that the patient was fully and adequately assessed by the medical and psychiatry staff at all times while she was hospitalized at San Francisco General Hospital. Defendants admit that the plaintiff was assessed by a member of the psychiatry team on August 3, 2006. Defendants lack sufficient information to admit or deny plaintiff's specific allegations in this paragraph and therefore deny them. With respect to the sixteenth paragraph of this section, defendants admit that the patient was fully and completely evaluated at all times during her hospitalization. Defendants admit that on August 4, 2006, the plaintiff was appropriately assessed by health care providers, including a psychiatrist. Defendants lack sufficient information to admit or deny the specific allegations in this paragraph and therefore deny them. With respect to the seventeenth paragraph of this section, defendants admit that the patient was moved to a different floor sometime during her hospitalization. Defendants also admit that the plaintiff was fully

and adequately assessed and treated by health care providers, including psychiatrists, during her hospitalization. Defendants admit that as of August 4, 2006, the plaintiff was continuing on a 5250 hold. Defendants lack sufficient information to admit or deny the specific allegations in this paragraph and therefore deny them. As to the eighteenth paragraph of this section, defendants lack sufficient information to admit or deny the specific allegations contained within this paragraph and therefore deny them. As to the nineteenth paragraph of this section, defendants admit that the patient continued on a 5250 hold as of August 5, 2006. Defendants lack sufficient information to admit or deny the specific allegations alleged in this paragraph and therefore deny them. As to the twentieth paragraph of this section, defendants admit that the patient continued on a 5250 hold as of August 7, 2006. Defendants also admit that the patient received adequate and complete medical care from health care providers, including psychiatrists, as of August 7, 2006. Defendants lack sufficient information to admit or deny any of the specific allegations contained in this paragraph and therefore deny them. As to the twenty-first paragraph of this section, defendants lack sufficient information to admit or deny the specific allegations in this paragraph and therefore deny them. As to the twenty-second paragraph of this section, defendants admit that on August 8, 2006, the plaintiff was fully and completely assessed and treated by health care providers, including psychiatrists. As to the twenty-third paragraph of this section, defendants lack sufficient information to admit or deny the specific allegations in this paragraph and therefore deny them. As to the twenty-fourth paragraph of this section, defendants deny that the patient had an untimely hearing concerning plaintiff's 5250 hold. Defendants admit that plaintiff had a timely hearing regarding her Welfare & Institutions Code section 5250 hold on August 1, 2006. Defendants admit that Judge Pro Tempore Julian Sapirstein modified Judge Stella Pantazis' prior order of August 1, 2006. Defendants admit that, on August 8, 2006, Judge Sapirstein legally released the plaintiff from the Welfare & Institutions Code section 5250 hold against medical advice. As to the twenty-fifth

paragraph of this section, defendants admit that the plaintiff was released from the hospital on August 8, 2006, against medical advice. As to the twenty-sixth paragraph of this section, defendants admit that laboratory test results indicated that the plaintiff used illegal street drugs. Defendants lack sufficient information to admit or deny the specific allegations in this paragraph and therefore deny them. As to the twenty-seventh paragraph of this section, defendants deny the allegations set forth in this paragraph. Defendants admit that plaintiff was lawfully detained pursuant to Welfare & Institutions Code sections 5150 and 5250 during her hospitalization from July 30, 2006 to August 8, 2006, at San Francisco General Hospital.

