Gregory M. Haynes, Esq.
SBN: 111574
2443 Fillmore, #194
San Francisco, CA 94115
 (415) 546-0777

Attorney for Plaintiff
Cheryl Cotterill

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Cheryl Cotterill,
    Plaintiff

                 Action No.  CV 08 2295 JSW
                 Motion for Leave to file Motion for
                 Reconsideration Regarding the
                 Court's Order Granting Defendants'
                 Motion to Dismiss

City and County of
San Francisco, et al.
    Defendants

_____/

    This is a motion for leave to file a motion  for reconsideration of this court's  order dismissing the third, fourth, fifth, sixth, ninth, twelfth and seventeenth causes of action of plaintiff's second amended complaint.  The legal basis for the motion is Local Rule No. 7-9 (b) 1 to 3.
    The clear error results from a material difference in fact or law between the existing law and that which was presented to the court, particularly in defendants reply papers and the court's failure to consider dispositive legal arguments. Local Rule No. 7-9(b)(1) & (3).

1

A. The clear legal error under Local Rule No. 7-9(b) (1) & (3) relates to the following:

1) Requiring the plaintiff to allege that the individual defendants conduct was outside of their scope and course of their employment. See <u>Romano v. Bible</u> (9th Cir 1999) 169 F3d 1182,1185 and <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 238. Local Rule No. 7-9(b)(1) & (3). (<u>Third, Fourth & Sixth Causes of Action</u>)

2) Ruling that the statute of limitation bar a claim under the California Tort Claim Act because the act requires a lawsuit to be filed 45 days after the claim is filed—regardless of whether the agency sends notice of the denial and, even if, the agency does not take any action at all. Local Rule No. 7-9(b)(1). ( <u>Ninth, Twelfth & Seventeenth Causes of action</u>)

3) The court ruled that plaintiff negligence claim is based on the negligence of the doctors. This is in error. The acts which forms the basis of the negligence cause of action, which is against the Regents and not the doctors, is the Regents failure to train and supervisor what is required under 5150 and 5250 of the Welfare and Institution Code. The doctors are not parties to the negligence cause of action. Local Rule No. 7-9(b)(3). (<u>Seventeenth Cause of Action</u>)

B. Local Rule 7-9(b)(2) relates to the Fifith Cause of Action as to the Regents:

The new or difference circumstances, under Local Rule 7-9 (b) (2) is that it was unclear that the Regents were seeking immunity only as to the

1983 claim and not as to the other claim. (Fifth Cause of Action) Thus, it does not seek immunity from suit, as provided by the 11th amendment, but instead only as a defense as to one cause of action.

In the letter by Regents' counsel to the court requesting clarification dated August 21, 2008, it is clear that the Regents is not challenging various state related causes of action based on the 11th amendment. (TheTenth cause of action, which is listed as plaintiff's Eighth Cause of action, includes the Regents as a defendant and is based on battery and the Regents, for example, are not claiming immunity from suit for this cause of action.)

This indicates that the Regents has waived its immunity from suit, as Regents seem to have submitted to the jurisdiction of the court. Hill v. Blind Indus. & Servs. of Md., 179 F.3d 754, 759 (1999), amended by 201 F.3d 1186 (9th Cir.2000).FN39

The problem this poses is that if the Regents, in fact, is not waiving its immunity from suit as to the state causes of action, the Regents may plan to assert the immunity at a later time. If the Regents is waiving its immunity from suit, then the 1983 action should be permitted.

Therefore, there should be a clarification as to whether the Regents are waiving the immunity from suit as to the state related causes of action. If they are waiving the immunity as to the state causes of action, then the court should deny the Regents' motion to dismiss under the 11th amendment, as the Regents have consented to federal subject matter jurisdiction.

If the Regents are not waiving the 11th amendment immunity from suit as to the state causes of action, then the court should dismiss the Regents from the lawsuit under the 11th amendment.

II

> It is clear legal error to dismiss the Individual Defendants' 1983 claims under the 11th amendment because plaintiff has alleged that the defendants acted under color of law and caused plaintiff to suffer a violation of federal law.

It is sufficient to avoid the 11th amendment immunity defense for a plaintiff to allege that the defendant acted under color of law, caused a violation of plaintiff's federal rights and seeks damages.  A party need allege no more "to avoid the Eleventh Amendment's shield." <u>Romano v. Bible</u> (9th Cir 1999) 169 F.3d 1182, 1185.

Further, with those allegations it is presumed that the person is being sued in his personal capacity.  Id. 1186.

(Also, <u>Bair v. Krug</u> (9th Cir 1988) 853 F2d 672, 675, in dicta, explains the above exception to the general rule of 11th amendment immunity.  The exception applies here as plaintiff alleges conduct under color of law which caused a violation of a federal right as well as damages.)

