**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL COTTERILL,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants.<br>_____ / | No. C 08-02295 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT** |

**INTRODUCTION**

Now before the Court for consideration is the Motion for Leave to File Third Amended Complaint filed by Plaintiff Cheryl Cotterill ("Plaintiff"). Having considered the parties' papers, relevant legal authority, and the record in this case, Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART.

**BACKGROUND**

On December 26, 2007, Plaintiff filed her original complaint in state court. On April 3, 2008, she filed a second amended complaint, in which she alleged various causes of action relating to her admission to San Francisco General Hospital pursuant to California Health and Welfare Code Sections 5150 and 5250.[1] Plaintiff asserted claims for relief against the City and County of San Francisco, Mayor Gavin Newsom, Chief of Police Heather Fong, Director of

---

[1] The facts underlying the dispute are set forth in more detail in the Court's Order granting the Defendants' motion to dismiss certain causes of action from Plaintiff's Second Amended Complaint. (*See* Docket No. 29.) The Court shall not repeat them herein unless necessary to the analysis.

1  Public Health Mitch Katz, Officer Matthew Mason, Officer Hugh Hall, Officer Gregory Hicks,
2  Officer Leon Loew, Officer John Crudo and Officer Paul Davies (collectively "the City
3  Defendants") as well as the Regents of the University of California ("Regents"), Dr. Esther
4  Choo, Dr. Trudy Singzon, Dr. Jessica Fogler, Dr. Regina Graham, Dr. Tamar Seiver, Dr.
5  Frederick Huang, Dr. Hubert Ochitill, Dr. Richard Patel, Alicia Lieberman, Ph.D., Dr. Mark
6  Leary, Dr. Robert Okin (collectively the "Individual Physicians") and Robert Dynes.

Plaintiff now moves to file a third amended complaint to add four new defendants, Troy Williams, a risk manager at San Francisco General Hospital, Robert Bunker, a Deputy Public Defender who represented Plaintiff ("Mr. Bunker"), Public Defender Jeff Adachi ("Mr. Adachi"), and San Francisco Superior Court Commissioner Julian Saperstein ("Commissioner Saperstein").  Plaintiff also seeks to add four new claims for relief: (1) a violation of Section 1983 based on alleged violations of her Fourth Amended and Due Process rights against Mr. Williams, Mr. Bunker, Commissioner Saperstein, and Drs. Graham, Seiver, Patel and Leary; (2) a violation of Section 1983 premised on supervisory liability against Mr. Adachi; (3) a claim for negligence against the City, the Regents, Dr. Patel and Mr. Williams; and (4) a claim for violations of California Civil Code § 52.1.[2]

**ANALYSIS**

**A.    Applicable Legal Standards.**

Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served.  Once a responsive pleading has been served, however, amendment requires written consent of the adverse party or leave of the court.  In accordance with the Federal Rule's liberal pleading standard, leave of the court "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of the pleadings is to be permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing

---

[2]  In her motion, Plaintiff states that she seeks to add three new claims for relief. However, the proposed Third Amended Complaint clearly adds four new claims.

2

1  side, or futility of amendment. *See Forman v. Davis*, 371 U.S. 178, 182 (1962); *DCD*
2  *Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). The only basis on which
3  Defendants oppose Plaintiff's motion is on the ground that the proposed amendments would be
4  futile.

**B.     Cotterill's Motion is Granted in Part and Denied in Part.**

    **1.     The Proposed Defendants.**

The City Defendants do not oppose adding claims against Mr. Williams. Accordingly, Plaintiff's motion is granted in part on that basis.

