IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHERYL COTTERILL,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO, ET AL.,

    Defendants.

No. C 08-02295 JSW

**ORDER RE VARIOUS DISCOVERY DISPUTES**

Now before the Court are three joint letters from the parties dated January 27, 2009. The Court has entertained a series of discovery disputes between the parties and orders that the parties shall endeavor to use their own resources instead of the Court's limited ones. Should the Court find any further discovery dispute to be patently frivolous, the Court shall issue sanctions to the offending counsel.

The first letter concerns whether Defendants are entitled to a psychological evaluation of Plaintiff Cheryl Cotterill. Plaintiff asserts that she has suffered mental injury, clearly placing this injury in controversy. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) (holding that a plaintiff who "asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."). In this matter, Plaintiff has clearly put her psychological injury at issue, both in her claims for relief for intentional and negligent infliction of emotional distress and based on the facts giving rise to the entire action. Because there is no

specific objection to the time of the examination or the doctor chosen by Defendants, Plaintiff shall submit to a psychological evaluation by Dr. William Hooker on March 3, 2009.

The second letter concerns the issue of a protective order and whether the police training manuals and any Office of Citizens Complaints ("OCC") documents should fall under such a protective order. The Court has heard argument by counsel on this issue during the past two deposition disputes on the record. The police training manuals, the audiotaped statements of Plaintiff, her mother, and the officers involved, and any documents produced from the officers' OCC files shall fall under the ambit of the protective order and shall be produced pursuant to its terms. *See Kelly v. City of San Jose*, 114 F.R.D. 653, 671 (N.D. Cal. 1987) (holding that police training materials and sensitive law enforcement materials shall be produced pursuant to a protective order).

Lastly, the third letter concerns whether Defendants should be permitted to take the depositions of remote witnesses by video link. Such procedure is explicitly permitted under Federal Rule of Civil Procedure 30(b)(4) and shall be permitted for any remote witness designated by Defendants. Plaintiff's creation of a controversy over this issue is frivolous and a waste of this Court's limited resources. Should another such dispute be presented to the Court, the party proffering such frivolous objections shall be sanctioned.

**IT IS SO ORDERED.**

Dated:   January 28, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE