IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL COTTERILL, | |
| Plaintiff, | No. C 08-02295 JSW |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, ET AL., | **ORDER RE INTERROGATORIES DISPUTE** |
| Defendants. | |

Now before the Court is a joint letter from the parties dated April 21, 2009 regarding Plaintiff's special interrogatories served on defendant Mayor Gavin Newsom. As the Court has already ruled on December 3, 2008, the heads of government agencies or high-ranking government officials are not normally subject to deposition. *See, e.g., Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). "The rationale pursuant to this policy is that such officials must be free to conduct their jobs without the constant interference of the discovery process." *Church of Scientology of Boston v. Internal Revenue Service*, 138 F.R.D. 9, 12 (D. Mass. 1990). To justify the taking of such a high-ranking government official's deposition, a party must show that the official possesses particular information necessary to the development or maintenance of the party's case which cannot reasonably be obtained by another discovery mechanism. *See Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 1, 4 (D.D.C. 1998) ("There is substantial case law standing for the proposition that high ranking government officials are generally not subject to depositions unless they have some personal knowledge

about the matter and the party seeking the deposition makes a showing that the information cannot be obtained elsewhere.")

Again, in place of noticing the Mayor for a deposition, Plaintiff has attempted to obtain the same discovery by way of special interrogatories. Serving a Rule 30(b)(6) notice on the City and County of San Francisco seeking the person most knowledgeable about "Gavin Newsom's knowledge" on certain issues is a clumsy attempt to circumvent this Court's prior order quashing the Mayor's deposition. Plaintiff has made no showing that the Mayor has any personal knowledge about the matter and has made no attempt to demonstrate that the information sought cannot be obtained elsewhere. Therefore, the Court DENIES Plaintiff's motion to compel answers to special interrogatories served on Mayor Gavin Newsom.

After resolving a record number of discovery disputes in this matter, the Court has referred any remaining discovery disputes to a randomly-assigned Magistrate Judge in a separate order. The parties have wasted an inordinate amount of the undersigned's resources and admonishes counsel to cooperate with each other and to comply with the Court's orders and the applicable law in an attempt to resolve this matter on the merits.

**IT IS SO ORDERED.**

Dated:   April 27, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE