IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL COTTERILL,<br><br>    Plaintiff,<br><br>  v.<br><br>SF CITY AND COUNTY, ET AL.,<br><br>    Defendants.<br>_____/ | No. C 08-02295 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 21, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

...

The parties shall each have 15 minutes to address the following questions:

1. The Regents Defendants move to dismiss the Eighteenth and Nineteenth causes of action for injunctive and declaratory relief on the basis that the underlying claims against them have been dismissed. Although the twentieth cause of action was dismissed without leave to amend, it appears that the third, fourth and fifth causes of action may remain as amended for the Individual Regents Defendants in their personal capacities. What is the status of the claims under 42 U.S.C. § 1983 as against any of the Regents defendants? Is the claim for injunctive or declaratory relief contingent on those claims?

2. Although there has been no formal motion to dismiss the facial challenge to the constitutionality of California Welfare and Institutions Code §§ 5150 and 5250, the Court has indicated that it is not persuaded by Plaintiff's facial challenge in light of *Thorn v. Superior Court*, 1 Cal. 3d 666 (1970). There has been no motion to challenge the constitutionality of California Welfare and Institutions Code §§ 5150 and 5250 as applied. Why would those claims be barred? What would be the appropriate remedy for an as applied challenge to the constitutionality of the provisions at issue here?

3. The Regents Defendants argue that Plaintiff's request for declaratory relief should be denied as too speculative based on Plaintiff's alleged fear of future hospitalization. However, the mootness doctrine is inapplicable where the alleged wrongs are capable of repetition. Does Plaintiff adequately allege that she fears the repetition of the wrongs allegedly committed by the Regents Defendants?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: August 18, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2