IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHERYL COTTERILL,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, ET AL.,

    Defendants.

No. C 08-02295 JSW

**ORDER ADOPTING REPORT AND RECOMMENDATION RE ATTORNEYS' FEES AND COSTS**

    The Court has reviewed Magistrate Judge James Larson's Report and Recommendation ("Report") regarding the motions for attorneys' fees and expert costs following judgment filed by Defendants City and County of San Francisco ("City Defendants") and the Regents of the University of California ("Regents Defendants"). The Report also addressed Plaintiff Cheryl Cotterill's motion to review and vacate the taxing of costs against her.

    The Court has reviewed the objections and subsequent filings by Plaintiff's former counsel, Gregory M. Haynes, as well as the filings from the City and Regents Defendants.

    The Court finds the Report correct, well-reasoned and thorough, and adopts it in every respect. Accordingly, the Court GRANTS Plaintiff's motion to vacate the taxing of costs against her. The Court finds that Plaintiff, an indigent individual with limited access to legal counsel, should not be burdened with the cost of her counsel's lack of sound judgment.

    Second, the Court DENIES the City and Regents Defendants' request to award fees and costs pursuant to 42 U.S.C. § 1988, as the Court agrees that there were material disputed facts

1 that justified Plaintiff's continued litigation up to a certain point.  After November 5, 2008,
2 however, it should have been clear to Plaintiff and, most especially to her counsel, that the
3 claims were unreasonable and frivolous.  However, ordering Plaintiff to cover fees and costs
4 based on her reliance on poor counsel and his misguided strategy would not serve to further the
5 public interest or deter the pursuit of litigation that is clearly frivolous, unreasonable or
6 groundless from the start.

   Third, the Court adopts the Report and GRANTS the City and Regents Defendants'
8 motion for attorneys' fees and costs pursuant to 28 U.S.C. § 1927.  Mr. Haynes' conduct
9 throughout the length of this litigation was vexatious.  Mr. Haynes unreasonably proliferated
10 proceedings, failed to comply with this Court's standing orders and rulings, raised petty
11 disputes thereby needlessly increasing the cost of litigation, and consistently filed rambling,
12 dilatory and legally deficient submissions.  Mr. Haynes was unprofessional in his interactions
13 with opposing counsel, in his conduct before this Court, and most importantly, in relation to his
14 representation of his client.  The Court finds that, at the latest as of November 5, 2008, once the
15 depositions of Nurse Alice Asher and Commissioner Julian Saperstein were completed, any
16 reasonable attorney would have concluded, and informed his client, that the case was no longer
17 worth pursuing.  The Court agrees with the Report and finds that maintaining the suit after
18 November 5, 2008 was reckless as a matter of law and unreasonably and vexatiously multiplied
19 the proceedings in violation of 28 U.S.C. § 1927.

20   Accordingly, the Court GRANTS the Regents Defendants' motion for fees incurred
21 from November 6, 2008 to the present in the amount of $144,560.00 and costs in the amount of
22 $21,018.37.  The Court GRANTS the City Defendants' motion for fees in the amount of
23 $173,231.25 and costs in the amount of $23,735.99.  The Court is not persuaded by Mr.
24 Haynes' summary declaration to the effect that he is "unable to pay for any judgment in this
25 matter." (*See* Declaration of Gregory M. Haynes, docket no. 282, at ¶ 1.)  Although the Ninth
26 Circuit has not addressed the issue directly, the Court finds the reasoning of the Seventh Circuit
27 persuasive.  *See Shales v. General Chaffeurs, Sales Drivers and Helpers Local Union No. 330*,
28 557 F.3d 746, 749 (7th Cir. 2009) ("A violation of § 1927 is a form of intentional tort.  And

1  there is no principle in tort law that damages depend on a tortfeasor's assets. Quite the
2  contrary. Damages depend on the victim's loss, not the wrongdoer's resources. ... If Banks [the
3  sanctioned attorney] cannot meet all of his financial obligations, he may have them written
4  down in bankruptcy." Mr. Haynes shall pay sanctions in the amount of $165,578.37 to counsel
5  for the City Defendants and sanctions in the amount of $196,967.24 to the Regents Defendants,
6  both by no later than June 4, 2010. Mr. Haynes shall also serve a copy of this Order on the
7  Office of the Chief Trial Counsel for The State Bar of California, with proof of such service to
8  this Court by no later than June 4, 2010.[1] It is FURTHER ORDERED that the costs of the
9  sanctions shall not be passed on to Plaintiff.

**IT IS SO ORDERED.**

Dated:   May 11, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Mr. Haynes has been sanctioned by this District for similar vexatious litigation tactics. *See, e.g., Landry v. City and County of San Francisco*, 2010 WL 1461592, *6 (N.D. Cal. April 9, 2010) and *Edgerly v. City and County of San Francisco*, 599 F.3d 946, 962-63 (9th Cir. 2010). Accordingly, the State Bar of California should address Mr. Haynes' consistently poor and sanctionable performance.