UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL COTTERILL,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 08-cv-02295-JSW<br><br>**ORDER DENYING MOTION TO VACATE JUDGMENT AND DENYING MOTION TO DISQUALIFY**<br><br>Re: Dkt. Nos. 377, 381 |

Now before the Court are two motions filed by Gregory M. Haynes ("Haynes"), attorney for the nominative plaintiff. Nine years after entry of judgment and seven years after the judgment and award was affirmed on appeal, Haynes seeks to vacate the judgment and to disqualify the undersigned. For the reasons stated herein, these motions are DENIED.

**BACKGROUND**

The factual background is familiar to the parties. Haynes represented Cheryl Cotterill ("Plaintiff") in the underlying lawsuit for claims of civil rights violations by The Regents of the University of California ("Regents"), the City and County of San Francisco (the "City"), and multiple individuals who were employees of these defendant entities. After dismissal, both the Regents and the City Defendants filed motions for attorneys' fees and costs which were referred to Magistrate Judge James Larson for a Report and Recommendation ("Report"). After review of the Report as well as objections and subsequent filings, the undersigned adopted the Report and adopted it in every respect. The Court found that maintaining the lawsuit after the depositions of

1  key witnesses was reckless as a matter of law and that Plaintiff's counsel had, throughout the
2  litigation, unreasonably and vexatiously multiplied the proceedings in violation of 28 U.S.C. §
3  1927.  On this basis, the Court granted the Regents' and the City's motions for attorneys' fees and
4  costs, awarding $165,578.37 to the Regents and $196,967.24 to the City.  (Dkt. No. 293, Order
5  dated May 13, 2010.)  The Court explicitly did not tax costs or fees to the Plaintiff, but instead to
6  her counsel Haynes for unreasonably and vexatiously multiplying the proceedings.
7        Haynes appealed the Order and the Ninth Circuit affirmed the dismissal and remanded to
8  the undersigned for the sole purpose of making a discretionary determination whether Haynes
9  could afford to pay the sanction of attorneys' fees and costs pursuant to 28 U.S.C. § 1927.  The
10 Court held a hearing to review the amount and reviewed all submissions.  The Court determined
11 that the original amount suggested in the Report and the Court's order adopting the Report
12 remained the appropriate award.  (Dkt. No. 326, Order dated June 18, 2013.)  Haynes appealed the
13 judgment of the Court, including the award of sanctions.  For failing to prosecute his appeal after
14 multiple delays, the Ninth Circuit dismissed counsel's appeal with prejudice.  (Dkt. No. 357.)
15       On March 15, 2022, the Regents filed an application to renew the original judgment in this
16 action dated June 18, 2013, noting the lapse of nearly ten years and the additional interest which
17 had accrued.  (Dkt. No. 361.)  On May 19, 2022, the Clerk of the Court entered the writs of
18 execution and on June 17, 2022, issued the notice of renewal of judgment for another ten-year
19 term.  (Dkt. Nos. 364, 365, 366, 375.)
20       On July 18, 2022, Haynes filed a motion to set aside or vacate the judgment and on August
21 8, 2022, filed a motion to disqualify the undersigned.

**ANALYSIS**

**A.  Motion to Vacate Judgment.**

    **1.  Motion is Denied as Untimely.**

A motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b) needs to be filed "within a reasonable time."  See Fed. R. Civ. P. 60(c)(1).  For several provisions of Rule 60(b), a motion must be made "no more than a year after entry of the judgment order."  *Id.* Determining whether to grant relief under Rule 60 requires the Court to adjudicate on a case-by-

2

case basis whether the motion has been filed within a reasonable time. *See, e.g., Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (holding that the court should take "into consideration the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.")

Plaintiff filed his motion nine years after entry of judgment and award of sanctions and seven years after the order was affirmed on appeal. The bases for his motion were known to Haynes far in advance of his filing the motion and a significant portion of the legal arguments have been addressed in the course of the litigation already. The recent renewal of judgment by the Regents does not restart the time period in which counsel can file a Rule 60 motion. Accordingly, the Court concludes this motion has been filed far too late to qualify as "within a reasonable time." The motion can be denied on that basis alone; however, the Court shall address the merits of the motion.

### 2. Motion is Denied on the Merits.

Under Rule 60(b), a court may relieve a party from a final judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The six provisions under Rule 60(b) are "mutually exclusive" thereby allowing for vacatur of a judgment on one of the enumerated bases but not additionally under the catch-all provision of Rule 60(b)(6). *See Pioneer Investor Services Co. v. Brunswick Associates Limited Partnership*, 597 U.S. 380, 393 (1983). Rule 60(d)(3) allows the court to "set aside a judgment for fraud on the court."

