UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL COTTERILL, | Case No. 08-cv-02295-JSW |
| Plaintiffs, | |
| v. | **ORDER DENYING MOITON TO VACATE JUDGMENT** |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | Re: Dkt. No. 394 |
| Defendants. | |

Now before the Court is a motion to vacate the judgment filed by Gregory M. Haynes ("Haynes"), attorney for the nominative plaintiff. Ten years after entry of judgment and eight years after the judgment and award was affirmed on appeal, Haynes seeks to vacate the judgment. For the reasons stated herein, the motion is DENIED.

**BACKGROUND**

The factual background is familiar to the parties. Haynes represented Cheryl Cotterill ("Plaintiff") in the underlying lawsuit for claims of civil rights violations by The Regents of the University of California ("Regents"), the City and County of San Francisco (the "City"), and multiple individuals who were employees of these defendant entities. After dismissal, both the Regents and the City Defendants filed motions for attorneys' fees and costs which were referred to Magistrate Judge James Larson for a Report and Recommendation ("Report"). After review of the

Report as well as objections and subsequent filings, the undersigned adopted the Report and adopted it in every respect. The Court found that maintaining the lawsuit after the depositions of key witnesses was reckless as a matter of law and that Plaintiff's counsel had, throughout the litigation, unreasonably and vexatiously multiplied the proceedings in violation of 28 U.S.C. § 1927. On this basis, the Court granted the Regents' and the City's motions for attorneys' fees and costs, awarding $165,578.37 to the Regents and $196,967.24 to the City. (Dkt. No. 293, Order dated May 13, 2010.) The Court explicitly did not tax costs or fees to the Plaintiff, but instead to her counsel Haynes for unreasonably and vexatiously multiplying the proceedings.

Haynes appealed the Order and the Ninth Circuit affirmed the dismissal and remanded to the undersigned for the sole purpose of making a discretionary determination whether Haynes could afford to pay the sanction of attorneys' fees and costs pursuant to 28 U.S.C. § 1927. The Court held a hearing to review the amount and reviewed all submissions. The Court determined that the original amount suggested in the Report and the Court's order adopting the Report remained the appropriate award. (Dkt. No. 326, Order dated June 18, 2013.) Haynes appealed the judgment of the Court, including the award of sanctions. For failing to prosecute his appeal after multiple delays, the Ninth Circuit dismissed counsel's appeal with prejudice. (Dkt. No. 357.)

On March 15, 2022, the Regents filed an application to renew the original judgment in this action dated June 18, 2013, noting the lapse of nearly ten years and the additional interest which had accrued. (Dkt. No. 361.) On May 19, 2022, the Clerk of the Court entered the writs of execution and on June 17, 2022, issued the notice of renewal of judgment for another ten-year term. (Dkt. Nos. 364, 365, 366, 375.)

On July 18, 2022, Haynes filed a motion to set aside or vacate the judgment and on August 8, 2022, filed a motion to disqualify the undersigned. On January 4, 2023, the Court denied Haynes' motions to set aside or vacate the judgment as well as the motion to disqualify the undersigned. On August 17, 2023, Haynes again moved to vacate the judgment again on the basis that the undersigned's son was employed at the City Attorney's Office. The Court shall address other relevant facts in the remainder of its order.

# ANALYSIS

**A.  Motion to Vacate Judgment is Denied as Untimely.**

A motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b) needs to be filed "within a reasonable time." See Fed. R. Civ. P. 60(c)(1). For several provisions of Rule 60(b), a motion must be made "no more than a year after entry of the judgment order." *Id.* Determining whether to grant relief under Rule 60 requires the Court to adjudicate on a case-by-case basis whether the motion has been filed within a reasonable time. *See, e.g., Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (holding that the court should take "into consideration the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.")

Plaintiff filed his motion ten years after entry of judgment and award of sanctions and eight years after the order was affirmed on appeal. The bases for his motion were known to Haynes far in advance of his filing the motion and a significant portion of the legal arguments have been addressed in the course of the litigation already. The renewal of judgment by the Regents does not restart the time period in which counsel can file a Rule 60 motion. Accordingly, the Court concludes this motion has been filed far too late to qualify as "within a reasonable time." The motion can be denied on that basis alone; however, the Court shall address the merits of the motion.

**B.  Motion is Denied on the Merits.**

Under Rule 60(b), a court may relieve a party from a final judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The six provisions under Rule 60(b) are "mutually exclusive" thereby allowing for vacatur of a judgment on one of the enumerated bases but not additionally under the catch-all provision of Rule 60(b)(6). *See Pioneer Investor Services Co. v. Brunswick Associates Limited Partnership*,

3

1  597 U.S. 380, 393 (1983). Rule 60(d)(3) allows the court to "set aside a judgment for fraud on the
2  court."

3  Haynes again brings his motion to vacate the judgment on the basis that the Court failed to
4  disclose that, during the course of the underlying litigation, the undersigned judge's son worked in
5  the City Attorney's Office. On this basis, Haynes moves to vacate the judgment pursuant to Rule
6  60(b)(4), (b)(6) and (d)(3). Rule 60(b)(4) allows the court to vacate a "void" judgment where
7  there was a substantial or jurisdictional defect which rendered the original judgment invalid and
8  legally ineffective. *See, e.g., United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271
9  (2010) (holding that "Rule 60(b)(4) applies only in the rare instance were a judgment is premised
10 either on a certain type of jurisdictional error or on a violation of due process that deprives a party
11 of notice or the opportunity to be heard.") Under Rule 60(b)(6), the Court may grant relief "in
12 extraordinary circumstances" and only when such vacatur is necessary to accomplish justice. *See,
13 e.g., Ackermann v. United States*, 340 U.S. 193, 199 (1950). Lastly, under Rule 60(d)(3), a court
14 may vacate a judgment where fraud on the court involves "an unconscionable plan or scheme
15 which is designed to improperly influence the court in its decision." *Pumphrey v. K.W. Thompson
16 Tool Co.* 62 F.3d 1128, 1131 (9th Cir. 1995). The fraud must be established by clear and
17 convincing evidence and must go "to the central issue in the case" and "affect the outcome of the
18 case." *England v. Doyle*, 281 F.2d 304, 310 (9th Cir. 1960); *United States v. Estate of Stonehill*,
19 660 F.3d 415, 452, 448 (9th Cir. 2011).

20 Here, the Court finds that Haynes' motion to vacate the judgment is not based on any
21 extraordinary circumstances which render the judgment void, either by jurisdictional error or by
22 fraud on the court. Rather, the fact of the judge's son's employment with the City Attorney's
23 Office presented no conflict or cause for questioning the judge's impartiality. An opinion letter
24 dated November 15, 2013, from the Committee on Codes of Conduct of the Judicial Conference of
25 the United States found that, based on all of the circumstances, the mere fact that the son worked
26 for the City Attorney's Office did not require recusal and the evidence did "not lead the
27 Committee to conclude that [Judge White's] impartiality might reasonably be questioned." (Dkt.
28 No. 381-3 at 39.) The undersigned did not share with his son any of the matters against the City

4

pending before him and was not biased in any way by his son's employment status. There is no colorable claim that the fact of his son's employment renders the judgment in this matter void. Haynes has made this claim unsuccessfully before. Again, absent any other reason to vacate the judgment, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: October 3, 2023

_____
JEFFREY S. WHITE
United States District Judge