5. Answering section "V" of plaintiff's SAC, located on pages 10-11, defendants admit, deny and/or allege as follows: The allegations in this cause of action set forth on pages 10-11 of the SAC appear to pertain to the co-defendants, and not answering defendants. Defendants deny the allegations in this section to the extent that they relate to the answering defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

6. Answering section "VI" of plaintiff's SAC, located on pages 11-12, defendants admit, deny and/or allege as follows: The allegations in this cause of action set forth on pages 11-12 of the SAC appear to pertain to the co-defendants, and not answering defendants. Defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

7. Answering section "VII" of plaintiff's SAC, located on pages 12-13, defendants admit, deny and/or allege as follows: As to answering defendants, the allegations in this cause of action set forth on pages 12-13 of the SAC have been dismissed by way of Court Order. Nonetheless, defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations

that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

8. Answering section "VIII" of plaintiff's SAC, located on pages 13-14, defendants admit, deny and/or allege as follows: As to answering defendants, the allegations in this cause of action set forth on pages 13-14 of the SAC have been dismissed by way of Court Order. Nonetheless, defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

9. Answering section "IX" of plaintiff's SAC, located on pages 14-15, defendants admit, deny and/or allege as follows: As to answering defendants, the allegations in this cause of action set forth on pages 14-15 of the SAC have been dismissed by way of Court Order. Nonetheless, defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

10. Answering section "X" of plaintiff's SAC, located on pages 15-17, defendants admit, deny and/or allege as follows: As to answering defendants, the allegations in this cause of action set forth on pages 15-17 of the SAC have been dismissed by way of Court Order. Nonetheless, defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

11. Answering section "XI" of plaintiff's SAC, located on pages 17-18, defendants admit, deny and/or allege as follows: The allegations in this cause of action set forth on pages 17-18 of the SAC appear to pertain to the co-defendants, and "hospital staff." Nonetheless, defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may

relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

12. Answering section "XII" of plaintiff's SAC, located on pages 18-19, defendants admit, deny and/or allege as follows: Defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

13. Answering section "XIII" of plaintiff's SAC, located on pages 19-20, defendants admit, deny and/or allege as follows: As to answering defendants, the allegations in this cause of action set forth on pages 19-20 of the SAC have been dismissed by way of Court Order. Nonetheless, defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

14. Answering section "XIV" of plaintiff's SAC, located on pages 20-21, defendants admit, deny and/or allege as follows: Defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

15. Answering section "XV" of plaintiff's SAC, located on pages 21-22, defendants admit, deny and/or allege as follows: Defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

16. Answering section "XVI" of plaintiff's SAC, located on pages 22-

23 defendants admit, deny and/or allege as follows: As to answering defendants, the allegations in this cause of action set forth on pages 22-23 of the SAC have been dismissed by way of Court Order. Defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

17. Answering section "XVII" of plaintiff's SAC, located on pages 23-24, defendants admit, deny and/or allege as follows: Defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

18. Answering the second section numbered "XVII" of plaintiff's SAC, located on pages 24-25, defendants admit, deny and/or allege as follows: Defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

19. Answering section "XVIII" of plaintiff's SAC, located on pages 25-26, defendants admit, deny and/or allege as follows: Defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

20. Answering section "XIX" of plaintiff's SAC, located on pages 26-27, defendants admit, deny and/or allege as follows: Defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering

defendants lack sufficient information to admit or deny the allegations and therefore deny them.

21. Answering section "XX" of plaintiff's SAC, located on page 27, defendants admit, deny and/or allege as follows: As to answering defendants, the allegations in this cause of action set forth on page 27 of the SAC have been dismissed by way of Court Order. Defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

22. Answering the first section "XXI" of plaintiff's SAC, located on pages 27-29, defendants admit, deny and/or allege as follows: Defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

23. Answering the second section labeled "XXI" of plaintiff's SAC, located on pages 27-29, defendants admit, deny and/or allege as follows: Defendants deny the allegations in this section to the extent that they relate to the defendants. Regarding the allegations that may relate to the City defendants and its employees, answering defendants lack sufficient information to admit or deny the allegations and therefore deny them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff's Second Amended Complaint fails to state facts sufficient to constitute a cause of action against defendants.

////

////

**SECOND AFFIRMATIVE DEFENSE**

(Eleventh Amendment)

Pursuant to the Eleventh Amendment to the United States Constitution, plaintiff does not have the right to sue defendants in Federal Court based upon a deprivation of her Federal Constitutional rights.