Plaintiff has alleged that the individual defendants acted under color of law and caused a violation of federal rights and seeks damages as a result of said violation.

Defendants' motion argued that plaintiff alleged defendant were acting within the "course and scope of their employment"

Plaintiff indicated there was no such language in the complaint.

In reply, defendant concedes this and then argues that the conduct was within the course and scope of their employment.   Defendant further argued the general rule regarding 11th amendment immunity which support immunity, as indicated in <u>Bair v. Krug</u>, supra 576.    Plaintiff comes within the exception, however, as she seeks personal damages from the

4

individual defendants, alleges their conduct is under color of law and was a cause of the violation of her federal rights, Bair v. Krug, supra 576which cites Scheuer v. Rhodes, 416 U.S. 232, 238.

(Plaintiff cited Bair v. Krug, supra at 576, to indicate that plaintiff comes within the exception to the general rule.)

The court then ruled that the plaintiff must allege facts other than within the course and scope of employment.

As set forth above, not only does the complaint not allege that the conduct was within the course and scope of the employment, whether the conduct is within the course and scope of the employment is irrelevant, as long as the key allegations of conduct under color of law, which causes a federal violation and damages are present. Scheuer v. Rhodes, 416 U.S. 232, 238.

The plaintiff was not able to address defendants' clearly erroneous statement of the law as it does not refer to the exception, in the reply, as there was no hearing in the matter. The court adopted the clearly erroneous [or incomplete] statement as indicated in the reply.

While plaintiff presented the legal argument in the opposition, the court did not consider the argument.

Accordingly, a motion for reconsideration is proper because either 1) the law presented to the court was material different from what the law is; or 2) the court failed to consider the legal arguments of the plaintiff. Local Rule 7-9 (b)(1) and (3).

III

>It is clear legal error to dismiss plaintiff's
>Medical malpractice, negligence and negligent
>Infliction of emotional distress causes of action
>On the basis they would be barred by the Tort Claim
>Act, as the law does not require,
>As the Opinion states, that a lawsuit
>Must be filed within six months after
>The expiration of 45 day period following
>The presentation of a claim.

Defendants argued in their reply that claims for medical malpractice, negligent infliction of emotional distress and negligence are time-barred because, in effect, the claims statute requires that the Regents accept or reject the claim by March 26, 2007, that plaintiff was therefore required to file her cause of action six months from March 26, 2007, and filed the motion after this date.

This is a clear misinterpretation of the claim statute.

The error is that the defendants indicated that the lawsuit must be filed within six months after the 45 day period of filing the claim.

The claims statute only requires that the claims is denied by operation of law 45 days after the claim is filed if the public entity does not act within that period of time. California Government Code 912.4 (c )

No lawsuit need be filed after the 45 day period until one of two things occurred.

First, a lawsuit must be filed within six months of the day that the public entity takes action to deny the claim and service of notice of its action. Government Code 945.6 (a)(1)

1  Or, second, a lawsuit must be filed within 2 years of the accrual of the cause of action when the public entity does not give notice of its decision to deny the claim.  Government Code 945.6 (a)(2).

Thus, at the outside, no lawsuit need be filed until over two years from the accrual of the cause of action.

The error is indicating that the lawsuit must be filed after the claim is denied by operation of law.  It may be filed, but is not required to be.

A public entity can deny or reject a claim well after the 45 day period has expired, even thought the claim is deemed denied by operation of law after the 45 day period. <u>Kane v. County of San Diego</u> (1969) 2 CA3d 550

In <u>Kane v. County of San Diego</u>, supra at 554, the court expressly held that the six month statute of limitations does not start to run upon the expiration of the 45 day period.

Plaintiff was not able to address this clearly erroneous statement of the law in defendants' reply because there was no hearing in the matter; and the court adopted defendant's erroneous statement of the law.

Accordingly, this court should deny the motion to dismiss and a motion for reconsideration is proper.


IV

It is clear legal error to dismiss plaintiff claim of negligence
On the basis that the claim is based on medical malpractice as
the negligence claim is clearly not based on medical
malpractice

The plaintiff claim for negligence in the seventeenth cause of action (numbered in the complaint as the 13th cause of action) against the Regents is not based on medical malpractice.

7

The negligence claim against the Regents is that it failed to properly train and supervise its employees with regard to the requirement of California Welfare and Institution Codes (WIC) 5150 and 5250.  As a result of this failure to train and supervise, the Regents is directly liable for the assault and wrongful detention of its employees, for example.

While the Regents as employees or principals of the individual defendants would be liable vicariously under the battery and wrongful detention causes of action, **which are not disputed in the motion to dismiss**, under the Negligence cause of action, the Regents would be directly liable for battery and wrongful detention.

Further, as indicated in the moving papers of the Regents, the allegation of the Negligence cause of action is with regard to the Regents and not its employees.  See page 5 of the defendants moving papers.