        **a.     Deputy Public Defender Bunker.**

Plaintiff seeks to add Mr. Bunker as a defendant and seeks to assert a claim for relief against him under Section 1983, based on alleged violations of her Fourth Amendment and Due Process Rights. Defendants argue that it would be futile to add Mr. Bunker as a defendant, because the Supreme Court and the Ninth Circuit have held that public defenders acting in their capacity as counsel do not act under color of state law for purposes of a Section 1983 claim. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark County, Nevada,* 319 F.3d 465, 468 (9th Cir. 2003). Plaintiff alleges that Mr. Bunker represented her at a probable cause hearing on August 1, 2006, that he waived her presence at that hearing, and that he failed to advise her of the fact of the hearing or its outcome. (*See* Proposed TAC at 11:12-15, 12:11-15, 12:22-28).)[3] Plaintiff also alleges that Mr. Bunker later advised her that a probable cause hearing would be held on a later date and that he represented her at that hearing. (*Id.* at 13:14-14:19; *see also id.* at 38:10-15, 38:24-26, 39:1-19.) These allegations demonstrate that Mr. Bunker had begun to perform a lawyer's traditional functions and, thus, was not a state actor. *Miranda*, 319 F.3d at 468. Thus, it would be futile to allow Plaintiff to amend to include those allegations, and she shall omit them from the amended complaint permitted by this Order.

However, Plaintiff also alleges that Mr. Bunker conspired to violate her rights by concealing the existence and results of the August 1, 2006 hearing. To the extent Plaintiff can allege facts that demonstrate Mr. Bunker engaged in a conspiracy with state actors who are not

---

[3]     The Proposed Third Amended Complaint is located at Docket No. 60-2.

1 immune from suit, the Court cannot say that amendment would be futile. *See, e.g., Fonda v.*
2 *Gray,* 707 F.2d 435, 437 (9th Cir. 1983); *Sykes v. State of California*, 497 F.2d 197, 202 (9th
3 Cir. 1974). Accordingly, the Court shall permit Plaintiff to amend her complaint to include Mr.
4 Bunker and shall address, if necessary, the viability of the proposed 20th claim for relief on a
5 motion to dismiss.

### b. Public Defender Adachi.

Plaintiff moves to amend her complaint to add a claim under Section 1983 against Mr. Adachi based on his alleged failure to "maintain and implement policy and procedures to ensure that [the Public Defender's] attorneys properly represent ... civil detainees," and based on an alleged failure to train and supervise his attorneys. (Proposed TAC at 42:10-12, 21-24).) In support of these conclusions, Plaintiff alleges that "[t]he public defender does not require that its attorney to [*sic*] document the file concerning continuances, and the reason for such continues [*sic*], what occurred at the hearing, and related follow up documentation regarding the hearing, as well as contact with the attorney." (*Id.* at 11:20-26.)

A supervisor is liable under Section 1983 if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001). There is a distinction between a state actor's individual and official capacity liabilities. *Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991). A state actor's individual liability "hinges upon his participation in the deprivation of constitutional rights." *Id.* "Supervisory liability is imposed against a supervisory official in his individual capacity for his 'own culpable action or inaction in the training, supervision, or control of his subordinates.'" *Id.* (quoting *Clay v. Conlee* , 815 F.2d 1164, 1170 (8th Cir. 1987)).

The City Defendants assert that it would be futile to allow the amendment because Plaintiff has not stated a proper claim against Mr. Adachi in either his individual or official capacity. Because the Court cannot say as a matter of law that it would be futile to add Mr. Adachi as a defendant, Plaintiff's motion is granted and she may include her proposed 21st

4

claim for relief in the amended complaint. If necessary, the Court shall address the viability of the claim asserted against Mr. Adachi on a motion to dismiss.

### c.    Commissioner Saperstein.

Plaintiff also moves to amend her complaint to add Commissioner Saperstein as a defendant. According to the allegations in the Complaint, Commissioner Saperstein presided over a certification review hearing on August 8, 2006 and allegedly altered documents relating to the August 1, 2006 hearing. (*See, e.g.,* Proposed TAC at 14:3-26, 38:4-9, 39:23-40:8.)

The City Defendants oppose the amendment on the basis that Commissioner Saperstein is immune from suit. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). An act is considered "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *See Stump*, 435 U.S. at 362; *see also Franceschi v. Schwartz*, 57 F.3d 828, 830-31 (9th Cir. 1995) (holding that a municipal court commissioner was immune from suit). Allegations of conspiracy do not defeat such immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Id.* (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)); *see also Stump*, 435 U.S. at 356 ("A judge will not be deprived of immunity because the act he took was in error, was done maliciously, or was in excess of his authority."). A judge lacks immunity only when he or she acts "in the clear absence of all jurisdiction ... or performs an act that is not 'judicial' in nature." *Ashelman*, 793 F.2d 1078 (internal citation omitted).