Haynes appears to bring his motion to vacate the judgment on the basis that the Court failed to disclose that, during the course of the underlying litigation, the undersigned judge's son worked in the City Attorney's Office. On this basis, Haynes moves to vacate the judgment pursuant to Rule 60(b)(4), (b)(6) and (d)(3). Rule 60(b)(4) allows the court to vacate a "void"

3

1 judgment where there was a substantial or jurisdictional defect which rendered the original
2 judgment invalid and legally ineffective. *See, e.g., United Student Aid Funds, Inc. v. Espinosa*,
3 559 U.S. 260, 271 (2010) (holding that "Rule 60(b)(4) applies only in the rare instance were a
4 judgment is premised either on a certain type of jurisdictional error or on a violation of due
5 process that deprives a party of notice or the opportunity to be heard.")  Under Rule 60(b)(6), the
6 Court may grant relief "in extraordinary circumstances" and only when such vacatur is necessary
7 to accomplish justice. *See, e.g., Ackermann v. United States*, 340 U.S. 193, 199 (1950).  Lastly,
8 under Rule 60(d)(3), a court may vacate a judgment where fraud on the court involves "an
9 unconscionable plan or scheme which is designed to improperly influence the court in its
10 decision." *Pumphrey v. K.W. Thompson Tool Co.,* 62 F.3d 1128, 1131 (9th Cir. 1995).  The fraud
11 must be established by clear and convincing evidence and must go "to the central issue in the
12 case" and "affect the outcome of the case." *England v. Doyle*, 281 F.2d 304, 310 (9th Cir. 1960);
13 *United States v. Estate of Stonehill*, 660 F.3d 415, 452, 448 (9th Cir. 2011).

14 Here, the Court finds that Haynes' motion to vacate the judgment is not based on any
15 extraordinary circumstances which render the judgment void, either by jurisdictional error or by
16 fraud on the court.  Rather, the fact of the judge's son's employment with the City Attorney's
17 Office presented no conflict or cause for questioning the judge's impartiality.  An opinion letter
18 dated November 15, 2013 from the Committee on Codes of Conduct of the Judicial Conference of
19 the United States found that, based on all of the circumstances, the mere fact that the son worked
20 for the City Attorney's Office did not require recusal and the evidence did "not lead the
21 Committee to conclude that [Judge White's] impartiality might reasonably be questioned."  (Dkt.
22 No. 381-3 at 39.)  The undersigned did not share with his son any of the matters against the City
23 pending before him and was not biased in any way by his son's employment status.  There is no
24 colorable claim that the fact of his son's employment renders the judgment in this matter void.
25 Absent any other reason to vacate the judgment, the motion is DENIED.

26 **B.     Motion to Disqualify.**
27 The motion to disqualify the undersigned is both inexcusably late and without merit.
28 Plaintiff asks the Court to recuse itself pursuant to 28 U.S.C. section 455 and 28 U.S.C. section

4

144.

Section 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455 imposes an affirmative duty upon judges to recuse themselves when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). The provisions of Section 455 "require recusal only if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988).

Here, as the Committee on Codes of Conduct of the Judicial Conference of the United States found, there was no reason to question the undersigned's impartiality. Accordingly, Section 455 does not provide a basis for recusal.

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Pursuant to Section 144, the judge assigned to the case may pass on the legal sufficiency of the motion and only after legal sufficiency is established does it become the duty of that judge to proceed no further. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). The inquiry is addressed to the facial sufficiency of the affidavit and not to the truth or falsity of the facts therein. *See United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976).

The motion to disqualify is late-filed and not well-taken. The Court finds that counsel has failed to provide sufficient affidavit which would contradict the findings of the Committee of the Judicial Conference to find that the undersigned had or has a personal bias or prejudice against

5

1  counsel or his client, or in favor of the defendants.  Although the Committee recommended that
2  the Court disclose the relationship of the son's employment in cases in which the City and County
3  of San Francisco was a party, the recommendation to do so was offered after the judgment in this
4  matter was entered.  Again, the Court did not share any of the matters then-pending against the
5  City and was not biased in any way by his son's employment status.  Accordingly, the motion to
6  disqualify is DENIED.

**IT IS SO ORDERED.**

Dated: January 4, 2023

_____
JEFFREY S. WHITE
United States District Judge