**THIRD AFFIRMATIVE DEFENSE**

(No Monell Liability)

The Second Amended Complaint fails to state a federal Civil Rights claim under the doctrine announced in Monell v. Department of Social Services (1978) 436 U.S. 658.

**FOURTH AFFIRMATIVE DEFENSE**

(Privileged and Justified Conduct)

Defendants' conduct at all times herein was privileged and/or justified under the applicable law.

**FIFTH AFFIRMATIVE DEFENSE**

(Reasonable Force)

No more force was used on plaintiff's person than was necessary to effect lawful detention, to overcome any resistance thereto, to prevent escape therefrom, to prevent injury to the health care providers, and to facilitate and safeguard adequate and complete medical care.

**SIXTH AFFIRMATIVE DEFENSE**

(Immunity From Exemplary Damages)

The Regents of the University of California is a public entity and therefore immune from the liability for exemplary damages pursuant to Section 818 of the California Government Code, and pursuant to federal law. The individual defendants, in their official capacities, share this immunity.

////

////

**SEVENTH AFFIRMATIVE DEFENSE**

(No Intent to Deprive of Constitutional Rights)

Defendants at all times acted in good faith, reasonably, truthfully and/or without any intent to deprive plaintiff of any rights under the federal or state constitutions, or under any federal or state statutes, thereby entitling defendants to immunity from suit.

**EIGHTH AFFIRMATIVE DEFENSE**

(Good Faith)

Defendants at all times material hereto, acting with subjective and/or objective good faith, such that any claim for relief the plaintiff may have is barred by law.

**NINTH AFFIRMATIVE DEFENSE**

(No Malice or Bad Faith)

Defendants did not act with malice or bad faith, in reckless disregard, or in an oppressive or willful manner, nor did they intend to harm plaintiff or deprive plaintiff of any rights.

**TENTH AFFIRMATIVE DEFENSE**

(Qualified Immunity)

Defendants are immune from suit under the doctrine of qualified immunity.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Absolute Immunity)

Defendants are immune from suit under the doctrine of absolute immunity.

**TWELFTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

Plaintiff was negligent in and about the facts and things set forth in her Second Amended Complaint, and that carelessness or negligence caused or

contributed to the injuries, if any, of which plaintiff complaints.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

These defendants allege that the allegations set forth in plaintiff's Second Amended Complaint are barred by the provisions of the applicable statutes, including but not limited to the provisions of Sections 335.1, 340(a)-(e), 340.4, 340.5, 364(a)-(f) and 474, including all subdivisions, of the Code of Civil Procedure, and including claims filed against public entities such as these answering defendants, including Government Code sections 945.4 and 945.5 and related sections thereof.

**FOURTEENTH AFFIRMATIVE DEFENSE**

These defendants allege that the injuries and damages complained of by plaintiff, if there were any, were wholly or in part directly caused by the negligence and/or willful and intentional acts of persons or entities other than these defendants, and said negligence is either imputed to plaintiff by reason of the relationship between plaintiff and said persons or entities, and/or comparatively reduces the proportion of alleged negligence and corresponding alleged liability of these defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

These defendants state that, in the event they are found to be negligent (which supposition is denied and merely stated for the purposes of this affirmative defense), these defendants may elect to introduce evidence of any amount paid or payable, if any, as a benefit pursuant to Civil Code section 3333.1.

**SIXTEENTH AFFIRMATIVE DEFENSE**

These defendants state that, in the event they are found to be negligent (which supposition is denied and merely stated for the purposes of this affirmative defense), the damages for non-economic losses, if any, shall not exceed the amount specified in Civil Code section 3333.2.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

These defendants state that, in the event they are found to be negligent

(which supposition is denied and merely stated for the purposes of this affirmative defense), these defendants may elect to have future damages, if any, in excess of the amount specified in Code of Civil Procedure section 667.7, paid in whole or in part, as specified in Code of Civil Procedure section 667.7.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

These defendants allege that they are entitled to the benefits, defenses, rights, immunities, and provisions set forth and contained in Business & Professions Code section 6146 and Code of Civil Procedure sections 364 and 365.

**NINETEENTH AFFIRMATIVE DEFENSE**

These defendants allege that they, acting in good faith at the times mentioned in said Complaint, rendered emergency care, at the scene of the emergency, as defined by Business & Professions Code section 2395.

**TWENTIETH AFFIRMATIVE DEFENSE**

These defendants allege that any injuries were the result of plaintiff's employer and that said negligence is a bar to the recovery by the employer of any of the sums which it has been obligated to pay or will be obligated to pay in workers' compensation benefits, maintenance, cure, or similar benefits to plaintiff and that defendants are entitled to a credit against any judgment that may be rendered against them in favor of the plaintiff in said amount.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

These defendants allege that plaintiff was informed and otherwise had reason to know of the risks and hazards in connection with the matters referred to in the Complaint, and the plaintiff assumed the risk of said risks and hazards at the time and place referred to therein.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

These defendants allege, upon information and belief, that a certain sum has been or will be paid to plaintiff as compensation for the same damages she seeks against these defendants and, therefore, said defendants are entitled to set-off

in said amount against any judgment or recovery plaintiff may recover against defendants.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

These defendants allege, upon information and belief, that plaintiff has failed to minimize or mitigate each of her damages, if any.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

These defendants allege that plaintiff has not complied with the joinder of parties requirements of Code of Civil Procedure sections 377, 378, and 389.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

These defendants are entitled to the full benefits and protections provided under Sections 1431.1, et seq., of the Civil Code, otherwise entitled the "Fair Responsibility Act of 1986."

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

These defendants allege that the injuries complained of were caused by the natural course of a disease or condition, or were the natural or expected results of reasonable treatment rendered for this disease or condition, and plaintiff's claims herein are barred by California Civil Code section 1714.8.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that the provisions of the Public Liability Act of the California Government Code are to be used as the measure of the duty of these answering defendants.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to Government Code section 815.2 in that defendants and defendants' employees are immune from liability and/or the alleged acts or omissions complained of by plaintiff in the Complaint, and they would not give rise to a cause of action against said employees.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to Government Code

section 815.6 in that defendants exercised reasonable diligence at all times referred to in plaintiff's Complaint.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to Government Code section 820.2 in that the acts, omissions, and conduct complained of by plaintiff were the result of the exercise of discretion vested in defendants and defendants' employees.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to Government Code section 820.8 in that the injuries alleged by plaintiff were caused by the acts or omissions of persons other than defendants' employees.

WHEREFORE, defendants pray as follows:

1. That plaintiff take nothing by way of her Second Amended Complaint.

2. That the Court dismiss plaintiff's Second Amended Complaint with prejudice.

3. That the Court enter judgment in defendants' favor and adversely to plaintiff on the Second Amended Complaint and on each cause of action therein.

4. That the Court award defendants their attorneys' fees and costs of suit.

////

////

////

////

////

////

////

5. That the Court provide such additional relief as it deems appropriate.

Dated: August 28th, 2008

HASSARD BONNINGTON LLP

By: R. Wesley Pratt

R. Wesley Pratt
Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ESTHER CHOO, M.D. (sued herein as "ESTER CHOO"), TRUDY SINGZON, M.D., JESSICA FOGLER, M.D., REGINA GRAHAM, M.D., TAMAR SEIVER, M.D., FREDERICK HUANG, M.D., HURBERT OCHITILL, M.D., RICK PATEL, M.D., ALICIA F. LIEBERMAN, Ph.D., MARK LEARY, M.D., ROBERT OKIN, M.D., and ROBERT DYNES