Also, plaintiff does not cite Gonzalez v. Paradise Valley Hos., 111 Cal. App.4th 735 (2003) or Jacobs v. Grossmont Hospital, 108 Cal. App. 4th 69 (2003) as cases which are based on negligence, as indicated in the court's opinion.

Few cases deal with how WIC 5150 may expose defendants to liability. Gonzalez and Jacobs explain how WIC 5150 operates. While neither involves negligence or assault under 5150, they explain that assault and wrongful detention are possible when the requirements of 5150 are not meet or when the defendants do not act in accordance with the law. See Gonzalez v. Paradise Valley Hos., 111 Cal. App.4th 735, 741: "'Without the immunity provided by section 5278 an involuntary detention and treatment without consent would arguably constitute kidnapping, false imprisonment, or battery.'" (quoting from Jacobs v. Grossmont Hospital, supra, at 78)

The immunity provided by WIC section 5278 is not available when the conduct of actor is not in accordance with the law.

In the current case, the requirements were not meet.

Similarly, the language of WIC 5259.1 authorizes liability for detaining persons in violation of 5259.1 which related to WIC 5250.

Unlike the allegation in the reply of the Regents, the cause of action is not based on the "rendering of professional and psychiatric opinions to hold her pursuant to statutory authority." See page 8 of the Regents reply to plaintiff's opposition.

The basis is that plaintiff was held not in accordance with the law. The doctors had no statutory authority to hold her or treat her and/or failed to do so in accordance with the law. The Regents negligently failed to train and supervise its employees that they had no such authority and/or to exercise it in accordance with the law.

As to the negligent cause of action, the fact that professional medical or psychiatric opinions may or may not have fallen before the standard of care, is not relevant to this cause of action.

Therefore, to the extent that the court dismissed this action based on the claim being based the medical malpractice cause of action, or statute of limitation, the ruling is based on clear legal error.

Moreover, there was a manifest failure to consider facts and legal dispositive arguments, as the court did not consider the negligent failure to train and supervise   basis for the negligence cause of action.   Local Rule 7-9 (b)(3).

This is further confirmed as the court assumed that plaintiff was citing <u>Gonzalez</u>, in fact, as an action which was based on  general negligence.  In addition, as the court assumed that the individual defendants were defendants in this negligent cause of action, it would make little sense for the employees to be negligent for failing to supervise and train themselves;

thus further suggesting that the court did not consider the   failure to train and supervise argument.

Accordingly, the court should grant the motion for reconsideration.

V.

> New facts or circumstances require
> Clarification of the Regents 11th amendment
> Immunity as the Regents clearly seem to
> Waive their 11th Amendment Immunity to Suit

The Regents have indicated that they did not move to dismiss the battery, negligence or other claims against the Regents based on the 11th Amendment, other than the federal civil rights claim. See letter to the court dated August 21, 2008.

Thus, it appears that the Regents has clearly waived its right to 11th amendment immunity to suit, as it consents to submit to jurisdiction as to certain claims: "conduct during the litigation [that] clearly manifests acceptance of the federal court's jurisdiction or is otherwise incompatible with an assertion of Eleventh Amendment immunity" will be construed as a waiver. Hill v. Blind Indus. & Servs. of Md., 179 F.3d 754, 759 (1999), amended by 201 F.3d 1186 (9th Cir.2000).FN39

Further,  if the court does permit the Regents to assert  11th amendment immunity from suit as to certain causes of action but not others, then the court should find that there is a waiver at least as to the claims which are not the subject of the motion to dismiss.

Otherwise, defendant may seek to move to dismiss at the after a verdict in favor of the plaintiff.

Also, having the immunity apply to some but not all the claims would cause multiple actions. For example, plaintiff my file a state cause of action against the Regents for the 1983 claim. However, since the 11th amendment immunity suit is only being asserted for some causes of action, it will try other causes of action against the Regents in Federal court.

If the court does dismiss the Regents on the basis of the 11th amendment, the court should not rule on the substantive issues such as whether the Regents have stated a cause of action for negligence as there is no subject matter jurisdiction, as the negligence cause of action is not against the individual defendants.

At the time of the motion, it was not clear that the defendant Regents was seeking immunity only from a cause for action as oppose to immunity from suit. Now, that the court has granted 11th amendment immunity, and defendant clearly indicates that it is not objecting to the other causes of action based on the 11th amendment, the question becomes 1) whether it is waiving the immunity as to the other causes of action—and if so, thereby waives the immunity for the 1983 claim—or 2) whether it is asserting its 11th amendment immunity as to the entire case, in which case, the Regents should be dismissed from the entirely from the case.

Accordingly, the motion for reconsideration should be granted.

## VI
## Conclusion

Based on the above, this court should grant plaintiff leave to file a motion for reconsideration.

DATED: _____
Gregory M. Haynes
Attorney for Plaintiff

11