To determine if an individual acted in an official judicial capacity, a court must analyze whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Id.* (citation omitted). Having carefully reviewed the allegations in Plaintiff's Complaint, the Court concludes that each of the four factors demonstrate that

1 Commissioner Saperstein was acting in a judicial capacity and is, therefore, immune from suit.
2 Further, contrary to Plaintiff's arguments, the factual allegations do not show that
3 Commissioner Saperstein acted in the absence of all jurisdiction or performed a non-judicial
4 act. Thus, unless Plaintiff can allege additional facts demonstrating that Commissioner
5 Saperstein acted in the absence of all jurisdiction or performed an act that was non-judicial in
6 nature, Plaintiff shall not be permitted to amend her complaint to include Commissioner
7 Saperstein as a defendant. Accordingly, Plaintiff's motion is denied in part on this basis.

### 2. The Proposed Claims for Relief.

In her proposed Third Amended Complaint, Plaintiff includes claims for relief against the Regents and the Individual Physicians that previously were dismissed by the Court. The Regents and the Individual Physicians oppose any amendment that would include such claims. Plaintiff asserts that she "does not seek to reassert the causes of action which were previously dismissed," and there are no new facts alleged pertaining to these claims. (Reply at 2:19-20.) Accordingly, when Plaintiff files the Third Amended Complaint permitted by this Order, she shall not include the existing Third Claim for Relief (Unreasonable Seizure) in her Third Amended Complaint, and she not include any references to the Regents or the Individual Physicians from the Fourth, Fifth, Sixth, Ninth, Twelfth and Seventeenth Claims for Relief.

#### a. The Proposed 20th Claim for Relief.

Plaintiff moves to add a new section 1983 claim premised upon alleged violations of her Fourth Amendment and Due Process rights premised upon an alleged conspiracy between Mr. Bunker, Mr. Saperstein, Drs. Graham, Siever, Patel and Leary, and Mr. William. (*See* Proposed TAC at 37:22-41.) Defendants neither address the allegations pertaining to the conspiracy nor Plaintiff's contentions that she has stated facts that demonstrate the Individual Physicians acted outside the course and scope of their employment. Because the Court cannot say on this record that amendment would be futile as a matter of law, Plaintiff is granted leave to include this claim for relief in the amended complaint permitted by this Order. If necessary, the Court shall address the viability of the allegations as to the remaining defendants on a motion to dismiss.

6

1  However, for the reasons set forth above in Section B.1.c, she shall not include Commissioner
2  Saperstien as a defendant in this claim for relief.

### b. The Proposed 22nd Claim for Relief.

Plaintiff also moves to amend her complaint to include a claim for negligence against the Regents and the Individual Physicians. (*See* Proposed TAC at 43:15-44:6.) Although the Court previously ruled that Plaintiff's negligence claims were barred by the statute of limitations, Plaintiff alleges that she did not discover the facts giving rise to this claim until September 2008, when she learned of the alleged hearing held on August 1, 2006. (*Id.* at 15:16-16:9.) The Regents and the Individual Physicians have not addressed either the substance of the allegations or Plaintiff's contention that the statute of limitations would be tolled. Because the Court cannot conclude on this record that it would be futile to allow the amendment, Plaintiff shall be given leave to amend her complaint to include this claim and, if necessary, shall address the viability of the claim on a motion to dismiss.

### c. The Proposed 23rd Claim for Relief.

Plaintiff also moves to include an additional claim for relief based on alleged violations of California Civil Code § 52.1. Sections 52.1(a) and 52.1(b) of the California Civil Code provide a private cause of action "[i]f a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion . . . with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code §§ 52.1(a), (b). The Regents and the Individual Physicians do not oppose this amendment, but they do object to Plaintiff's including references to alleged violations of federal law. Because the Court previously dismissed federal claims against these defendants, Plaintiff's motion is granted in part. She may assert the proposed twenty-third claim for relief against Drs. Patel, Leary and Okin, but she shall omit any reference to federal law or the United States Constitution from that claim.

7

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted in part and denied in part. For the sake of clarity, Plaintiff shall file a Third Amended Complaint in compliance with the terms of this Order by no later than February 6, 2009. Defendants shall file their answers or other responsive pleadings within twenty (20) days of service of the Third Amended Complaint.

**IT IS SO ORDERED.**

Dated: January 27, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE